DOCKET NO. 12-4311

# IN THE UNITED STATES DISTRICT COURT OF APPEALS FOR THE THIRD CIRCUIT

==============================

KENNETH J. TAGGART,

Appellant



v.

Norwest Mortgage Inc. et al,

Appellee

On Appeal from Final Order, October 23, 2012 in the United States District Court for the Eastern District of Pennsylvania

2:09-CV-01281-MAM

## **BRIEF FOR APPELLANT, KENNETH J. TAGGART**

Kenneth J. Taggart
Heron Drive
Holland, PA  18966
(215) 774-1585

March 11, 2013

# TABLE OF CONTENTS

Appendix ii

Table of Authorities iii

Statement of Jurisdiction 1

Statement of Issues 2

Summary of Case 3

The Course Proceedings 4

Issues in Case

1st   Issue 6
2nd   Issue 14
3rd   Issue 18
4th   Issue 20
5th   Issue 23

Statement of Standard for Review 25

Conclusion & Request for Oral Argument 26

# <u>VOLUME I - APPENDIX</u>

1.    Notice of Appeal .... ……………………………….........Exhibit "A"

2.    Certification of Service……….. …………………..……...Exhibit "B"

3.    Final Order from the United States District
      Court for the Eastern  District of  Pennsylvania
      dated: October 23,2012...................................................... Exhibit "C"

4.    Order Granting Motion to Dismiss from the
      United States District Court for the Eastern
      District of  Pennsylvania dated: June 18,2010……………Exhibit "D"

5.    Order Granting Motion to Dismiss from the
      United States District Court for the Eastern
      District of Pennsylvania dated: January 11, 2010………...Exhibit "E"

# TABLE OF AUTHORITIES

## Federal Laws

Section 1635 (a) of TILA……………………………………………………………………..6

Section 1635(f) and Regulation "Z"……………………………………………………..6,7

12 C.F.R.  226.23(a) (3)…………………………………………………………………….6

12 C.F.R.  226.23(a), n. 48. …………………………………………………………….…7

12 C.F.R  226.32(c) and (d)…………………………………………………………….…7

12 C.F.R.  226.19 (b)……………………………………………………………………..…7

12C.F.R. 2601 *et seq*…… …… …… …… …… …… …… …… …… …… …… …… …… …… ..8

12C.F.R  226.5b…………………………………………………………….‾……...8

12C.F.R  226.30………………………………………………………………………12

*U.S.C. 1632(a)*, 26.5(a)(1)……………………………………………………………….13

15 U.S.C. § 1640(e)………………………………………………………………..…….15

15 U.S.C. § 1638(b)(1)………………………………………………….…………………15

 12 C.F.R. § 226.17(b). ……………………………………………………..…………….15

12 C.F.R. § 226.2(a)(13);………………………………………………………..…………15

15 U.S.C. 1602(u) …………………………………………………………………………21

## Cases:

See McCutcheon v. America's Servicing Co., 560 F. 3rd 143, 150 n.6 (3rd Cir 2009)......7

*Clement v. American Honda Finance Corp.*145 F. Supp. 2nd 206,210 ( D Conn. 2001) .13

*Edmonston v. Allen-Russell Ford, Inc*, 577 F. 2nd 291, 296 (5th Circuit.1978),..........13

*Smith v. Cash Store Mgmt*, 195 F3rd 3 25, 328 (7t Circuit1999).............................13

*Smith v. Fidelity Consumer Discount Company*, 898 F. 2nd 896,898 (3rdCircuit 1990).14

Smith v. Chapman, 164 F. 2nd 968 , 977 .......................................................14

( 5th Circuit 1980). *& Able v Mid Penn Consumer Discount. 77 B.R. 460, affirmed* S45 F 2nd 1009. ....................................................................14.  .

*Huff v Steward - Gwinn Furniture Company* 713, F 2nd 67,69 (4th Circuit 1983),..14

*Washington v. Ameriquest Mortgage Company 2006* W. L. 1980201 (N.D. 111). *14*

*In re Filder, 210 B.R. 411* ( D. Mass. 1997). .......................................14

Smith v. Fid. Consumer Disc. Co., 898 F.2d 896, 903 (3d Cir.1990)...................15

Bartholomew v. Northampton Nat'l Bank, 584 F.2d 1288, 1296 (3d Cir. 1978).........15

Wenglicki v.Tribeca Lending Corp., No. 07-4522, slip op. at 8(E.D. Pa. July 22,2009).15

Roche v. Sparkle City Realty, No. 08-2518, 2009 WL 1674417, at *2 (E.D. Pa. June 12, 2009) ..........................................................................15

Ramadan, 156 F.3d at 504...............................................................16

Karen V. CAPPUCCIO, v. PRIME CAPITAL FUNDING LLC,

649 F.3d 180 (2011) 3rd Cir,..........................................................19

*MARR v. BANK OF AMERICA, 11-1424,* December 6, 2011, 7th Cir ......................19

*Payne v. Equicredit, No. 00-6442, slipop. at 10-11* ( E.D Pa April 12, 2002). ..........19

*Belmont v. Associates Bank*, 119 F. Supp, 2nd 149,159 (E.D. N.Y.. 2000). ...............20

*Kramer v. Dunn,* 749 A. 2nd 984,989 (Pa Supp 2000), ………………………………...20

*McIntosh v. Irwin Union Bank & trust Co.*215 F.R.D. 26,30 (D Mass 2003), ……....20

*Rotella v.Wood,* 528 U.S. 549,120 S. Ct 1075,145 L. Ed 2nd 1047 (2000),…...……..20

*Andrews v. Chevy Chase Bank* (E.D. WIS. Jan 16,2007), …………………….………20

*Baily v. Glover, 88 U . S .* (21 wall) 342, 347 (1874), …………………………………..20

*Osterneck v. ET Berwick Ind,* 825 F 2nd 1521, 1535 (11th Circuit. 1987). *Aff'd,*.....20

*Osterneck        v. Ernst & Whitney,* 489 U. S. 169 (1989)……………………………..20

U. S. Supreme Court , *Holmberg v. Armbrecht,* 327 U. S. 392 ( 1946). ………..24

Hill v. GFC Loan Co. 2000. U.S. Dist. Lexus 4345 (N.D. ILL. Feb 5, 2000)…….....25

*Herrara v. North & Kimball Group, Inc.* 2002 WL 253019 ………………………..25

(N.D. ILL. Feb 20,2002). B. *Platsky v.CIA* 953 F.2ND 252628 (2ND CIR 1991)…..25

*Brown v. Mortgage Star.* 194 F. Supp 2 nd 273 (S.D. W Va 2002)………………...25


The booklet titled *Consumer Handbook on Adjustable Rate Mortgages* published by

the Board and the Federal Home Loan Bank Board………………………………9

## STATEMENT OF JURISDICTION

This appeal is taken from the "Final Order" issued by The District Court for The Eastern District of Pennsylvania on October 23, 2012. The Third Circuit Court of Appeals has the Authority to hear timely appeals from "Final Orders" issued by The District Court for The Eastern District of Pennsylvania. A timely "Notice of Appeal" was made by the Appellant on November 21, 2012:

1

## STATEMENT OF THE ISSUES

I.   Whether all required *material disclosures* regarding Appellants adjustable rate mortgage loan *received*. Also, whether *material disclosures* were *timely received* by Appellant.

   *Appellant disputes that material disclosures were provided prior to consummation, or settlement of the loan. Analysis of McCutcheon  v America's Servicing Company (3rd Cir 2009)*

II.  Whether Required Material Disclosures were timely made to Appellant under TILA & RESPA

III  Whether the *"Rebuttable Presumption"* that all material disclosures were received by Appellant was made or disputed by Appellant. Also, whether presumption of *timely receipt of disclosures was disputed* or made by Appellant.

   *Appellant contends he asserted a rebuttable presumption of receipt of material disclosures. Appellant disputes that material disclosures were timely provided; Appellant  asserts material disclosures were made after consummation, or settlement of the loan. Full material disclosure & Adjustable Rate material disclosures were not timely made as well... provided after settlement.*

IV.  Whether other required material disclosures under Truth-In-Lending & Real Estate Settlement and Procedures Act were provided under 15 U.S.C. Section 1602(u)

V.   Whether Truth-In-Lending & Real Estate Settlement and Procedures Act *claims should be equitably tolled*?

2

# SUMMARY OF THE CASE

Appellant is appealing the dismissal of his Truth-in-Lending and Real Estate Settlement & Procedures Act claims regarding the mortgage loan that was originated on his primary residence on September 15, 2006. Appellant is citing that some material disclosures were not provided to him in a timely manner, and some material disclosures were not provided at all. Appellant has pled and provided evidence that he did not timely receive all material disclosures until after consumption of the loan. The appellant clearly presented a rebuttable presumption that disclosures were received.

The District Court cited material disclosures that were required to be provided to appellant under The Truth-In-Lending Act & Settlement & Procedures Act, but the ambiguously stated that they were not required Pursuant to case law of the 3rd Circuit Court. The claims were dismissed despite the lack of full material disclosure prior to consumption of Appellants adjustable rate mortgage loan.

Finally, due to the *lack of material disclosures, and* the *timing* of material disclosures, the *statute of limitations for damages & rescission under TILA*, should be extended up to 3 years as provided by Truth-In-Lending Statutes.

**3**

## COURSE PROCEEDINGS

1.  February 24, 2009.... Appellant filed claims in District Court of
    Bucks County Pennsylvania. Claims made for , inter alia, Truth-In-
    Lending, Real Estate Settlement Procedures Act violations.

2.  March 24, 2009......Appellee removed the case to The District Court
    for The Eastern District of Pennsylvania. (doc #1)

3.  July 7, 2009......Appellant filed an amended complaint (doc #9)

4.  July 20, 2009......Appellees filed a Motion to Dismiss (doc #10)

5.  September 21, 2009...... Appellant filed a Cross Motion/Rebuttal
    To Motion to Dismiss (doc #17)

6.  January 12, 2010......... Order dismissing Appellants claims in Part.
    One claim not dismissed was later withdrawn and not being appealed.
    The court allowed the refilling of TILA & RESPA claims that were
    dismissed.  Order & Memo. (doc #19 & #20).

