**IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

———————————————————

NO. 12-4311

———————————————————

KENNETH J. TAGGART.

*Appellant*,

VS.

NORWEST MORTGAGE, INC., *et al.*,

*Appellees.*

———————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 09-1281)

———————————————————————

**BRIEF OF APPELLEE WELLS FARGO BANK, N.A.**

———————————————————————

**BLANK ROME LLP**

John E. Lucian
Gregory F. Vizza
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone:  (215) 569-5500
Facsimile:  (215) 569-5555

*Counsel to Wells Fargo Bank,
N.A.*

## **TABLE OF CONTENTS**

I.    STATEMENT OF THE ISSUES PRESENTED ON APPEAL ........................1

II.   STATEMENT OF RELATED CASES AND PROCEEDINGS ........................2

III.   STATEMENT OF THE CASE .................................................................3

IV.   STATEMENT OF FACTS........................................................................6

V.   SUMMARY OF THE ARGUMENT ..................................................7

VI.   STATEMENT OF THE STANDARD OF REVIEW ................................8

VII.   ARGUMENT.........................................................................................8

   A.   Taggart's RESPA Claims are Barred by the Applicable Statute of
   Limitations. ....................................................................................8

   B.   Taggart's RESPA Claims Do Not Establish a Viable Cause of Action.........11

   C.   Taggart Does Not Properly Allege Claims for Rescission under TILA. .......14

   D.   Taggart's Claims for Damages under TILA are Time-Barred......................20

   E.   Taggart Did Not Allege Any Facts to Support Equitably Tolling his TILA
   and RESPA Claims. ...........................................................................20

      i.    Wells Fargo did not actively mislead Taggart. ...........................................21

      ii.   Taggart makes no allegations as to how he was prevented from discovering
      the alleged claims within the limitations period...............................................22

      iii.  Taggart makes no allegations asserting reasonable due diligence in
      attempting to uncover the relevant facts to support his TILA and RESPA
      claims. .......................................................................................22

VIII.  CONCLUSION ..............................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Beach v. Owcen Federal Bank,
  523 U.S. 410 (1998)................................................................................16

Brophy v. Chase Manhattan Mortg. Co.,
  947 F. Supp. 879 (E.D. Pa. 1996)..........................................................9

Cardiello v. Money Store, Inc.,
  No. 00-7332, 2001 U.S. Dist. LEXIS 7107 (S.D.N.Y. Jun. 1, 2001).................10

Collins v. FMHA-USDA,
  105 F.3d 1366 (11th Cir. 1997) ..............................................................9

Glover v. FDIC,
  698 F.3d 139 (3d Cir. 2012) ..................................................................21

Hedges v. United States,
  404 F.3d 744 (3d Cir. 2005) ..................................................................21

Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations,
  653 F.3d 225 (3d Cir. 2011) ....................................................................8

McCutcheon v. America's Servicing Co.,
  560 F.3d 143 (3d Cir. 2009) ..................................................................17

Oscar v. Bank One, N.A.,
  No. 05-5928, 2006 U.S. Dist. LEXIS 6410 (E.D. Pa. Feb. 17, 2006)................17

Pulphus v. Sullivan,
  No. 02-C-5794, 2003 U.S. Dist. LEXIS 7080 (N.D. Ill. Apr. 28, 2003) ...........17

Roche v. Sparkle City Realty,
  No. 08-2518, 2009 U.S. Dist. LEXIS 51555 (E.D. Pa. June 15, 2009) .............10

Smith v. Fidelity Consumer Discount Company,
  898 F.2d 896 (3d Cir. 1990) ..................................................................20

Taylor v. Nelson,
  No. 02-6558, 2006 U.S. Dist. LEXIS 3860 (E.D. Pa. February 1, 2006) ..........13

Victaulic Co. v. Tieman,
    499 F.3d 227 (3d Cir. 2007) ................................................................8

Warburton v. Foxtons, Inc.,
    No. 04-2474, 2005 U.S. Dist. LEXIS 39615 (D.N.J. June 13, 2005) ...............13

Wright v. Castle Point Mortgage, et al.,
    No. 05-4851, 2006 U.S. Dist. LEXIS 32761 (D.N.J. May 22, 2006) ...............18