7.  April 12, 2010..........Appellant filed a 2nd Amended Complaint filed
    by Appellant. (doc #27)

8.  April 21, 2010......Appellee filed a Motion to Dismiss 2nd Amended
    Complaint. (doc #27)

9.  June 18, 2010.......Motion to dismiss granted in Part. All of
    Appellants Truth-in-Lending & RESPA claims dismissed except one
    RESPA servicing claim. (doc #32).. Order & Memo

10. July 16, 2010.....Appellant filed a motion to reconsideration to claims
    dismissed on June 18, 2010. (doc #42)

11. July 13, 2010....Reconsideration denied for reconsideration of #42

**4**

12.    October 22, 2012 ....Appellee *voluntarily withdrew* his remaining
       RESPA Claim *in order to proceed with an Appeal of the Final Order*
       (doc #184)

13.    October 23, 2012.....Order dismissing case all claims with Final Order
       (doc #185)

14.    November 21, 2012......Appellee files "Notice of Appeal" with the
       court.

# STATEMENT OF THE ISSUES

The issues that Appellant would like the Third Circuit of Appeals to consider are:

## I)     1st ISSUE

The District Court of Eastern Pennsylvania , dismissed Truth-In-Lending Claims on January 11,2010. The court erred in its opinion when it cited that all material disclosures were provided to Appellant. The court failed to consider that all disclosures that were required to be provided to the appellant on his adjustable-rate mortgage loan.  See opinion.

*Opinion of Court dated January 11, 2010*

**The court stated in its opinion, page 14 ,1.  Rescission**:

The defendants move to dismiss the plaintiff's claims for rescission under TILA. See Def' Mot. To Dismiss at 12-13. Section 1635 (a) of TILA provides that a consumer has a general right to rescind a loan transaction within three days following the consummation of the transaction or the delivery of certain material disclosures and a borrowers right to rescind the loan. Section 1635(f) and Regulation "Z"., the TILA's implementing regulation, provide that if material disclosures or the notice of the right to rescind are not provided to the borrower, a loan can be rescinded for up to a maximum of 3 years after the loan closing. See 12 C.F.R. 226.23(a) (3). Regulation "Z" states that the following are to be

considered material disclosures: the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in 226.32(c) and (d). 12 C.F.R.  226.23(a), n. 48.

When a loan includes a variable rate feature, as the plaintiff's loan does, the TILA also requires additional disclosures. See C.F.R. 226.19 (b). The Court of appeals for the 3rd circuit, however, has stated that the only required "material disclosures" with respect to variable rate nature of a mortgage are notification that the interest rate and monthly payment may increase and the amount of the single maximum monthly payment. See McCutcheon v. America's Servicing Co., 560 F. 3rd 143, 150 n.6 (3rd Cir 2009).

The plaintiff alleges in his TILA counts that the defendants failed to deliver the material disclosures. See Am. Compl. at paragraphs 84,89,94,99 and 119. The defendants, however, provide the required Truth-In-Lending Disclosure Statement & Notice of right to Cancel as attachments to their motion. See  Def's Mot to Dismiss at 12-13 and  Ex. N & O.  The Truth-In- Lending Disclosure Statement lists, in plain language, all of the material disclosures required under Regulation "Z".[1]  The Notice of  right to cancel also complies with the TILA's requirements. Because the defendants' documents show that all material disclosures were delivered, the plaintiff has not pled facts sufficient to create a plausible argument that he has the right to rescind the loan.

*7*

---

Although 1635 (f) provides that written acknowledgement of receipt of any disclosures required under the statute create only a rebuttable presumption of delivery thereof, the court finds that the plaintiff could not rebut the clear statements provided in these disclosure forms.

***Required Material Disclosures <u>not</u> provided to Appellant.***

    ***The Appellee failed to provide disclosures pursuant TILA 226.19(b),***

    *(Except for its Regulation Z disclosure & Right of Rescission Notice*

    *provided at settlement- see Exhibits "G" & "H").*

    **Required Material disclosure under TILA § 226.19 are:**

**§ 226.19** Certain mortgage and variable-rate transactions. (a) *Mortgage transactions*

*subject to RESPA—(1)(i) Time of disclosures.* In a mortgage transaction subject to the

Real Estate Settlement Procedures Act (12 U.S.C. 2601 *et seq.*) that is secured by the

consumer's dwelling, other than a home equity line of credit subject to § 226.5b or

mortgage transaction subject to paragraph (a)(5) of this section, the creditor shall make

good faith estimates of the disclosures required by § 226.18 and shall deliver or place

them in the mail not later than the third business day after the creditor receives the

consumer's written application. (4) *Notice.* Disclosures made pursuant to paragraph (a)(1)

or paragraph (a)(2) of this section shall contain the following statement: "You are not

required to complete this agreement merely because you have received these disclosures

or signed a loan application." The disclosure required by this paragraph shall be grouped

together with the disclosures required by paragraphs (a)(1) or (a)(2) of this section

 (b) *Certain variable-rate transactions.* 45a If the annual percentage rate may increase

after consummation in a transaction secured by the consumer's principal dwelling with a

term greater than one year, the following disclosures must be provided at the time an

application form is provided or before the consumer pays a non-refundable fee,

whichever is earlier: 45b

**Footnote(s):** 45a Information provided in accordance with variable-rate regulations of other federal agencies may be substituted for the disclosures required by paragraph (b) of this section.

---

**Footnote(s):** 45b Disclosures may be delivered or placed in the mail not later than three business days following receipt of a consumer's application when the application reaches the creditor by telephone, or through an intermediary agent or broker.

---

(1) The booklet titled *Consumer Handbook on Adjustable Rate Mortgages* published by the Board and the Federal Home Loan Bank Board, or a suitable substitute. (2) A loan program disclosure for each variable-rate program in which the consumer expresses an interest. The following disclosures, as applicable, shall be provided: (i) The fact that the interest rate, payment, or term of the loan can change. (ii) The index or formula used in making adjustments, and a source of information about the index or formula. (iii) An explanation of how the interest rate and payment will be determined, including an explanation of how the index is adjusted, such as by the addition of a margin. (iv) A statement that the consumer should ask about the current margin value and current interest rate. (v) The fact that the interest rate will be discounted, and a statement that the consumer should ask about the amount of the interest rate discount. (vi) The frequency of interest rate and payment changes. (vii) Any rules relating to changes in the index, interest rate, payment amount, and outstanding loan balance including, for example, an explanation of interest rate or payment limitations, negative amortization, and interest rate carryover. (viii) At the option of the creditor, either of the following: (A) A historical example, based on a $10,000 loan amount, illustrating how payments and the loan

9

balance would have been affected by interest rate changes implemented according to the terms of the loan program disclosure. The example shall reflect the most recent 15 years of index values. The example shall reflect all significant loan program terms, such as negative amortization, interest rate carryover, interest rate discounts, and interest rate and payment limitations, that would have been affected by the index movement during the period.

(B) The maximum interest rate and payment for a $10,000 loan originated at the initial interest rate (index value plus margin, adjusted by the amount of any discount or premium) in effect as of an identified month and year for the loan program disclosure assuming the maximum periodic increases in rates and payments under the program; and the initial interest rate and payment for that loan and a statement that the periodic payment may increase or decrease substantially depending on changes in the rate. (ix) An explanation of how the consumer may calculate the payments for the loan amount to be borrowed based on either: (A) The most recent payment shown in the historical example in paragraph (b)(2)(viii)(A) of this section; or (B) The initial interest rate used to calculate the maximum interest rate and payment in paragraph (b)(2)(viii)(B) of this section. (x) The fact that the loan program contains a demand feature. (xi) The type of information that will be provided in notices of adjustments and the timing of such notices. (xii) A statement that disclosure forms are available for the creditor's other variable-rate loan programs. (c) *Electronic disclosures.* For an application that is accessed by the consumer in electronic form, the disclosures required by paragraph (b) of this section may be provided to the consumer in electronic form on or with the application.

**10**

**The court's Opinion is Ambiguous;**

It cites that disclosures are required to be provided to Appellant under TILA 226.19 (b) as required by TILA. *The Court cites that* : *"however, has stated that the only required "material disclosures" with respect to variable rate nature of a mortgage are notification that the interest rate and monthly payment may increase and the amount of the single maximum monthly payment. See McCutcheon v. America's Servicing Co., 560 F. 3rd 143, 150 n.6 (3rd Cir 2009)".* The court's opinion is ambiguous and clearly ignores the fact that material disclosures are required by TILA. These TILA *material disclosures* are required by TILA because congress clearly saw a need for these disclosures to be required to have a full understanding of the mortgage loans it applied to. All material disclosures required under TILA-RESPA should have been provided to Appellee prior to consumption.

***In McCutcheon,***

**The court also failed to consider  required material disclosures under**

**226.32(c) and (d). 12 C.F.R.  226.23(a), n. 48".**

*Opinion of Court dated January 11, 2010*

**The court stated in its opinion, page 14 ,1.  Rescission**

11

"Regulation "Z" states that the following are to be considered material disclosures: the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in 226.32(c) and (d). 12 C.F.R. 226.23(a), n. 48".

**The court erred,** when it failed to consider the limitations referred to in: 226.32(c) and (d). 12 C.F.R. 226.23(a), n. 48"

The court failed to recognize material adjustable rate disclosures required under 226.32(c) (4) *Variable-rate.* For variable-rate transactions, a statement that the interest rate and monthly payment may increase, and the amount of the single maximum monthly payment, based on the maximum interest rate required to be disclosed under § 226.30.

"§ 226.30 A creditor shall include in any consumer credit contract secured by a dwelling and subject to the act and this regulation the maximum interest rate that may be imposed during the term of the obligation (a) In the case of closed-end credit, the annual percentage rate may increase after consummation"

The court cited 12 C.F.R. 226.23(a), n. 48

**"Footnote(s):** 48 The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32 (c) and (d)"

**12**

**Limitations to "§ 226.32 (c) and (d)" that apply** to the mortgage loan in question are:

(c) *Disclosures.* In addition to other disclosures required by this part, in a mortgage subject to this section, the creditor shall disclose the following in conspicuous type size:

(1) *Notices.* The following statement: ''You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.''