**STATUTES**

12 U.S.C. § 2604 ....................................................................................9

12 U.S.C. § 2506 ..................................................................................11

12 U.S.C. § 2607(c) ........................................................................12, 13

12 U.S.C. § 2614 ...............................................................................8, 9

15 U.S.C. § 1635(c) .............................................................................18

15 U.S.C. § 1640 .................................................................................20

**OTHER AUTHORITIES**

12 C.F.R. § 226.2(a)(13) .......................................................................20

12 C.F.R. § 226.17(b) ...........................................................................20

12 C.F.R. § 226.18 ...............................................................................18

12 C.F.R. § 226.18(g) ...........................................................................19

12 C.F.R. § 226.18(h) .......................................................................19, 20

12 C.F.R. § 226.19 ...............................................................................16

12 C.F.R. § 226.19(b)(2)(xii) .................................................................15

12 C.F.R. § 226.23 ...............................................................................14

12 C.F.R. § 226.23(a)(3) ...............................................................14, 16, 17

24 C.F.R. § 3500.6. ..............................................................................11

24 C.F.R. § 3500.7 ..........................................................................................9

24 C.F.R. § 3500.14 ...................................................................................11, 12

24 C.F.R. § 3500.14(g)(1)(iv).......................................................................13

## I.    STATEMENT OF THE ISSUES PRESENTED ON APPEAL

Appellant appears to be limiting his appeal to whether the District Court properly dismissed Appellant's claims under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA").   However, Appellant does not state in his brief the specific claims alleged in his complaints that are the subject of his appeal, rendering it difficult for Appellee to respond with particularity to each of Appellant's five stated issues on appeal.   Further, issues one, two and four presented in Appellant's brief appear to be duplicative and concern whether Appellant was provided the required material disclosures under TILA and RESPA.

Accordingly, Appellee interprets Appellant's issues on appeal as follows:

1.) Whether the District Court properly dismissed each claim presented in Appellant's Amended Complaint concerning TILA and RESPA, *i.e.,* Counts 1-9 based on RESPA and Counts 10-13 and 18 based on TILA; and

2.) Whether the District Court properly determined that Appellant's TILA and RESPA claims should not be equitably tolled.

## II.   STATEMENT OF RELATED CASES AND PROCEEDINGS

Pursuant to Local Rules 28.2 and 28.1(a)(2), Wells Fargo Bank, N.A. ("Wells Fargo") states that several matters related to this case have been before this Court previously including:

1.) Notice of Appeal filed by Appellant Kenneth J. Taggart on February 12, 2010, in which he appealed the District Court's order dismissing with prejudice 17 of the counts alleged in his Amended Complaint.  See App. No. 10-1516 (dismissed for lack of jurisdiction).

2.) Notice of Appeal filed by Appellant Kenneth J. Taggart on February 11, 2011, in which he appealed the District Court's order granting Wells Fargo's motion to compel Taggart to respond to discovery requests.  See App. No. 11-1428 (dismissed for lack of jurisdiction).

3.) Notice of Appeal filed by Appellant Kenneth J. Taggart on September 20, 2011, in which he appealed seven orders of the District Court denying various motions concerning discovery.  See App. No. 11-3578 (dismissed for lack of jurisdiction).

# III.     STATEMENT OF THE CASE

On February 24, 2009, Taggart filed a complaint in Magisterial District Court in Bucks County, Pennsylvania against Wells Fargo and other defendants alleging violations of TILA.  The matter was removed to the District Court[1] on March 24, 2009.  On April 12, 2009, Taggart filed two additional complaints in Magisterial District Court in Bucks County against the same defendants alleging violations of other consumer protection laws.  At a May 1, 2009, status conference with the District Court, Taggart was directed to file an Amended Complaint consolidating the previous complaints and asserting all claims against Wells Fargo and other defendants on or before July 1, 2009.  Taggart's Amended Complaint, docketed on July 7, 2009, asserts 39 counts[2] against Wells Fargo based on the

---

[1] Including the underlying lawsuit, Taggart has initiated **seventeen *pro se* civil actions** in the District Court for the Eastern District of Pennsylvania in less than four years.  See Taggart v. Deutsche Bank Nat'l Co., et al., Civ. No. 12-4455; Taggart v. GMAC Mortgage LLC, et al., Civ. No. 12-4077; Taggart v. Wells Fargo Bank, N.A., et al., Civ. No. 12-3177; Taggart v. Wells Fargo Bank, N.A., et al., Civ. No. 12-2359; Taggart v. County of Montgomery, et al., Civ. No. 12-1913; Taggart v. GMAC Mortgage LLC, et al., Civ. No. 12-415; Deutsche Bank Nat'l Trust Co. v. Taggart, Civ. No. 11-4668; Taggart v. Franconia Township, et al., Civ. No. 10-2725; Wells Fargo Bank, N.A. v. Taggart, Civ. No. 10-2657; GMAC Mortgage LLC, et al., v. Taggart, Civ. No. 10-2393; Taggart v. BAC Home Loans Servicing, LP, Civ. No. 10-1223; Taggart v. Wells Fargo Home Mortgage, Inc., et al., Civ. No. 10-843; Taggart v. Chase Bank, USA N.A., et al., Civ. No. 09-3761; Taggart v. Greenpoint Mortgage Funding Inc., et al., Civ. No. 09-3417; Taggart v. Greenpoint Mortgage Funding Inc., et al., Civ. No. 09-3416; Taggart v. Chase Bank, USA N.A., et al., Civ. No. 09-1533.