(2) *Annual percentage rate.* The annual percentage rate.

(4) *Variable-rate.* For variable-rate transactions, a statement that the interest rate and monthly payment may increase, and the amount of the single maximum monthly payment, based on the maximum interest rate required to be disclosed under § 226.30.

§ 226.30 A creditor shall include in any consumer credit contract secured by a dwelling and subject to the act and this regulation the maximum interest rate that may be imposed during the term of the obligation 50 when: (a) In the case of closed-end credit, the annual percentage rate may increase after consummation

## Legal Argument to Lack of Full and Complete disclosure of Meterial

## Disclosures.

Full compliance is imperative under *TILA & RESPA , Clement v. American Honda Finance Corp.*145 F. Supp. 2nd 206,210 ( D Conn. 2001). The disclosures must be made clearly and conspicuously , *15 U.S.C. 1632 (a). TILA & RESPA* call for disclosures to be made in a manor that is reasonable to understand by ordinary persons. *Edmonston v. Allen-Russell Ford, Inc*, 577 F. 2nd 291, 296 (5th Circuit.1978), *Smith v. Cash Store Mgmt*, 195 F3rd 3 25, 328 (7th Circuit 1999). Required disclosures must be clear and conspicuous, *U.S.C. 1632(a),* 226.5(a)(1) ,

**13**

Only 1 simple violation of *TILA & RESPA* need be proven to hold defendant liable, *Smith v. Fidelity Consumer Discount Company*, 898 F. 2nd 896,898 (3[rd]Circuit 1990*) TILA & RESPA* must be followed strictly. Smith v. Chapman, 164 F. 2nd 968 , 977 ( 5th Circuit 1980)*. & Able v Mid Penn Consumer Discount.* 77 B.R. 460*, affirmed* S45 F 2nd 1009. Even minor violations of *TILA & RESPA* a re wrong. *Huff v. Steward - Gwinn Furniture Company* 713, F 2nd 67,69 (4th Circuit 1983)*, also, Washington v. Ameriquest Mortgage Company 2006* W. L. 1980201 (N.D. 111). Respondents failed to disclose properly and accurately the requirements of variable rate loans, this entitles statutory and actual dam- ages and also rescission right. *In re Filder, 210 B.R. 411* ( D. Mass. 1997)*. Specific disclosures are required for variable rate loans. Reg Z 226.19(b)(2)(iv). Subsequent disclosures are required for variable rate loans. Reg "Z" 226.19 (b) (2). Notice of the adjusted payment amount, interest rate, index rate, and loan balance is required to Disclose to the borrower in a timely manner. Reg"Z" 226.20(c)(1)-(4).*

## II.     2nd ISSUE

Additionally, all required material disclosures must be made before consummation; None of the material disclosures were made to Appellant before consummation. Appellant has clearly pled and provided evidence that they were received after closing & consummation of the loan.

**14**

*Opinion of Court dated January 11, 2010*

### The court stated in its opinion, page 16 , 2.  <u>Damages</u>:

The defendants also move to strike the plaintiff's claims for damages under the TILA because they were not brought within the one-year statute of limitations period. See Defs' Mot. to Dismiss at 12 n.10. An action for damages under the TILA must be commenced within one year of the occurrence of the violation. 15 U.S.C. § 1640(e); Smith v. Fid. Consumer Disc. Co., 898 F.2d 896, 903 (3d Cir. 1990). The TILA requires that disclosures be made before "credit is extended" to the consumer. See 15 U.S.C. § 1638(b)(1). In other words, and as explained by the relevant regulation, the required disclosures must be made "before consummation of the transaction." 12 C.F.R. § 226.17(b). A transaction is "consummated" when "the consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); see also, e.g., Bartholomew v. Northampton Nat'l Bank, 584 F.2d 1288, 1296 (3d Cir. 1978); Wenglicki v. Tribeca Lending Corp., No. 07-4522, slip op. at 8 (E.D. Pa. July 22,2009);  Roche v. Sparkle City Realty, No. 08-2518, 2009 WL 1674417, at *2 (E.D. Pa. June 12, 2009). Here, the plaintiff signed the loan at issue on September 15, 2006. He brought his claim over two-years later, on February 24, 2009. The plaintiff's claim for damages under the TILA is therefore time barred.

The plaintiff, however, argues that the doctrine of equitable tolling also applies to his TILA claims. See Pl.'s Cross-Mot. at 10. The Court of Appeals for the Third Circuit has held that equitable tolling is available under TILA. See

**15**

Ramadan, 156 F.3d at 504. The Court, however, finds that the plaintiff has not stated sufficient facts to show that he has a plausible claim for equitable tolling under TILA. Nor has the plaintiff shown that he has been prevented in some extraordinary way from asserting his rights or that he had timely asserted his rights in the wrong forum. As with his claims under RESPA, the plaintiff has not alleged any facts describing specific acts of concealment by the defendants. The Court, however, grants the plaintiff leave to amend his complaint under Rule 15 to assert specific facts that would show that the defendants intentionally misled him and that he exercised reasonable diligence in investigating these misrepresentations.

## Legal Argument Regarding Disclosure & Receipt of Disclosures

## Rebuttable Presumption of Receipt

### *The Court erred in its opinion regarding receipt of disclosures.*

The court correctly stated on Page 16. 2., Opinion January 12, 2010 (Exhibit "E") for damages claim that,

"The TILA requires that disclosures be made before "credit is extended" to the consumer. See 15 U.S.C. § 1638(b)(1). In other words, and as explained by the relevant regulation, the required disclosures must be made "before consummation of the transaction." 12 C.F.R. § 226.17(b)".

**16**

### *The court erred when:*

*The court asserted all disclosures were made by Lender*

The court asserted that the material disclosures were made by stating in its opinion dated :January 12, 2010 (Exhibit "E") for damages claim that:

> "The plaintiff alleges in his TILA counts that the defendants failed to deliver the material disclosures. See Am. Compl. at paragraphs 84,89,94,99 and 119. The defendants, however, provide the required Truth-In-Lending Disclosure Statement & Notice of right to Cancel as attachments to their motion. See Def's Mot to Dismiss at 12-13 and Ex. N & O. The Truth-In- Lending Disclosure Statement lists, in plain language, all of the material disclosures required under Regulation "Z".[2] The Notice of right to cancel also complies with the TILA's requirements. Because the defendants' documents show that all material disclosures were delivered, the plaintiff has not pled facts sufficient to create a plausible argument that he has the right to rescind the loan."

The court cited Exhibits "N" & Exhibit "O" , which provided **1)** The Truth-In- Lending Disclosure Statement lists, in plain language, all of the Material disclosures required under Regulation "Z", and **2)** The Notice of "right to cancel".

**17.**

---

Although 1635 (f) provides that written acknowledgement of receipt of any disclosures required under the statute create only a rebuttable presumption of delivery thereof, the court finds that the plaintiff could not rebut the clear statements provided in these disclosure forms.

### III.    3rd ISSUE.        **Rebuttable Presumption of Receipt**

### *This argument fails as a matter of law*

The "Truth-In- Lending Disclosure Statement" lists all of the material disclosures, but refers to ***"adjustable rate disclosures already received"….but actually never received at the time of consummation.*** The *adjustable rate disclosures were made part of the "Truth-In-Lending Disclosure Statement", but not received until after consummation.* Appellant has pled and provided evidence that these adjustable rate disclosures were not provided until after consummation. The only disclosure provided regarding adjustable rates mortgages prior to consummation was  verbally provided to Appellant by the loan broker;  It was later discovered that the loan brokers disclosure of adjustable rate terms were not what was in the mortgage loan.


### The *court erred* in its opinion.

*Material disclosures were received after settlement & consummation of loan*

The Appellant provided evidence that the material disclosures required to be provided were received after the consummation of the or settlement of the mortgage loan which occurred on September 16, 2006. Appellant provided a copy of the envelope in the complaint which indicates

**18**

when the disclosures were purportedly mailed. The post mark on the

disclosure showed that it was purportedly mailed just before settlement on

September 5, 2006[3] and Appellant asserted that the material disclosures

were received on September 20, 2006... 4 days after settlement of appellants

loan ( Exhibit "F"). No disclosures that were required to be provided to be

appellant within 3 days of loan application were provided or received until

after settlement and consumption of mortgage loan.

### Legal Argument –Rebuttable Presumption of Disclosure

The borrowers testimony by itself is enough to overcome

presumption to overcome disclosure. Recent decisions by the 3rd Circuit as

well as the 7th Circuit confirm this. <u>Karen V. CAPPUCCIO, Appellant</u>

<u>v. PRIME CAPITAL FUNDING LLC, 649 F.3d 180 (2011)</u> 3rd Cir ,

<u>*MARR v. BANK OF AMERICA, 11-1424,*</u> December 6, 2011, 7th Cir

TILA creates a rebuttable presumption that the disclosure where there is "written

acknowledgement of receipt of any disclosures by a person to whom such information is

to be provided. *15 U.S.C. 1638(a)(3) and (a)(4). The burden of proof is on the*

*Respondents (Lender) to show proof of all compliance of disclosures, Payne v.*

19

---

[3] The post mark appears to be from a mailing machine in which it is post marked at the place of business. It does not provide evidence that this was actually mailed on September 5,2006. It was not stamped by the Post Office; Therefore, there is no proof when it was actually mailed.

*Equicredit, No. 00-6442, slipop. at 10-11* ( E.D. Pa April 12, 2002). Respondents have shown no proof of compliance. *Proof must be shown when charges are alleged.* Provisions must be construed liberally in favor of consumer, *Belmont v. Associates Bank,* 119 F. Supp, 2nd 149,159 (E.D. N.Y.. 2000).