[2] While the Amended Complaint purported to have 40 counts, Count 14 was omitted leaving 39 counts.

TILA, RESPA, the Home Ownership Equity Protection Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, breach of fiduciary duty, the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.   See Supplemental Appendix, pp. 1b – 58b.

On July 20, 2009, Wells Fargo moved to dismiss Taggart's Amended Complaint.   On January 11, 2010, the District Court issued a 26-page Memorandum and Order dismissing with prejudice 17 counts of the Amended Complaint, dismissing without prejudice 21 counts of the Amended Complaint and dismissing in part one count of the Amended Complaint.  See Appendix, Exhibit E. The Memorandum and Order granted Taggart leave to file a Second Amended Complaint so that he may re-plead the 21 counts dismissed without prejudice.  Id.

On April 14, 2010, Taggart filed his Second Amended Complaint.   See Supplemental Appendix, pp. 59b – 157b.  Wells Fargo again moved to dismiss. On June 18, 2010, the District Court granted, in part, and denied, in part, Wells Fargo's motion to dismiss the Second Amended Complaint, dismissing with prejudice all but one of Taggart's claims.   See Appendix, Exhibit D.  Several weeks later, on July 2, 2010, Taggart filed a Motion to Extend Time to Request Reconsideration of the Order, which the District Court granted on July 8, 2010. The District Court permitted Taggart until July 19, 2010 to file a motion for reconsideration of the Order.   On July 16, 2010, Taggart filed a motion for

4

reconsideration in which he asked the District Court to reconsider the Order dismissing nearly all of the claims in the Second Amended Complaint. The District Court denied Taggart's motion for reconsideration on July 23, 2010.

Discovery concerning Taggart's sole remaining claim dragged on for more than two years during which time Taggart filed at least 13 motions to compel, was deposed three times due to his frequent refusal to respond to questioning, repeatedly requested and was granted extensions of time to respond to discovery and file papers, and filed four motions for protective orders and six motions for reconsideration.[3] Additionally, Taggart filed three appeals to the Court of Appeals for the Third Circuit, each of which was dismissed for lack of jurisdiction.[4]

On October 19, 2012, Wells Fargo filed a motion for summary judgment concerning Taggart's sole remaining claim. Rather than respond to the motion, Taggart withdrew his remaining claim three days later. On October 23, 2012, the

---

[3] Due to the frequency and volume of meritless motions filed by Taggart, the District Court entered an Order on September 19, 2011 restricting his ability to file further motions (except for summary judgment or *Daubert* motions) without leave of court.

[4] The District Court even granted Taggart's request to stay the case pending resolution of his first appeal to the Third Circuit.

District Court entered an order dismissing Taggart's lawsuit with prejudice.[5] Taggart filed a notice of appeal on November 20, 2012, initiating this appeal.

## IV.   STATEMENT OF FACTS

On August 24, 2006, Appellant Kenneth J. Taggart, a licensed real estate appraiser and real estate investor, applied to refinance a mortgage loan on property located at 45 Heron Road, Holland, Pennsylvania, which is one of several properties Taggart owns.  See Supplemental Appendix, pp.158b – 161b.   A mortgage loan in the amount of $382,500 closed on September 15, 2006.  See Supplemental Appendix, pp.162b – 163b.   Nearly $45,000 of the loan proceeds was "cash-out" and paid to Taggart directly.  Id.

At or before the closing, Taggart received all material disclosures required under TILA and acknowledged receipt by executing the disclosures on September 15, 2006.  See Appendix, Exhibits G and H.  The executed disclosures include an affirmative statement that the loan "has a Variable Rate Feature" and that "Variable Rate Disclosures were provided to you earlier."  Id. at Exhibit G.

---

[5] Remarkably, Taggart then sought a 60-day extension of time to file a motion for reconsideration of the order dismissing the lawsuit and granting precisely the relief that he sought.  The District Court denied Taggart's request reasoning that he voluntarily withdrew his last remaining claim and, therefore, there was nothing remaining for the Court to reconsider.

## V.   <u>SUMMARY OF THE ARGUMENT</u>

The District Court properly applied the law in its thorough review of the 39 claims asserted by Taggart in his Amended Complaint and 21 claims realleged in his Second Amended Complaint.  Nearly all of Taggart's claims under RESPA are barred by the one-year statute of limitations.  Further, even if the claims were not barred by the statute of limitations, they either misconstrue the cited regulation or are insufficiently pleaded.