### Discovery Case law

Appellant cites extensive case law for the *discovery rule*: *Kramer v. Dunn,* 749 A. 2nd 984,989 (Pa Supp 2000), *McIntosh v. Irwin Union Bank & trust Co.*215 F.R.D. 26,30 (D Mass 2003), *Rotella v. Wood*, 528 U.S. 549,120 S. Ct 1075,145 L. Ed 2nd 1047 (2000), *Andrews v. Chevy Chase Bank* (E.D. WIS. Jan 16,2007), *Baily v. Glover, 88 U . S .* (21 wall) 342, 347 (1874), *Osterneck v. ET Berwick Ind*, 825 F 2nd 1521, 1535 (11th Circuit. 1987). *Aff'd, Osterneck v. Ernst & Whitney,* 489 U. S. 169 (1989).

## IV.     4th ISSUE

**The court failed to cite the lack of receipt or timely disclosure of material disclosures as defined by TILA section 15 U.S.C. 1602 (u)**

*Appellant received no material disclosures under TILA section prior to consumption of his mortgage loan.*

### Disclosures Required by Truth-In-Lending & The Real Estate Settlement Procedures Act

15 U.S.C. 1602(u) The term ''material disclosures'' means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

**1639 (a) Disclosures**

**(1) Specific disclosures** In addition to other disclosures required under this subchapter, for each mortgage referred to in section 1602(aa) [1] of this title, the creditor shall provide the following disclosures in conspicuous type size: (A) "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.".(B) "If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.".

**(2) Annual percentage rate** In addition to the disclosures required under paragraph (1), the creditor shall disclose—(A) in the case of a credit transaction with a fixed rate of interest, the annual percentage rate and the amount of the regular monthly payment; or(B) in the case of any other credit transaction, the annual percentage rate of the loan, the amount of the regular monthly payment, a statement that the interest rate and monthly payment may increase, and the amount of the maximum monthly payment, based on the maximum interest rate allowed pursuant to section 3806 of title 12.

**21**

***None of the adjustable rate disclosures were received in this section as defined by TILA, as "Material", were received prior to consumption by Appellant***

The court in its opinion clearly showed that it simply relied upon what statements Appellee made in its Mot. to Dismiss and documents the Appellee provided to the court (Ex. "O" & "N") in the Mot. to Dismiss. Statements from the Appellee of compliance and the Ex. "O" & "N" in the Mot. to Dismiss are not enough to prove it complied. Furthermore, Appellant clearly asserted and created a rebuttable presumption of non-compliance of TILA in his pleadings and documents provided. (see Exhibits "G" &"H" ).

It did not acknowledge Appellants statements and pleadings in the case that: "he did not receive all of the required material disclosures, terms of the loan", and that disclosures were not timely provided.

Rebuttable Presumption of disclosure.

1. Appellant asserted that all material disclosures were not provided to him prior to closing

**22**

2.    Pre- Disclosures that are required to be provided to Appellant,

either at time of application , or within 3 days of application were not

received until after closing. Appellant provided post mark of envelope

with disclosures and testimony, pleadings that the Pre-disclosures

were not provided until after closing. (See Exhibit "F" )


3.    Some Material Discloses & Material Adjustable Rate

Disclosures were never provided...... even after consumption.


## V.    5th ISSUE

Whether Appellant's claims were equitably tolled.


Plaintiff believes claims were equitably tolled for several reasons as

stated in sections I- IV.

If the required rescission notice or material TILA disclosures are not

delivered or if they are inaccurate, the consumer's right to rescind may be

extended from three days to as much as three years.  Appellant has given

Appellee notice on September 11, 2009 notifying them Appellant would like

to rescind the loan for TILA & RESPA violations and lack of full material

**23**

disclosure. The borrowers testimony  by itself  is enough to overcome

presumption to overcome disclosure.  Karen V. CAPPUCCIO, Appellant

v. PRIME CAPITAL FUNDING LLC, 649 F.3d 180 (2011) 3rd Cir ,

*MARR v. BANK OF AMERICA, 11-1424,* December 6, 2011, 7th Cir

### Legal Argument to Equitable Tolling

The 3rd circuit courts recent Decision in Sherzer vs Homestar (2013

3rd Cir). It states that equitable tolling is available up to 3 years if letter is

sent to notify lender of rescission. The appellant has sent Appellee a letter

Sept 11, 2006, within 3 years of consumption, notifying them he would like

to rescind the loan.  Equitable  tolling  must  be  read  into  every  federal

statute unless congress specifies otherwise,   U. S.  Supreme  Court ,

*Holmberg v. Armbrecht*,  327  U. S.  392  ( 1946).

Damages for TILA should also be extended as well. The date in which

Starts the time ticking  to toll TILA is when full material disclosures are

made. Appellee has not provided Appellant full material disclosure to date;

Therefore, the clock is still ticking to toll damages under TILA.

**24**

## STATEMENT OF STANDARD FOR REVIEW

**I.**     The court should use Pro Se Standards in reviewing this case.

A  Pro  Se  Appellant  *need  not   specify  a  specific* statute  *or*

*regulations*  that entitle him to relief.  *The  court will   examine  complaint*

*on  any  possible  theory,*    Hill   v. GFC Loan Co. 2000. U.S. Dist. Lexus

4345 (N.D.  ILL. Feb 5,2000).  *Response to motion can supplement*

*complaint, Herrara  v. North & Kimball Group, Inc*.  2002 WL 253019

(N.D. ILL. Feb  20,2002).   B.  *Platsky v. CIA* 953 F.2ND  252628 (2ND CIR

1991).  Specific  violations  do  not have  to  be  alleged  with  particularity.

*Brown  v. Mortgage  Star*.  194  F.  Supp 2nd  273 (S.D. W Va 2002)

**II.**     Sec. 1601 - Congressional Findings and Declaration of Purpose.

     (a)     Informed use of credit:

          The Congress finds that economic stabilization would be enhanced

and the competition among the various financial institutions and other firms

engaged in the extension of consumer credit would be strengthened by the

informed use of credit.  The informed use of credit results from an

awareness of the cost thereof by consumers.  It is the purpose of this

subchapter to assure a meaningful disclosure of credit terms so that the

**25**

consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

## Conclusion

The appellant  has pled and provided evidence that he did not receive material disclosures on his adjustable rate mortgage loan for the mortgage on his home. The 3rd circuit has recently rules that rescission may be tolled up to the years and that a borrower's letter is sufficient to overcome a rebuttable presumption of disclosure. Appellant has not received all material disclosures to this date ;  Appellant requests the court reverse the district court's decision and allow for rescission of his loan and request the court remand his case to the district court for damage claims on Appellees.

The appellant requests oral argument prior to final decision to better clarify Position in this case.

Respectfully  Submitted,

Kenneth Taggart

26

# EXHIBIT "A"



# United States Court of Appeals
# For The Third Circuit

**Notice of Appeal to a Court of Appeals from Judgment or Order(s) of a District Court**

United States District Court for the Eastern District of Pennsylvania

File No. 09 -1281 _File_

Kenneth J Taggart, Pro Se
45 Heron Rd
Holland, Pa 18966
Plaintiff: - Appellant

v.

Wells Fargo Home Mortgage, Inc.
Mac X2401-049
1 Home Campus
Des Moines, IA. 50328

Norwest Mortgage, Inc.
America's Servicing Company
Mac 2406-011
1 Home Campus
Des Moines, IA. 50328

Blank Rome
John Lucian
One Logan    Square
130 n 18th St
Philadelphia, Pa.19103

Deutsche Bank National Trust Company,
Trustee for Morgan Stanley ABS Capital I Inc.,
Trust 2007-HE2
                    et al,

and Does

Defendant(s),

**FILED**

**NOV 2 1 2012**

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Notice is hereby given that Kenneth J Taggart, Plaintiff, hereby appeals to The United States Court of Appeals For The Third Circuit from all "Order(s) " dated October 23,2012. Dockets #185)

Kenneth J Taggart, Pro Se                    November 20, 2012

Plaintiff

# EXHIBIT "B"

<u>Certificate of Service</u>

Case # 12-4311

The undersigned certifies that on March 11, 2013, he caused a copy of :

---

**Brief for Appellant**

---

to be delivered to the court via personal service and delivered via personal service and U S Postal Service to:

Blank Rome
Gregory Vizza
John Lucian
130 n 18th St
1 Logan Square
Philadelphia, Pa 19103
Council for Defendants

Kenneth J Taggart

March 11, 2013

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. TAGGART            :    CIVIL ACTION
                              :
        v.                    :
                              :
NORWEST MORTGAGE, INC.,       :
et al.                        :    No. 09-1281

## ORDER

AND NOW, this 23rd day of October, 2012, upon
consideration of the defendants' Motion for Summary Judgment (ECF
No. 183) and the plaintiff's notification that he has withdrawn
his claim under RESPA, the last remaining claim against the
defendants (ECF No. 184); and whereas there are no remaining
issues for this Court to decide; IT IS HEREBY ORDERED that the
case is dismissed with prejudice.  The Court notes that the
plaintiff has preserved his right to appeal the other claims that
the Court previously dismissed.

                         BY THE COURT:


                         /s/ Mary A. McLaughlin
                         MARY A. McLAUGHLIN, J.

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. TAGGART            :        CIVIL ACTION
                              :
            v.                :
                              :
NORWEST MORTGAGE, INC., et al. :        No. 09-1281

ORDER

AND NOW, this 18th day of June, 2010, upon
consideration of the defendants' Motion to Dismiss Second Amended
Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 27),
the plaintiff's Cross-Motion to Dismiss – Plaintiffs Rebuttal
(Docket No. 30), and the defendants' reply thereto, IT IS HEREBY
ORDERED that the defendants' motion to dismiss is GRANTED in part
and DENIED in part.

The pro se plaintiff brings several claims involving a
mortgage loan held on his property in Holland, Pennsylvania.  The
defendants are the current owner and servicer of the loan.  The
plaintiff alleges that the defendants are liable for violations
of several federal and state statutes arising out of the
formation and servicing of the loan.[1]

---

[1]    The second amended complaint alleges violations of the
following federal and state statutes:  the Real Estate Settlement
Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"); the Truth-
in-Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); the
Pennsylvania Unfair Trade Practices and Consumer Protection Laws,
73 P.S. § 201.1, et seq. ("UTPCPL"); the Fair Credit Reporting
Act, 15 U.S.C. § 1681, et seq. ("FCRA"); and the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCA").