All of Taggart's claims under TILA fail to state a claim for rescission because there are no allegations that the lender failed to provide either the Notice of Right to Cancel or the material disclosures required by TILA.  The TILA disclosure statement contains the material disclosures required by the statute and the Notice of Right to Cancel complies with TILA.  Additionally, each TILA claim is insufficiently pleaded.

Equitable tolling does not apply to any of Taggart's claims.  Equitable tolling is applied rarely and is inappropriate in this case because Wells Fargo has not actively misled Taggart, Taggart has not been prevented from asserting his rights in some extraordinary way and Taggart has not timely asserted his rights in an inappropriate forum.  No specific acts of concealment are alleged in Taggart's complaints and Taggart does not provide any facts showing how he was allegedly misled.

The District Court properly dismissed the TILA and RESPA claims alleged in Taggart's Amended Complaint and Second Amended Complaint.  Its rulings should be affirmed.

## VI.    <u>STATEMENT OF THE STANDARD OF REVIEW</u>

This Court reviews a district court's order granting a motion to dismiss *de novo*.  <u>See</u> <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007) ("We review a dismissal for failure to state a claim *de novo*."); <u>see also</u> <u>Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations</u>, 653 F.3d 225, 230 (3d Cir. 2011) (review of the granting of a motion to dismiss for failure to state a claim is plenary) (citing <u>McGovern v. Philadelphia</u>, 554 F.3d 114, 115 (3d Cir. 2009)).

## VII.    <u>ARGUMENT</u>

### A. Taggart's RESPA Claims are Barred by the Applicable Statute of Limitations.

12 U.S.C. § 2614, which establishes the jurisdiction of courts and limitations for RESPA claims, states that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court … within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation."  Only these three sections create a private right of

action under RESPA.[6]  Of these three sections, only section 2607, which creates a

prohibition against kickbacks and unearned fees, could apply to Counts 1 through 9

of the Amended Complaint.    Section 2605 provides a cause of action for

deficiencies in disclosures regarding the servicing of the mortgage loan, failure of a

lender to respond to a qualified written request and administration of escrow

accounts.   Only Count 39 alleges violations of section 2605 and, as discussed at

footnote 7, *infra*, Taggart is not appealing the dismissal of Count 39.   Section 2608

creates a prohibition against lenders demanding borrowers purchase title insurance

from a particular title company.   None of Taggart's claims allege Wells Fargo

forced Taggart to purchase title insurance from a favored title company.   Thus,

---

[6] Taggart relies on other sections of RESPA that do not provide a private right of action, including section 2604 in Count 1, and section 2603 in Counts 3 and 4. Since no private right of action exists under these sections of RESPA, these claims were properly dismissed by the District Court. See 12 U.S.C. § 2614 (limiting RESPA civil liability to claims brought under Sections 2605, 2607 and 2608). Further, Count 7, which alleges Wells Fargo failed to provide a good faith estimate within 3 days after submission of an application also was properly dismissed because violation of 24 C.F.R. § 3500.7 does not provide for a private right of action. See Brophy v. Chase Manhattan Mortg. Co., 947 F. Supp. 879, 881-883 (E.D. Pa. 1996) (holding that 12 U.S.C. § 2604 does not provide a private right of action to remedy an alleged failure to provide a good faith estimate); see also Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (affirming dismissal of RESPA claims based on failure to issue a good faith estimate because such a violation does not establish a private right of action).

Counts 1 through 9 can only allege violations of section 2607, which are subject to a one-year statute of limitations. As such, they are time-barred.

"It is well-settled law that in 'closed-end credit' transactions, like the [transaction] at issue, the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when the defendant performs by transmitting the funds to plaintiffs." Cardiello v. Money Store, Inc., No. 00-7332, 2001 U.S. Dist. LEXIS 7107, at *11-12 (S.D.N.Y. Jun. 1, 2001) (collecting cases). As indicated on the executed HUD-1, the mortgage loan closed on September 15, 2006 and funds were disbursed to Taggart on September 20, 2006. Taggart's initial lawsuit was filed on February 24, 2009, almost two and one half years after the closing. Thus, Counts 1 through 9 of the Amended Complaint are barred by the statute of limitations and were properly dismissed. See Roche v. Sparkle City Realty, No. 08-2518, 2009 U.S. Dist. LEXIS 51555, at *11-12 (E.D. Pa. June 15, 2009) (holding RESPA claim barred by one-year statute of limitations).

**B. Taggart's RESPA Claims Do Not Establish a Viable Cause of Action.**

Even if the statute of limitations did not bar Taggart's RESPA claims, the claims either misconstrue the cited regulation or are insufficiently pleaded.[7]  Count 1 alleges that Taggart never received a special information booklet at the time of application for adjustable rate loans under 24 C.F.R. § 3500.6.  First, failure to comply with this section does not create a private right of action under RESPA, as discussed in footnote 6, *supra*.  Second, section 3500.6(a)(3)(i) states that a lender need not provide the booklet to a borrower in a refinance transaction.  As indicated on the executed Uniform Residential Loan Application, the purpose of Taggart's loan was to refinance an existing mortgage.  See Supplemental Appendix, p.158b.  Thus, section 3500.6 does not apply to this transaction.