In a Memorandum and Order dated January 11, 2010, the Court granted in part and denied in part the defendants' motion to dismiss the plaintiff's first amended complaint.[2]  The first amended complaint alleged claims against the defendants under thirty-nine counts.  The Court dismissed seventeen counts with prejudice and twenty-one counts without prejudice.  For all of the claims dismissed without prejudice, the Court found that the allegations in the first amended complaint failed to state claims upon which relief could be granted.  The Court, however, granted the plaintiff the opportunity to file a second amended complaint stating facts sufficient to state such claims.[3]

The plaintiff filed his second amended complaint on April 12, 2010.  It contains twenty-two counts alleging nearly identical claims to those made in the plaintiff's first amended complaint.  The second amended complaint does expand on the factual allegations made in the first amended complaint.  The factual allegations added to the second amended complaint, however, either (1) are redundant of allegations made in the first amended complaint or (2) fail to address the deficiencies

---

[2]    That motion, like the instant motion, was brought by defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), on behalf of all of the defendants.  All of the defendants are represented by the same counsel.

[3]    One count was dismissed in part, after the Court found that the plaintiff had stated facts sufficient to allege that the defendants reported derogatory entries regarding his loan to credit reporting agencies in violation of § 2605(e)(3) of TILA.

2

of the first amended complaint.

In the January 11 Memorandum, the Court held that several of the plaintiff's RESPA and TILA claims were barred by the applicable statutes of limitations. The Court, however, granted the plaintiff leave to amend his complaint to assert specific facts that would show that equitable tolling applied to those claims. Specifically, the plaintiff had leave to amend the complaint to show that the defendants intentionally misled him and that he exercised reasonable diligence in investigating these misrepresentations. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). The Court also allowed the plaintiff to amend his complaint to state specific facts sufficient to state a claim for common-law fraud or deception under the UTPCPL's catch-all provision, 73 P.S. § 201-2(4)(xxi).

The plaintiff has pled no such facts in the second amended complaint. Paragraph 19 lists the purported deceptive and misleading acts conducted by Decision One Mortgage Inc. ("Decision One"), the originator of the loan. Paragraph 20 lists the purported deceptive acts by the defendant American Servicing Company ("ACS") concerning the plaintiff's right to rescind his loan under TILA.

Virtually all of these allegedly deceptive acts were

3

included in the first amended complaint.[4]  For the reasons stated
in the January 11 Memorandum, these allegations are not
sufficient to trigger equitable tolling for the plaintiff's RESPA
or TILA claims or to state claims under the UTPCPL.

The only new allegations in the second amended
complaint concern Decision One's alleged failure to provide a
representative at closing and the alleged failure to disclose the
"Margin" on the loan prior to closing.  Such failures, however,
do not show that the defendants intentionally misled or deceived
the plaintiff.

The Court granted the plaintiff the opportunity to
amend his complaint to state facts showing that he fulfilled the
requirements of § 1681i(a)(2) of the FCRA by alleging that he
contacted a credit reporting agency to notify it of a dispute
regarding his loan.  The plaintiff was also permitted to amend
his complaint to state facts sufficient to allege that his loan
was in dispute at the time it was acquired by the defendants, as
required under the § 1692a(6)(F)(iii) of the FDCPA.  The second
amended complaint does not include these facts, and, therefore,
fails to state a claim under either the FCRA or FDCPA.

---

[4]     The plaintiff alleges that Decision One provided the
wrong disclosures, failed to provide certain disclosures at the
required times, and failed to disclose or concealed terms of the
loan.  The plaintiff also alleges that ACS misled him concerning
his right to rescind his loan.  These allegations all appeared in
the first amended complaint.

4

Because the plaintiff has failed to present any factual allegations sufficient to state a claim for any of the counts dismissed without prejudice in the Court's Memorandum and Order of January 11, 2010, the Court grants the defendants' motion to dismiss Counts 1-20 and 22 of the second amended complaint with prejudice.

Count 21 is dismissed in part.  For the reasons stated in the Court's January 11 Memorandum, the plaintiff's allegations stating a claim under § 2605(e)(3) of TILA, paragraphs 140 and 142 of the second amended complaint, remain.

BY THE COURT:


/s/Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

5

# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NORWEST MORTGAGE, INC., et al.: | | No. 09-1281 |

MEMORANDUM AND ORDER

McLaughlin, J.                                     January 11, 2010


        The pro se plaintiff brings this action involving a
mortgage loan held on his property in Holland, Pennsylvania.  He
alleges that the defendants, as successors to the original
lender, are liable for violations of several federal and state
statutes arising out of the formation and servicing of the loan.
He also claims that the defendants, as lenders, breached a
fiduciary duty owed to him as the borrower.

        The defendant Deutsche Bank National Trust Co.
("Deutsche Bank") currently owns the loan as part of a
securitized trust.  Defendant Wells Fargo Home Mortgage, Inc.
("Wells Fargo"), currently acts as servicer of the loan under its
trade name, America's Servicing Company ("ACS").  Wells Fargo
moves to dismiss all of the plaintiff's claims on behalf of all
of the defendants.[1]

_____

        [1]Wells Fargo avers that defendant Norwest Mortgage, Inc.
merged with Wells Fargo in 1998.  See Defs' Mot. to Dismiss at 2

The plaintiff filed the original complaint in the
District Court of Bucks County, Pennsylvania, on February 24,
2009.  Wells Fargo removed the case to this Court on March 24,
2009.  The plaintiff filed an amended complaint on July 7, 2009.
The amended complaint includes claims previously asserted in
separate state court actions.

The amended complaint lists 40 counts, although count
14 has been omitted.  Counts 1-9 and 39 of the amended complaint
allege violations of the Real Estate Settlement Procedures Act,
12 U.S.C. § 2601, et seq. ("RESPA").  Counts 10-13 and 18 allege
violations of the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.
("TILA").  Counts 15-17 and 19 allege violations of the Home
Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA").
Counts 20-22 allege that the defendants breached their fiduciary
duty to the plaintiff.  Counts 23-37 allege violations of the
Pennsylvania Unfair Trade Practices and Consumer Protection Laws,
73 P.S. § 201.1, et seq. ("UTPCPL").  Count 38 alleges violations
of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.
("FCRA").  Finally, count 40 alleges violations of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

The Court grants in part and denies in part the
defendants' motion to dismiss.

---

n.1.  All of the defendants are represented by the same counsel.

2

I.    Facts as Alleged in Amended Complaint

        The factual allegations made within the amended
complaint are sparse.  The plaintiff, Kenneth J. Taggart, alleges
that he applied for a mortgage on a single family residential
property he owned in Holland, Pennsylvania, on or about August
24, 2006.  The loan application was made through a company called
Community Lending.  The plaintiff alleges that Community Lending
then brokered the loan to Decision One Mortgage, Inc., who later
sold the loan to Wells Fargo/ASC.

        The plaintiff alleges that the original lender and
broker made various misrepresentations and failed to follow
proper procedures in settling the loan.  The amended complaint
also alleges that the defendants failed to follow proper
procedures in resolving disputes that have arisen over the loan.

II.   Analysis

        In their motion to dismiss, the defendants move to
dismiss all of the plaintiff's thirty-nine counts.  The
defendants' motion to dismiss is granted as to the plaintiff's
claims under counts 1, 3, 4, 7, 15, 16, 17, 19, 20, 21, 22, 27,
32, 33, 34, 36 and 37, and those claims are hereby dismissed with
prejudice.  The defendants' motion to dismiss is also granted as
to the plaintiff's claims under counts 2, 5, 6, 8, 9, 10, 11, 12,
13, 18, 23, 24, 25, 26, 28, 29, 30, 31, 35, 38 and 40, and those

3

claims are hereby dismissed without prejudice.  The defendants'
motion to dismiss count 39 is denied in part and granted in part.


A.   Legal Standard

Under Rule 8 of the Federal Rules of Civil Procedure, a
plaintiff's complaint must contain a "short and plain statement
of the claim showing that the pleader is entitled to relief."
Although detailed factual allegations are not required, a
plaintiff cannot satisfy Rule 8 merely by making "a formulaic
recitation of the elements of a cause of action" or "naked
assertions devoid of further factual enhancement."  Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In evaluating a motion to dismiss under Rule 12(b)(6),
a court must accept all well-pleaded facts as true, but should
disregard any legal conclusions; the court must then determine
whether the facts alleged are sufficient to show that the
plaintiff has a "plausible claim for relief."  Fowler v. UPMC
Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S.
Ct. at 1949).  A claim has facial plausibility when the plaintiff
pleads sufficient factual content to allow the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged.  See Iqbal, 129 S. Ct. at 1949.

4

B.    RESPA

In Counts 1-9 and 39 of the amended complaint, the
plaintiff alleges several violations of RESPA.  The defendants
move to dismiss all of the plaintiff's RESPA claims, on several
grounds.  The Court grants the defendants' motion to dismiss the
plaintiff's claims under counts 1, 3, 4, and 7 with prejudice,
grants the defendants' motion to dismiss the plaintiff's claims
under counts 2, 5, 6, 8 and 9 without prejudice, and denies in
part and grants in part the defendants' motion to dismiss count
39.

1.   Counts 1, 3, 4 and 7

In counts 1, 3, 4 and 7, the plaintiff alleges
violations of §§ 2603 and 2604 of RESPA.[2]  See Am. Compl. at 6,
7-9, and 10-11.  The defendants argue that the plaintiff's claims
under these counts should be dismissed because the statute
provides no private right of action under either §§ 2603 or 2604.
See Defs' Mot. to Dismiss at 5 n.4.