Counts 2, 5, 6 and 8 allege violations of 24 C.F.R. § 3500.14 for charging Taggart various "unearned" fees at closing without prior disclosure.  The fees contested in Counts 2, 5 and 8 are amounts paid to Community Lending, who Taggart identifies as his mortgage broker, for a broker processing fee of $550, an

---

[7] Count 39 of the Amended Complaint alleges a claim based on RESPA.  However, it deals with alleged violations of 12 U.S.C. § 2506, which governs obligations of a servicer of a mortgage loan.  None of the issues or argument presented in Taggart's brief relate to the obligations of Wells Fargo as servicer and its alleged failure to comply with the requirements of RESPA § 2506.  Rather, Taggart's brief raises arguments solely related to alleged failures to provide disclosures during the origination of his mortgage loan.  Accordingly, it does not appear that Taggart is appealing the dismissal of Count 39.

overnight fee of $20, and a broker fax fee of $35, each of which was disclosed on the HUD-1. See Supplemental Appendix, p.163b, Lines 805, 806, 808. Importantly, these amounts were paid for services rendered by Community Lending and were not charged by the lender. Under RESPA, no liability may arise where the payment to a third party is bona fide compensation for goods provided or services performed. 12 U.S.C. § 2607(c). Taggart makes the general assertion that the processing fee, overnight fee and fax fee were "unearned" but offers no specific information to substantiate this allegation.

In Count 6, Taggart contests the lender's collection of pro-rated interest in the amount of $927.99 for his use of the loan funds from September 20, 2006 (the day the loan was funded) to October 1, 2006 (the day Taggart's first payment was due). Interest is not a kickback or fee paid to a third party and thus is not subject to the strictures of section 3500.14. Further, Taggart took possession of the loan funds on September 20, 2006, and by executing the note and mortgage agreed to pay interest from that date until the loan is paid in full. Thus, it defies logic for Taggart to allege that the lender did not earn the interest charged for the time between the day the loan was funded and the day Taggart's first payment was due.

Count 9 alleges that charging a "yield spread premium" in excess of normal market fees also violates 24 C.F.R. 3500.14. While RESPA does not explicitly

12

address the legality of yield spread premiums, they are not illegal if they are

"earned" in accordance with section 8(c) of RESPA, which provides that:

> Nothing in this section shall be construed as prohibiting
> … (2) the payment to any person of a bona fide salary or
> compensation or other payment for goods or facilities
> actually furnished or for services actually performed . . . .

12 U.S.C. § 2607(c); see 24 C.F.R. § 3500.14(g)(1)(iv).

Taggart does not allege in the Amended Complaint that the yield spread

premium was unearned.[8]  He merely alleges that a yield spread premium was

charged, which is not *per se* illegal.  Warburton v. Foxtons, Inc., No. 04-2474,

2005 U.S. Dist. LEXIS 39615, at *14 (D.N.J. June 13, 2005); see also Taylor v.

Nelson, No. 02-6558, 2006 U.S. Dist. LEXIS 3860, at *41 (E.D. Pa. February 1,

2006) (holding RESPA permits fees paid for services actually performed including

yield spread premiums).  Further, the yield spread premium disclosed on the HUD-

1 as required by RESPA.  See Supplemental Appendix, p.163b, Lines 809.  Wells

Fargo fully complied with its disclosure requirements of the yield spread premium

under RESPA.  For these reasons, the District Court properly dismissed Counts 1

through 9 of the Amended Complaint.

---

[8]  Indeed, Taggart cannot argue that the yield spread premium was unearned
because the broker successfully placed the loan for him.

13

**C. Taggart Does Not Properly Allege Claims for Rescission under TILA.**

All of Taggart's claims under TILA (Counts 10-13, 18) fail to state a claim for rescission because there are no allegations that the lender either failed to provide the Notice of Right to Cancel or the material disclosures required by TILA.  The TILA disclosure statement contains the material disclosures required by the statute and the Notice of Right to Cancel complies with TILA.  <u>See</u> Appendix, Exhibits G and H.