The Court agrees with the defendants.  The primary
source of a private right of action is the text of the statute

---

[2]Count 7 alleges that the defendants violated 24 C.F.R.
§ 3500.7 by failing to provide disclosures within three days
after the loan application.  See Am. Compl. at 10-11.  Section
§ 3500.7(i) provides that violations of that section are
considered to be violations of § 2604.

itself.  Am. Telephone and Telegraph v. M/V Cape Fear, 967 F.2d
864, 866 (3d Cir. 1992).  Section 2614 expressly provides a
private right of action for violations of only §§ 2605, 2607, and
2608 of RESPA.  Each of those sections has a provision that
expressly provides a private right of action.  See 12 U.S.C. §§
2605(f), 2607(d), and 2608(b).  No such right is created for §§
2603 or 2604.  Section 2614 does not mention §§ 2603 or 2604, and
neither of those sections specifically provides a private right
of action in the text.  A private right of action, therefore,
should not be implied under those sections.  Several courts have
reached a similar conclusion.  See, e.g., Brophy v. Chase
Manhattan Mortg. Co., 947 F. Supp. 879, 882 (E.D. Pa. 1996).


                2.    Counts 2, 5, 6, 8 and 9

          In counts 2, 5, 6, 8 and 9, the plaintiff alleges that
the defendants violated § 2607 by charging and failing to
disclose unearned fees.  See Am. Compl. at 9-10, 11-12.  The
defendants argue, among other things, that the plaintiff's claims
under these counts were not timely filed.  The Court finds that
the plaintiff's claims under these counts are time-barred.

          Under 12 U.S.C. § 2607, no person may give or accept
any portion, split, or percentage of any charge made or received
for the rendering of a real estate settlement service in
connection with a transaction involving a federally related

                               6

mortgage loan other than for services actually performed.   In
addition, no person may give or accept any fee, kickback, or
thing of value pursuant to any agreement incident to or a part of
a real estate settlement service shall be referred to any person.
See 12 U.S.C. § 2607(a)-(b).

Under 12 U.S.C. § 2614, any action brought pursuant to
§ 2607 must be brought within one year of the date of the
occurrence of the violation.   See 12 U.S.C. § 2614.   The statute
of limitations begins to run when the facts that would support
the plaintiff's cause of action are apparent or would be apparent
to a reasonable person.   See Oshiver v. Levin, Fishbein, Sedran &
Berman, 38 F.3d 1380, 1389 (3d Cir. 1994).

The plaintiff alleges that certain fees related to the
loan were unearned and were not disclosed at the closing.   The
defendants, however, submitted the loan's HUD-1 disclosure form,
signed by the plaintiff on September 15, 2006, as an exhibit to
their motion to dismiss.[3]   This form shows that these fees were

---

[3]The defendants have attached several documents to their
motion to dismiss.   A court may consider a document attached to a
motion to dismiss without converting the motion into one for
summary judgment if the document is indisputably authentic and if
the plaintiff bases his claims on the document without attaching
it to the complaint.   See Miller v. Clinton County, 544 F.3d 542,
550 (3d Cir. 2008).   There is no allegation that the documents
provided by the defendants are inauthentic.   Additionally,
several of the plaintiff's claims are based upon the content of
these documents.   The Court, therefore, will consider the
attached documents in deciding this motion to dismiss.

disclosed at the closing. See Defs' Mot. to Dismiss, Ex. B at lines 805, 806, 808, 809 and 901.

Because these fees were disclosed at the closing of the mortgage on September 15, 2006, the facts that would support the plaintiff's cause of action became apparent at that time.  The plaintiff's claims, therefore, are time-barred because he did not bring his claims within one year of the closing date.

The plaintiff argues, however, that the doctrine of equitable tolling applies to his claims. See Pl.'s Cross-Mot. at 9-10.  The Court of Appeals for the Third Circuit has not explicitly answered the question of whether equitable tolling applies to RESPA.  The Court need not reach this question, however, because it finds that, even if equitable tolling were to apply, the plaintiff has failed to allege specific facts for a plausible equitable tolling claim.

The Court of Appeals has stated that equitable tolling is appropriate (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. See Oshiver, 38 F.3d at 1387.  The party seeking equitable tolling, however, must demonstrate that he has "exercised reasonable diligence in investigating and bringing [the] claims."

8

See Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 618-19 (3d
Cir. 1998).

On all five of the § 2607 counts, the plaintiff alleges
that the defendants actively misled him. See Am. Compl. at
paragraphs 42, 60, 66, 77, and 82. He alleges in his opposition
to the defendants' motion that he did not know he had been misled
until "the adjustable rate portion went up" on October 1, 2008,
and that he did not discover the defendants' misrepresentation
"due to concealment and being misled." See Pl.'s Cross-Mot. at
10.

All of the alleged unearned fees and costs, however,
are plainly stated on the HUD-1 disclosure form.  The plaintiff
provides no additional facts that would show what the defendants
did to allegedly mislead the plaintiff.  Nor has the plaintiff
shown that he has been prevented in some extraordinary way from
asserting his rights or that he had timely asserted his rights in
the wrong forum.  Without facts alleging specific acts of
concealment by the defendants, the amended complaint does not
make a plausible argument that equitable tolling applies to his
claims under § 2607.

The Court, however, grants the plaintiff leave to amend
his complaint under Rule 15 to assert specific facts that would
show that the defendants intentionally misled him and that he

9

exercised reasonable diligence in investigating these
misrepresentations.

### 3.   Count 39

The plaintiff alleges in count 39 that the defendants
violated § 2605(e) by failing to respond to the plaintiff's
qualified written requests ("QWRs") regarding the servicing of
the loan. See Am. Compl. at 35.  He also alleges that the
defendants violated § 2605(e)(3) by reporting a derogatory entry
on his credit report while the loan was in dispute.  The
defendants argue, among other things, that they complied with all
of the requirements of the section in responding to the
plaintiff's QWRs.

The Court grants the defendants' motion to dismiss to
plaintiff's claims regarding the plaintiff's QWRs, but it denies
the motion to dismiss the plaintiff's claims under § 2605(e)(3).
The defendants have attached the relevant correspondence to their
motion to dismiss to show that they responded to his QWRs in
compliance with § 2605(e)(1) and (2).  The Court, however, finds
that the plaintiff has alleged sufficient facts to create a
plausible claim that the defendants violated § 2605(e)(3) by
reporting his loan in default while the loan was in dispute.

10

a.    Claims under § 2605(e)(1)-(2)

Section 2605(e)(1) requires the servicer of a mortgage loan to acknowledge receipt of a QWR from a borrower asking for information relating to the servicing of a loan within 20 days, excluding Saturdays, Sundays, and public holidays.  Section 2605(e)(2) directs the servicer to provide the borrower with a substantive letter within 60 days of receipt of the QWR, excluding Saturdays, Sundays, and public holidays.

The plaintiff alleges that he sent qualifying requests on March 29, 2008;[4] May 29, 2008; June 21, 2008; June 26, 2008; and February 24, 2009.  See Am. Compl. at 35.  The defendants attached the letters in question and their responses as exhibits to their motion to dismiss.

After viewing these letters, the Court finds that the defendants adequately responded to the substance of the March 26 and May 29 letters in letters dated April 25, June 16 and June 18, 2008; that the defendants adequately responded to the substance of the plaintiff's June 21 letter in a letter dated July 9, 2008; and that the defendants adequately responded to the substance of the June 26 letter in a letter that was also dated June 26, 2008.  See Defs' Mot. to Dismiss, Ex. E-M.  All of these responses complied with the requirements of § 2605(e).

─────────────────

[4]This appears to be a typographical error.  The defendants have submitted a copy of a letter from the plaintiff dated March 26, 2008.  See Defs' Mot. to Dismiss, Ex. E.

11

The defendants state that they received no
correspondence dated February 24, 2009, from the plaintiff.   They
believe that the plaintiff is most likely referencing his
original complaint.   See Defs' Mot. to Dismiss at 9 n.8.   The
Court agrees and finds that the plaintiff's complaint does not
qualify as a QWR.   The complaint does not provide sufficient
detail to the servicer about how the plaintiff's account is in
error and what information the plaintiff is seeking, as required
under § 2605(e)(1)(B)(ii).

### b.   Claims under § 2605(e)(3)

The Court does find that the plaintiff has stated facts
to create a plausible claim that the defendants violated
§ 2605(e)(3).   Section 2605(e)(3) provides that during the 60-day
period after the date of the servicer's receipt of a QWR relating
to a dispute regarding the borrower's payments, a servicer may
not provide information regarding any overdue payment related to
the dispute to any consumer reporting agency.

The plaintiff alleges that derogatory entries
concerning the loan in question appeared on his credit reports
within the 60-day period.   See Am. Compl. at paragraph 230.   The
plaintiff attached copies of his Experian, Equifax, and Trans
Union credit reports from June 26, 2008, to his response to the
defendants' motion to dismiss.   See Pl.'s Cross-Mot., Ex.s A5-

12

A7.[5]  These documents state that the plaintiff's mortgage with

ASC had been reported as 30 days past due.  Information regarding

an overdue payment on the loan, therefore, appeared on the

plaintiff's credit report within the 60-day period after the

filing of a QWR.  Taking these documents and the plaintiff's

allegations in the amended complaint as true and viewing them in

the light most favorable to the plaintiff, the plaintiff has pled

sufficient facts to bring a claim under § 2605(e)(3).


        B.    TILA

            In counts 10-13 and 18, the plaintiff alleges

violations of the TILA's disclosure requirements.  As relief, the

plaintiff seeks a rescission of the loan at issue and damages.

The defendants move to dismiss all of the plaintiff's claims

under the TILA, arguing, among other things, that the plaintiff

has not stated a claim for rescission and that his damages claims

are time-barred.

            The Court grants the defendants' motion to dismiss all

of the plaintiff's TILA claims.  The plaintiff has not alleged

_____

        [5]Although these documents are not attached to the complaint,
the Court of Appeals for the Third Circuit has held that a
"document integral to or explicitly relied upon in the complaint
may be considered without converting the motion [to dismiss] into
one for summary judgment."  In re Burlington Coat Factory Sec.
Litig., 114 F.3d 1410, 1426 (3d Cir.1997).  The Court finds that
these credit reports are integral to plaintiff's claims that a
derogatory entry appeared on his credit reports.  The Court,
therefore, will consider them in this motion to dismiss.

sufficient facts to state a claim for rescission of the loan.
Furthermore, the plaintiff's damages claims were not timely
filed, and the plaintiff has not pled sufficient facts for a
plausible claim that the doctrine of equitable tolling applies.