12 C.F.R. § 226.23 establishes a consumer's right to rescind a credit transaction.  A consumer may exercise the right to rescind until midnight of the third business day following consummation of the transaction, delivery of the proper notice, or delivery of all material disclosures, whichever occurs last.  12 C.F.R. § 226.23(a)(3).  Taggart's mortgage loan was consummated on September 15, 2006.  Taggart was given all the required notices and disclosures no later than the date of closing.  Accordingly, Taggart had three days from September 15, 2006 to rescind the transaction and did not do so.[9]

---

[9] Even assuming the truth of Taggart's assertion that he did not receive all material disclosures at closing, he asserts in his brief that he received all material disclosures on September 20, 2006.  <u>See</u> Appellant's Brief, p.19 ("The post mark on the disclosure showed that it was purportedly mailed just before settlement on September 5, 2006 and *Appellant asserted that the material disclosures were received on September 20, 2006*.") (emphasis added).  Accordingly, he would have had three days from that date to exercise his right to rescind, which he did not do.

Further, each TILA claim is insufficiently pleaded. Count 10 of the Amended Complaint alleges that the lender failed to provide a statement that "disclosure forms are available for the creditor's of other variable-rate loan programs" under 12 C.F.R. § 226.19(b)(2)(xii). Taggart, however, quotes the language of the regulation out of context. Section 226.19(b)(2)(xii) states:

> (b) If the annual percentage rate may increase after consummation in a transaction secured by the consumer's principal dwelling with a term greater than one year, the following disclosures must be provided at the time an application is provided or before the consumer pays a nonrefundable fee, whichever is earlier: . . . (2) a loan-program disclosure for each variable-rate program <u>in which the consumer expresses an interest</u>. The following disclosures, as applicable, shall be provided: . . . (xxi) a statement that disclosure forms are available for the creditor's other variable-rate loan programs.

Taggart does not allege that he expressed an interest in any particular variable-rate program. He also does not allege that the originating lender offered other variable-rate loan programs.

Finally, even assuming Taggart has sufficiently alleged a claim with respect to the delivery of the variable rate loan disclosures, dismissal of Count 10 was still appropriate because a failure to provide the early variable rate loan disclosures does not give the borrower an extended right to rescind the transaction beyond the initial three-day rescission period.

15

For many consumer mortgage transactions, including the one involved in this case, the borrower has a right to rescind the loan within three business days after the latest of three events: (1) the loan closing; (2) the delivery of a disclosure of the right to rescind; or (3) the delivery of "material disclosures." <u>See</u> 12 C.F.R. 226.23(a)(3), n.48. If, however, a proper rescission notice and material disclosures are not provided, the loan can be rescinded for up to a maximum of three years after the loan closing. <u>See</u> 12 C.F.R. § 226.23(a)(3); <u>Beach v. Owcen Federal Bank</u>, 523 U.S. 410, 413 (1998) (holding same).

In Count 10, Taggart appears to claim, and mistakenly argues in his brief, that the early variable rate loan disclosures provided for in 12 C.F.R. § 226.19 are "material" disclosures that extend the rescission right for up to three years when they are not provided by the lender. On the contrary, as a matter of law, the early variable rate disclosures under § 226.19 are **not** "material" disclosures. First, the early variable rate disclosures § 226.19 are not identified in the list of "material disclosures" in footnote 48 to 12 C.F.R. § 226.23(a)(3).[10] Second, the Official

---

[10] Footnote 48 to 12 C.F.R. § 226.23(a)(3) states:

> The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in sections 226.32(c) and (d) and 226.35(b)(2).

Staff Commentary to Regulation Z discusses the concept of a "material" disclosure

for rescission purposes and specifically states:

> Failure to provide information regarding the annual percentage rate also includes failure to inform the consumer of a variable-rate feature. Failure to give the other required disclosures does not prevent the running of the rescission period, although that failure may result in civil liability or administrative sanctions.

Official Staff Commentary, § 226.23(a)(3)-2.

In *Oscar v. Bank One, N.A.*, the district court interpreted this provision of

the Commentary to mean that the only variable rate disclosure that is "material"

(and which therefore may extend the rescission right when not provided) is the

requirement that the consumer be informed of the existence of the variable rate

feature. Oscar v. Bank One, N.A., No. 05-5928, 2006 U.S. Dist. LEXIS 6410, at

*10 (E.D. Pa. Feb. 17, 2006), appeal dismissed by 2007 U.S. App. LEXIS 6740

(3d Cir. Pa., Mar. 21, 2007); see also McCutcheon v. America's Servicing Co., 560

F.3d 143, 150 n.6 (3d Cir. 2009) ("the only required 'material disclosures' with

respect to the variable rate nature of the mortgage are a notification that the interest

rate and monthly payment may increase and the amount of the single maximum

monthly payment"); Pulphus v. Sullivan, No. 02-C-5794, 2003 U.S. Dist. LEXIS

7080, at *43 (N.D. Ill. Apr. 28, 2003) ("we will hold . . . that the only variable rate

disclosure that is material within the meaning of 12 C.F.R. § 226.23(a)(3) is the

disclosure that a loan has a variable interest rate feature."). Here, there is no

dispute that the Taggart was made aware of the existence of the variable rate feature.  See Appendix, Exhibit G ("This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.").  Additionally, the additional early variable rate disclosures under Section 226.19(b) are not "material disclosures" and the alleged failure to deliver them does not extend Taggart's rescission right.[11]