### 1.   Rescission

The defendants move to dismiss the plaintiff's claims
for rescission under the TILA.  See Defs' Mot. to Dismiss at 12-
13.  Section 1635(a) of the TILA provides that a customer has a
general right to rescind a loan transaction within three days
following the consummation of the transaction or the delivery of
certain material disclosures and a notice of the borrower's right
to rescind the loan.  Section 1635(f) and Regulation Z, the
TILA's implementing regulation, provide that if material
disclosures or the notice of the right to rescind are not
provided to the borrower, a loan can be rescinded for up to a
maximum of three years after the loan closing.  See 12 C.F.R
§ 226.23(a)(3).  Regulation Z states that the following are to be
considered material disclosures: "the annual percentage rate, the
finance charge, the amount financed, the total payments, the
payment schedule, and the disclosures and limitations referred to
in § 226.32(c) and (d)." 12 C.F.R. § 226.23(a), n. 48.

When a loan includes a variable rate feature, as the
plaintiff's loan does, the TILA also requires additional

14

disclosures.  See 12 C.F.R. § 226.19(b).  The Court of Appeals
for the Third Circuit, however, has stated that the only required
"material disclosures" with respect to the variable-rate nature
of a mortgage are a notification that the interest rate and
monthly payment may increase and the amount of the single maximum
monthly payment.  See McCutcheon v. America's Servicing Co., 560
F.3d 143, 150 n.6 (3d Cir. 2009).

        The plaintiff alleges in his TILA counts that the
defendants failed to deliver the material disclosures.  See Am.
Compl. at paragraphs 84, 89, 94, 99 and 119.  The defendants,
however, provide the required Truth-in-Lending Disclosure
Statement and Notice of Right to Cancel as attachments to their
motion.  See Defs' Mot. to Dismiss at 12-13 and Ex. N & O.  The
Truth-in-Lending Disclosure Statement lists, in plain language,
all of the material disclosures required under Regulation Z.[6]
The Notice of Right to Cancel also complies with the TILA's
requirements.  Because the defendants' documents show that all
material disclosures were delivered, the plaintiff has not pled
facts sufficient to create a plausible argument that he has a
right to rescind the loan.

------

        [6]Although § 1635(e) provides that written acknowledgment of
receipt of any disclosures required under the statute creates
only a rebuttable presumption of delivery thereof, the Court
finds that the plaintiff could not rebut the clear statements
provided in these disclosure forms.

2.  <u>Damages</u>

The defendants also move to strike the plaintiff's

claims for damages under the TILA because they were not brought

within the one-year statute of limitations period.  <u>See</u> Defs'

Mot. to Dismiss at 12 n.10.  An action for damages under the TILA

must be commenced within one year of the occurrence of the

violation.  15 U.S.C. § 1640(e); <u>Smith v. Fid. Consumer Disc.

Co.</u>, 898 F.2d 896, 903 (3d Cir. 1990).  The TILA requires that

disclosures be made before "credit is extended" to the consumer.

<u>See</u> 15 U.S.C. § 1638(b)(1).  In other words, and as explained by

the relevant regulation, the required disclosures must be made

"before consummation of the transaction."  12 C.F.R. § 226.17(b).

A transaction is "consummated" when "the consumer becomes

contractually obligated on a credit transaction."  12 C.F.R.

§ 226.2(a)(13); <u>see also, e.g.,</u> <u>Bartholomew v. Northampton Nat'l

Bank</u>, 584 F.2d 1288, 1296 (3d Cir. 1978); <u>Wenglicki v. Tribeca

Lending Corp.</u>, No. 07-4522, slip op. at 8 (E.D. Pa. July 22,

2009); <u>Roche v. Sparkle City Realty</u>, No. 08-2518, 2009 WL

1674417, at *2 (E.D. Pa. June 12, 2009).  Here, the plaintiff

signed the loan at issue on September 15, 2006.  He brought his

claim over two-years later, on February 24, 2009.  The

plaintiff's claim for damages under the TILA is therefore time-

barred.

The plaintiff, however, argues that the doctrine of equitable tolling also applies to his TILA claims. See Pl.'s Cross-Mot. at 10. The Court of Appeals for the Third Circuit has held that equitable tolling is available under TILA. See Ramadan, 156 F.3d at 504. The Court, however, finds that the plaintiff has not stated sufficient facts to show that he has a plausible claim for equitable tolling under TILA. Nor has the plaintiff shown that he has been prevented in some extraordinary way from asserting his rights or that he had timely asserted his rights in the wrong forum. As with his claims under RESPA, the plaintiff has not alleged any facts describing specific acts of concealment by the defendants.

The Court, however, grants the plaintiff leave to amend his complaint under Rule 15 to assert specific facts that would show that the defendants intentionally misled him and that he exercised reasonable diligence in investigating these misrepresentations.

C.    HOEPA

Counts 15-17 and 19 allege violations of HOEPA. The defendants move to dismiss all of the plaintiff's HOEPA claims. The Court grants the defendants' motion to dismiss counts 15-17 and 19 with prejudice because it finds that the plaintiff's loan does not meet either of the tests required for HOEPA to apply.

17

In order for HOEPA to apply to a loan, the loan must meet one of two tests: (1) the annual percentage rate at consummation must exceed by 8 percent for first-lien loans the yield on Treasury securities of comparable periods of maturity as of the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (2) the total of all the loan's points and fees exceeds eight percent of the loan or $400 (adjusted for inflation), whichever is greater.  See 15 U.S.C. § 1602(aa)(1); 12 C.F.R. § 226.32(a)(1)(i) and (a)(1)(ii).

The plaintiff applied for the Mortgage Loan on August 24, 2006.  See Am. Compl. at 20-23.  The parties agree that the 30-year Treasury rate on July 17, 2006,[7] was 5.10% and that, for the plaintiff to meet the first test, the annual percentage rate (APR) would have to exceed 13.10% (8 plus 5.10).  See Def.'s Mot. to Dismiss at 17-18; Pl.'s Cross-Mot. at 16.

The Truth-in-Lending Disclosure Statement lists the APR for the loan at the time of consummation as 11.4442%.  See Def.'s Mot. to Dismiss, Ex. N.  The plaintiff, therefore, does not meet the first test to bring a claim under HOEPA because the annual percentage rate at consummation does not exceed the 30-Year Treasury rate by 8%.

---

[7]July 15, 2006, was a Saturday and no rate was published.

18

Applying the second test, the defendants state that the total of the loan's points and fees is $16,602.49, which is approximately 4.34% of the Mortgage Loan principal.  See id. at 18.  The plaintiff does not dispute this claim.  Because the total of all the loan's points and fees exceeds eight percent of the loan, the plaintiff does not meet the second test to bring a HOEPA claim.

D.    Breach of Fiduciary Duty

Counts 20-22 allege that the defendants breached a fiduciary duty to the plaintiff for failing to obtain the best loan available at the time of refinance.  See Am. Compl. at 20-23.  The defendants move to dismiss all of the plaintiff's breach of fiduciary duty claims and argue that they did not owe a fiduciary duty to the plaintiff under Pennsylvania law.  The Court agrees and grants the defendants' motion to dismiss counts 20-23 with prejudice.

Under Pennsylvania law, a lender dealing at arms-length with a borrower has no fiduciary duty to that borrower unless a confidential relationship has been formed.  See Fed. Land Bank of Baltimore v. Fetner, 410 A.2d 344, 348 (Pa. Super. 1979), cert. den., 446 U.S. 918 (1980).  The relationship between lenders and borrowers is not a confidential relationship unless the lender exercises substantial control over the borrower's business

19

affairs.  See Frowen v. Blank, 425 A.2d 412, 416 (Pa. 1981);

Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 318 (Bankr.

E.D.Pa. 1992), aff'd, 981 F.2d 1248 (3d Cir. 1992).

Because the plaintiff has not alleged, nor do his

allegations show, that the defendants exercised substantial

control over his business affairs, no fiduciary duty has been

established.

E.    UTPCPL

Counts 23-37 allege violations of the UTPCPL, 73 P.S.

201-1, et seq.  See Am. Compl. at 22-23.  The defendants move to

dismiss all of the plaintiff's UTPCPL claims on several grounds.

As a preliminary matter, Count 32 is identical to Count

30, and Count 36 is identical to count 37.  The Court, therefore,

grants the defendants' motion to dismiss the plaintiff's claims

under counts 32 and 37 as duplicative.  The Court also grants the

defendants' motion to dismiss the plaintiff's claims under counts

27, 28, 29, 30, 31, 33, 34, 35 and 36 because they are identical

to RESPA, TILA and HOEPA claims that have already been

dismissed.[8]  In accordance with the Court's treatment of the

---

[8]The following UTPCPL counts contain identical allegations
as those counts in parentheses: count 27 (count 4); count 28
(count 9); count 29 (count 10); count 30 (count 12); count 31
(count 13); count 33 (count 15); count 34 (count 16); count 35
(count 18); and count 36 (count 20).  See Defs' Mot. to Dismiss
at 19 n.13.

plaintiff's RESPA, TILA and HOEPA claims, the plaintiff's claims
under counts 27, 33, 34 and 36 are dismissed with prejudice, and
his claims under counts 28, 29, 30, 31 and 35 are dismissed
without prejudice.

Finally, the Court grants the defendants' motion to
dismiss the plaintiff's claims under counts 23, 24, 25 and 26
without prejudice because it finds that the plaintiff has not
plead with specificity that the defendants defrauded him.

The plaintiff does not cite which provision of the
UTPCPL that he believes the defendants violated.  The Court will
assume, as did the defendants, that the plaintiff is alleging
violations under the UTPCPL's catch-all provision, 73 P.S. § 201-
2(4)(xxi).  See Defs' Mot. to Dismiss at 20.  This section
provides that a person violates the UTPCPL by engaging in any
fraudulent or deceptive conduct which creates a likelihood of
confusion or misunderstanding.