Count 11 presents only one substantive allegation, which states that Wells Fargo "failed to make all disclosures available before consummation" under section 12 C.F.R. § 226.18.  It does not, however, allege which disclosures Taggart failed to receive.  Acknowledging that Fed. R. Civ. P. 12 permits a liberal pleading standard and Taggart is *pro se*, it is still incumbent on Taggart to allege the specific disclosures that were allegedly not provided.  See Wright v. Castle Point Mortgage,

_____

[11] Taggart also presents an issue in his "Statement of the Issues" concerning a rebuttable presumption that all material disclosures under TILA were provided. However, he misconstrues how the rebuttable presumption is applied.  He appears to assert that the rebuttable presumption should be construed in his favor, *i.e.*, by asserting that he did not receive all material disclosures under TILA, it is presumed he did not and Wells Fargo must overcome the presumption.  *However, the opposite is true.*  See 15 U.S.C. § 1635(c) (creating a rebuttable presumption that required disclosures were provided where there is a "written acknowledgment of receipt of any disclosures required under this title [15 U.S.C. §§ 1601 *et seq.*] by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.").  Based on this misunderstanding of the applicable law, Wells Fargo will not address Taggart's argument concerning this issue.

et al., No. 05-4851, 2006 U.S. Dist. LEXIS 32761, at *8-*9 (D.N.J. May 22, 2006) (dismissing claim where plaintiff failed to allege which disclosures were lacking from disclosure statements).  It would be unreasonable to expect Wells Fargo to respond to Count 11 without requiring Taggart to allege more facts to support his claim.  Even after the District Court permitted Taggart to file the Second Amended Complaint, he did not assert additional facts to establish a viable claim.

Count 12 alleges that Wells Fargo failed to disclose the payment schedule required by 12 C.F.R. § 226.18(g), which includes the number, amounts, and timing of payments scheduled to repay the obligation.  This allegation is erroneous.  The information required to be disclosed under section 226.18(g) is found on the Truth-in Lending Disclosure Statement, executed by Taggart.  See Appendix, Exhibit G.  This document clearly states the number, amount and timing of the payments required to repay the Mortgage Loan in the section titled "Payment Schedule."

Count 13 alleges that the lender "failed to disclose the total payments, using that term, and a descriptive explanation such as 'The amount you will have paid when you have made all scheduled payments'. 12 C.F.R. § 226.18(h)."  Again, this allegation is inaccurate.  The executed Truth-in Lending Disclosure Statement contains a box titled "Total of Payments," which is described as "[t]he amount you

19

will have paid after you have made all payments as scheduled" and includes the amount Taggart would have paid had he made all 360 payments.  Id.

### D. Taggart's Claims for Damages under TILA are Time-Barred.

Taggart's alleged entitlement to damages under TILA is barred by a one-year statute of limitations.  15 U.S.C. § 1640; Smith v. Fidelity Consumer Discount Company, 898 F.2d 896, 903 (3d Cir. 1990) ("in order to maintain an action for damages under TILA . . . the action must be brought 'within one year from the occurrence of the violation.'").  Since the required disclosures must be made "before consummation of the transaction," a violation occurs "when the consumer becomes contractually obligated on the credit transaction."  See 12 C.F.R. § 226.17(b) and 12 C.F.R § 226.2(a)(13).

Taggart's mortgage loan closed on September 15, 2006.  See Supplemental Appendix, p.162b – 163b.  He commenced the initial lawsuit against Wells Fargo on February 24, 2009, more than one year after "consummation of the transaction." Accordingly, the District Court properly determined that Taggart's claims for damages under TILA are time-barred.

### E. Taggart Did Not Allege Any Facts to Support Equitably Tolling his TILA and RESPA Claims.

The doctrine of equitable tolling is applied rarely and only in circumstances:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the

plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

Glover v. FDIC, 698 F.3d 139, 151 (3d Cir. 2012) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).  Taggart has not provided any facts in his Amended Complaint to establish his entitlement to this extraordinary remedy.  See Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005) ("equitable tolling is an extraordinary remedy which should be extended only sparingly.")