To bring a claim for fraud under this provision, a
plaintiff must state the elements of common-law fraud.  See Tran
v. Metropolitan Life Ins. Co., 408 F.3d 130, 140-41 (3d Cir.
2005).  In order to prove common-law fraud, a plaintiff must
provide clear and convincing evidence of: (1) a
misrepresentation, (2) material to the transaction, (3) made
falsely, (4) with the intent of misleading another to rely on it,
(5) in which justifiable reliance resulted, and (6) in which

21

injury was proximately caused by the reliance.  See Santana
Products, Inc. v. Bobrick Washroom Equipment, Inc., 401 F.3d 123,
136 (3d Cir. 2005).

Pursuant to Rule 9(b) of the Federal Rules of Civil
Procedure, a plaintiff alleging fraud must state the
circumstances of the alleged fraud with sufficient particularity
to place the defendant on notice of the "precise misconduct with
which [it is] charged."  Lum v. Bank of Am., 361 F.3d 217,
223-224 (3d Cir. 2004).  To satisfy this standard, the plaintiff
must plead or allege the date, time and place of the alleged
fraud or otherwise inject precision or some measure of
substantiation into a fraud allegation.  Frederico v. Home Depot,
507 F.3d 188, 200 (3d Cir. 2007).

The plaintiff has alleged that the defendants
intentionally misled him by allegedly failing to provide the
proper disclosures and failing to disclose all fees and costs of
the loan at the time of the mortgage application.  See Am. Compl.
at 22-25, 26-27 and 31-32.  Outside of these broad accusations,
however, the plaintiff does not state with particularity or
otherwise inject precision into the circumstances surrounding the
allegations of fraudulent conduct by the defendants.  The
plaintiff does not meet the pleading requirements of Rule 9(b)
because he fails to provide any factual evidence that the lender
intentionally made a material misrepresentation, that he

22

justifiably relied upon such misrepresentations, or that he
suffered damages proximately caused by such reliance.

There is some authority to suggest that the catch-all
provision also applies to acts that are merely deceptive.  See
Hunt v. U.S. Tobacco Co., 538 F.3d 217, 255 (3d Cir. 2008).  Even
if the heightened particularity is not required for "deceptive"
conduct, the Court still concludes that the amended complaint
does not contain sufficient factual content to show that the
defendants engaged in such conduct.  The amended complaint
contains only conclusory allegations and is devoid of
representations made by the defendants or any specific actions
taken by them that would cause any likelihood of confusion.
These allegations are insufficient to survive the federal
pleading standards set forth in Twombly and Iqbal.

The Court, however, grants the plaintiff leave to amend
his complaint under Rule 15 to state specific facts that would
state a claim for common-law fraud or deception under the UTPCPL.


F.   FCRA and FDCPA

Count 38 of the complaint alleges violations of the
FCRA.  Count 40 of the complaint alleges violations of the FDCPA.
The defendants move to dismiss the plaintiff's claims under both
of these counts.  The Court grants the defendants' motion to
dismiss counts 38 and 40 without prejudice.

23

Count 38 alleges that the defendants violated the FCRA by continuing to report allegedly inaccurate information to the credit bureaus and for failing to report that the loan was in dispute. See Am. Compl. at 34. Although the plaintiff is not specific as to which section of the FCRA he believes the defendants violated, this claim most likely alleges a violation of 15 U.S.C. § 1681s-2(b). Under that provision, a plaintiff must prove (1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charged. See Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001).

The defendants argue that, because the plaintiff did not specifically plead that he contacted a credit reporting agency to notify it of the dispute, this FCRA claim should be dismissed. See Def.'s Mot. to Dismiss at 22.

This claim is dismissed without prejudice. If the plaintiff has evidence that he fulfilled the requirements of § 1681i(a)(2), then he may amend his complaint under Rule 15 to state those facts for this count.

In count 40, the plaintiff alleges violations of the FDCPA. See Am. Compl. at 36. The FDCPA provides a remedy for

24

consumers who have been subjected to abusive, deceptive or unfair debt collection practices. Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). The provisions of the FDCPA generally apply only to debt collectors. Id. at 403.

The statute defines a "debt collector" as any person who attempts to collect debts "owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6). The definition explicitly does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

The allegations in this count deal with the servicing of the loan and apply only to Wells Fargo as the loan's servicer. Wells Fargo argues that it is not a "debt collector" under the FDCPA because the plaintiff has not alleged that the debt being serviced was in default at the time it was obtained by the servicer, as required under § 1692a(6)(F)(iii). See Def.'s Mot. to Dismiss at 23. The Court agrees that Wells Fargo is not a debt collector as defined by the FDCPA under the facts alleged. The plaintiff has not alleged that the loan was in default at the time it was obtained by Wells Fargo.

This count is also dismissed without prejudice. If there is evidence that the loan was in default when Wells Fargo

25

began servicing the loan, then the plaintiff may amend his
complaint to allege those facts.

III. Conclusion

      For the reasons stated above, the defendants' motion to
dismiss is granted for the plaintiff's claims under counts 1-13,
15-38 and 40.  The plaintiff's claims under counts 1, 3, 4, 7,
15-17, 19-22, 27, 32-34, 36 and 37 are hereby dismissed with
prejudice.  The plaintiff's claims under counts 2, 5, 6, 8-13,
18, 23-26, 28-31, 35, 38 and 40 are dismissed without prejudice.
The defendants' motion to dismiss count 39 is denied in part and
granted in part.

      An appropriate Order shall issue separately.

# EXHIBIT "F"

**3023 HSBC Way**
**Fort Mill, SC 29715**



Forwarding Service Requested

KENNETH J. TAGGART
45 HERON ROAD
HOLLAND, PENNSYLVANIA 18966-2109

# EXHIBIT "G"

**NOTICE TO BORROWER(S) REQUIRED BY FEDERAL LAW AND FEDERAL RESERVE BOARD REGULATION Z**

**REDACTED**

BORROWERS KENNETH J. TAGGA⬤
ADDRESS 45 HERON ROAD
CITY/STATE/ZIP HOLLAND, PENNSYLVANIA 18966-2109

DATE: SEPTEMBER 15, 2006

LOAN NO.:

LENDER: Decision One Mortgage Company, LLC
3023 HSBC Way
Fort Mill, SC 29715

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 11.4442    % | $  1,039,053.24 | $   379,867.01 | $   1,418,920.25 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|---|---|---|
| 24 | 2,790.67 | MONTHLY     COMMENCING 11-01-06   AND ON THE SAME DAY OF EACH MONTH THEREAFTER | 1 | 4,011.67 | 10-01-36 |
| 6 | 3,596.17 | 11-01-08 | | | |
| 6 | 3,876.20 | 05-01-09 | | | |
| 323 | 4,034.36 | 11-01-09 | | | |

**DEMAND FEATURE:** ☑ This loan does not have a Demand Feature. ☐ This loan has a Demand Feature.
☐ All disclosures are based on an assumed maturity date of one year.

**VARIABLE RATE FEATURE:** ☑ This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** ☑ You are giving a security interest in the property located at: 45 HERON ROAD, HOLLAND, PENNSYLVANIA 18966-2109
☐ You are giving a security interest in the goods or property being purchased.
☐ Other:

**ASSUMPTION:** A subsequent purchaser of this property: ☑ cannot assume the remainder of the mortgage on the original terms.
☐ may under certain circumstances, be allowed to assume the remainder of the mortgage on the original terms.

**FILING / RECORDING FEES:**    129.50

**INSURANCE:** Credit life, accident, health or loss of income insurance is not required in connection with this loan. This loan transaction requires the following insurance: ☑ Hazard Insurance       ☐ Flood Insurance       ☐ Private Mortgage Insurance
You may obtain property insurance from anyone you want that is acceptable to Lender.

**LATE CHARGES:** If your payment is more than 15 days late, a late charge of 5.0% of the overdue payment amount will be due from you.

**PREPAYMENT:** If you payoff your loan early you: ☑ may ☐ will not   be charged a penalty to prepay this loan in full or in part.
☐ may ☑ will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, right to accelerate before scheduled maturity date, pre-payment refunds and penalties, and further information regarding security interests and the policy regarding assumption of the obligation.
(e) appearing by a date or figure means it is an estimate.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure along with copies of documents referred to in this disclosure.

_KENNETH J. TAGGART_    9/15/06
KENNETH J. TAGGART    BORROWER / DATE

_____
BORROWER / DATE

_____
BORROWER / DATE

_____
BORROWER / DATE

*EXHIBIT "N" TO Motion to Dismiss*

G

# EXHIBIT "H"

**REDACTED**

**REFINANCE**
**NEW LENDER**

DATE: SEPTEMBER 15, 2006
LOAN NUMBER:
MORTGAGOR: KENNETH J. TAGGART
PROPERTY ADDRESS: 45 HERON ROAD, HOLLAND, PENNSYLVANIA 18966-2109

The following notice tells you of your right to cancel your lien under federal law. Please read this notice carefully, it describes important rights. In this notice, "you" means you, the borrower and "we" means your lender.

## NOTICE OF RIGHT TO CANCEL

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a lien on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

      (1) The date of the transaction, which is   **SEPTEMBER 15, 2006**  ; or
      (2) The date you received your Truth-in-Lending disclosures; or
      (3) The date you received this notice of your right to cancel.

If you cancel the transaction, the lien is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the lien on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

      Decision One Mortgage Company, LLC
      200 GIBRALTAR ROAD, SUITE 350
      HORSHAM, PENNSYLVANIA 19044
      Attention: Cancellation Dept.
      FAX Number: (215) 672-6181

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of SEPTEMBER 19, 2006 (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____      _____
Borrower's Signature                  Date

I acknowledge receipt of two copies of this Notice of Right to Cancel on this **15TH** day of **SEPTEMBER, 2006**

_____
Signature: KENNETH J. TAGGART

EXHIBIT "O"
TO
MOTION
TO
DISMISS

NOTICE OF RIGHT TO CANCEL

H