### i. Wells Fargo did not actively mislead Taggart.

Taggart provides no facts to support his allegation that Wells Fargo purposely concealed anything from him.  He merely argues that Wells Fargo's alleged failure to timely provide certain disclosures should permit the equitable tolling of the statute of limitations.  This allegation does not establish an affirmative act of concealment on the part of Wells Fargo.  Further, it is unfounded and conclusory as Taggart provides no facts in his complaints to support his allegation.

ii.    **Taggart makes no allegations as to how he was prevented from discovering the alleged claims within the limitations period.**

Taggart fails to refer to any allegations contained in the Amended Complaint that identify the manner in which he was prevented from discovering his TILA and RESPA claims. He appears to argue that his simple assertion that equitable tolling applies is sufficient to establish his right to this relief. It is not. The District Court properly analyzed Taggart's complaints and determined that he has not provided sufficient allegations to establish that his TILA and RESPA claims should be equitably tolled. Taggart's conclusory allegations do not establish that he was prevented from discovering his alleged claims within the limitations period.

iii.    **Taggart makes no allegations asserting reasonable due diligence in attempting to uncover the relevant facts to support his TILA and RESPA claims.**

Taggart neither points to allegations in his complaints nor presents argument in his brief asserting his exercise of reasonable due diligence in attempting to uncover the facts necessary to bring his TILA and RESPA claims within the limitations period. While he makes unsupported allegations that Wells Fargo failed to make certain disclosures, he fails to assert why he could not uncover the facts necessary to assert a claim within the limitations period and what, if any, diligence he used in attempting to discover his claims. Thus, Taggart has not alleged sufficient facts to permit application of the extraordinary remedy of equitable tolling to his TILA and RESPA claims.

22

**VIII.    CONCLUSION**

For the foregoing reasons, Wells Fargo Bank, N.A., respectfully asks that this Court affirm the District Court's dismissal of Appellant's complaint with prejudice.

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ John E. Lucian*
JOHN E. LUCIAN
Pennsylvania Bar Id. No. 92317
GREGORY F. VIZZA
Pennsylvania Bar Id. No. 207095
One Logan Square
Philadelphia, PA  19103
Telephone:  215-569-5500
Facsimile:  215-569-5555

Date:  April 10, 2013

*Attorneys for Appellee Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF WORD COUNT AND TYPEFACE</u>

      The Brief of Appellee complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,888 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  The Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

                          Respectfully submitted,

                          **BLANK ROME LLP**

                          By: <u>*/s/ Gregory F. Vizza*</u>
                          JOHN E. LUCIAN
                          Pennsylvania Bar Id. No. 92317
                          GREGORY F. VIZZA
                          Pennsylvania Bar Id. No. 207095
                          One Logan Square
                          Philadelphia, PA  19103
                          Telephone:  215-569-5500
                          Facsimile:  215-569-5555

Date:  April 10, 2013

                          *Attorneys for Appellee Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

I, Gregory F. Vizza, hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

Respectfully submitted,

**BLANK ROME LLP**

By: <u>*/s/ Gregory F. Vizza*</u>
JOHN E. LUCIAN
Pennsylvania Bar Id. No. 92317
GREGORY F. VIZZA
Pennsylvania Bar Id. No. 207095
One Logan Square
Philadelphia, PA  19103
Telephone:  215-569-5500
Facsimile:  215-569-5555

Date:  April 10, 2013

*Attorneys for Appellee Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS</u>

I, Gregory F. Vizza, hereby certify that the Brief of Appellee Wells Fargo Bank, N.A., as filed electronically is identical to the hard copy filed with the Clerk's Office and served on *pro se* Appellant Kenneth J. Taggart.

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Gregory F. Vizza*
JOHN E. LUCIAN
Pennsylvania Bar Id. No. 92317
GREGORY F. VIZZA
Pennsylvania Bar Id. No. 207095
One Logan Square
Philadelphia, PA  19103
Telephone:  215-569-5500
Facsimile:  215-569-5555

Date:  April 10, 2013

*Attorneys for Appellee Wells Fargo
Bank, N.A.*

## <u>CERTIFICATE OF VIRUS CHECK</u>

I, Gregory F. Vizza, hereby certify that the Brief of the Appellee as filed electronically was scanned for computer viruses by using Symantec Endpoint Protection.

Respectfully submitted,

**BLANK ROME LLP**

By: *<u>/s/ Gregory F. Vizza</u>*

JOHN E. LUCIAN
Pennsylvania Bar Id. No. 92317
GREGORY F. VIZZA
Pennsylvania Bar Id. No. 207095
One Logan Square
Philadelphia, PA  19103
Telephone:  215-569-5500
Facsimile:  215-569-5555

Date:  April 10, 2013

*Attorneys for Appellee Wells Fargo Bank, N.A.*

4

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory F. Vizza, hereby certify that on this 10th day of April, 2013, I caused a copy of Appellee Wells Fargo Bank, N.A.'s, Brief and its Supplemental Appendix to be served via first-class U.S. mail upon *pro se* Appellant noted below:

Kenneth J. Taggart
45 Heron Road
Holland, PA 18966

*/s/ Gregory F. Vizza*
GREGORY F. VIZZA