No. 12-4311

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

KENNETH J. TAGGART.

*Appellant*,

VS.

NORWEST MORTGAGE, INC., *et al.*,

*Appellees*.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 09-1281)

**SUPPLEMENTAL APPENDIX**

**BLANK ROME LLP**
JOHN E. LUCIAN
Pennsylvania Bar I.D. No. 92317
GREGORY F. VIZZA
Pennsylvania Bar I.D. No. 207095
One Logan Square
Philadelphia, PA  19103
Telephone:  215-569-5500
Facsimile:  215-569-5555

*Attorneys for Appellee Wells Fargo Bank, N.A.*

# TABLE OF CONTENTS

Amended Complaint dated July 1, 2009......................................................................1b

Second Amended Complaint dated April 12, 2010 ....................................................59b

Uniform Residential Loan Application dated September 15, 2006............................158b

HUD-1 Settlement Statement dated September 15, 2006 .........................................162b

:

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Kenneth J Taggart
45 Heron Rd
Holland, Pa 18966

Civil Case# 09-cv-1281

Plaintiff:

v.

Wells Fargo Home Mortgage, Inc.
Mac X2401-049
1 Home Campus
Des Moines, IA. 50328

Norwest Mortgage, Inc.
America's Servicing Company
Mac 2406-011
1 Home Campus
Des Moines, IA. 50328

Deutsche Bank National Trust Company,
Trustee for Morgan Stanley ABS Capital I Inc.,
Trust 2007-HE2
Wells Fargo Home Mortgage and America's Servicing Company
to provide address and service of complaint to this defendant

and Does

Defendant(s),

---

     This is an amended complaint and consolidation of other complaints
that were filed and are hereby being consolidated into one.

COMES NOW PLAINTIFF, KENNETH J TAGGART, an individual, who
all alleges damages and seeks releif against Defendants, and each of them as
follows.

                1        7/1/09  6/30/09

## JURISTICTION & VENUE

1.     Juristiction and Venue is conferred as the property is located and all transactions took place in Bucks County, State of Pennsylvania.

2.     Plaintiff relies on Federal Statues and Pennsylvania State law on which to base his claims ; The Real Estate Settlement & Procedures Act, & The Consumer Protection Credit Act. 15 U.S.C. 1601,  The Federal Truth In Lending Act & Regulation"Z", The Fair Credit Reporting Act, The Fair Debt Collection Practices Act, - Pennsylvania State Law,The Pennsylvania Unfair Trade, Practices and Consumer Protection.
Act  15 U.S.C. 1601,  12 U.S.C.A. 2601, 12 U.S.C.A. 2603,12 U.S.C.A. 2604, 12 U.S.C.A. 2607,12 U.S.C.A. 2610.,12 U.S.C.A. 2603, 24 CFR 3500.14, 24 CFR 3500.6, 24 CFR 3500.7, CFR 3500.10, 12 CFR 226.20, 12 CFR 226.19(b), 12 CFR226.18, 12 CFR  226.18(g), 12 CFR 226.18(h), 12 CFR 226.31(c), 12 CFR 226.32(c), 15 U.S.C.1639(a),15 U.S.C.1639(b), 15 USC 1681, 12 USC 2605, 15 USC 1601,1692,1692-1622p.

UTPCPL 73 PS. 201-1 73 P.S.   201-9.2

2

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

## PRELIMINARY ALLEGATIONS

3.    At all times relevant herin, Plaintiff, Kenneth J Taggart, is the owner of a single family residential property whose address is ; 45 Heron Rd, Holland, Pa. 18966

4.    At times relevant herein, Plaintiff is informerd and believe that the Defendants, Wells Fargo Home Mortgage, Inc., America's Servicing Company, and Deutsche Bank National Trust Company is or are Corporations,  Limited Liability Partnerships or Limited Liability Companies doing business in Bucks County, State of Pennsylvania.

5.    At all times relevant herein, Plaintiff is informed and believes and thereon alleges that the true names, and identities and capacities, whether individual corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendants by such ficticious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6.    At all times relevant herin, Defendants are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

## STATEMENT OF FACTS

7.    On or about August 24, 2006, Plaintiff applied for a mortgage for the single
family residential property he owned at: 45 Heron Rd, Holland, Pa 18966

8.    The loan application for mortgage was made through Community Lending at a branch in Willow Grove, Pennsylvania.

9.    Community Lending then brokered the loan to Decision One Mortgage Inc,

10.    Loan was then sold later to America's Servicing Company, a company owned by Wells Fargo, Inc.

3

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

11.    An interest in the mortgage was sold at some point to Deutsche Bank National Trust Company; This must be determined and disclosed by servicer.

12.    Subsequent lenders, purchasers of mortgages,assignees or transferees are also responsible for violations by original broker and mortgage company

13.    Original lender and broker failed to follow "Truth In Lending" & " The Real Estate Settlement and Procedures Act" during the origination process of the loan.

14    During the orignation process Plaintiff was not provided with a "Good Faith Estimate" from Decesion One Mortgage until after settlement.

15.    Defendant(s) who charged fees in excess of normal loan charges and settlement fees and failed to disclose them to Plaintiff.

16.    Defendant(s) charged undisclosed broker fees.

17.    Decision One charged a higher interest rate than disclosed with the broker without disclosing ir prior to settlement.

18.    The APR, Annual Percentage Rate, was higher than the broker had disclosed prior to settlement and not disclosed by Decision One.

19.    Defendant failed to provide mortgage disclosures within 3 days of mortgage application. Decision One sent out wrong disclosures as well. Sent out disclosures for 5 yr ARM - interest only disclosure instead.

20.    Decsion One failed to provide final disclosures at least 3 days prior to closing.

21.    Desision One failed to provide closing documents and Hud 1 sheet at least 24 hours prior to settlement.

22.    Desision One failed to provide all disclosures prior to closing the loan.

23.    Settlement charges were misrepresented and more than what was than what was disclosed at settlement.

24.    Decision One engaged in Predatory Lending, Bad Faith and practiced Dishonest Business Policies. Decsion One charged excess broker fees and settlement charges inflating the rate and charges paid by Plaintiff.

4

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

25.     During the servicing of the loan, during the time when America's Servicing Company was servicing the loan, Defendant(s) failed to follow the procedures by law to resolve disputes.

26.     Defendant on several occasions willfully refused to follow "The Real Estate Settlement and Procedures Act" , "The Fair Credit Reporting Act" and "The Fair Debt Collection Practices Act".

27     During the process of resolving disputes, America's Servicing Company willfully and without disregard to Plaintiff cause Plaintiff harm by reporting inaccurate information, mis information, and failing to report account in dispute when obligated to by law.

28.     Plaintiff suffed "Defamation of Character" when violations occured in reporting credit history causing Plaintiff to loose thousands of dollars , causing him to pay higher interest rates, and adversly affecting credit score.

29.     Plaintiff was also promised that this loan could be refinanced  into a fixed rate loan at any time provided credit was good. Plaintiff tried to get a refinance even with good credit but with no avail.

30.     Plaintiff has tried to mediate these issues with Defendant(s) but with no avail.

5

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

# FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

31.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

32.    Defendant(s) failed to provide special information booklet at the time of application for adjustable rate loans and mortgage booklet(s)

33    Defendant(s) violated the " Real Estate Settlement and Procedures Act" 24 CFR 3500.6, 12 U.S.C.: 2604.

34.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

35.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

36.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELEIF AS PRAYED

# SECOND CLAIM FOR RELIEF '

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

37.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

6

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

38    Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff a broker processing fee of $550 and other unearned fees at  closing without prior disclosure.

39.    Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclsing all fees and charges prior to settlement.
RESPA 24 CFR 3500.14, 12 U.S.C. 2607

40.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

41.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

42.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

43.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

44.    Defendant(s) failed to provide a "Good Faith Estimate" prior to closing.

45.    Defendant(s)  violated the " Real Estate Settlement and Procedures Act" 24 CFR 3500.7, 12 U.S.C.: 2603.

7

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

46.   Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

47.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

48.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# FOURTH CLAIM FOR RELEIF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

49.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein

50.   Defendant(s) failed to provide mortgage documents and HUD 1 statement at least  24 hours prior to settlement.

51.   Defendnt(s) violated the " Real Estate Settlement and Procedures Act" RESPA 3500.10, 12 U.S.C. 2603

52.   Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

53.   Plaintiff is informed and beleives that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

8

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

54.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIEF and for the separate and distinct CLAIM FOR RELIIEF for Intentional Misrepresentation against Defendants, allege as follows:

55.     Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein

56     Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff a overnight fee of $20 and other unearned fees at closing without prior disclosure.

57.     Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclsing all fees and charges prior to settlement. RESPA 24 CFR 3500.14, 12 U.S.C. 2607

58.     Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

59.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

60.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

9

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National Company

## SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

61.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein

62    Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff $927.99 interest and other unearned fees at closing without prior disclosure.

63.    Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclsing all fees and charges prior to settlement. RESPA 24 CFR 3500.14, 12 U.S.C. 2607, CFR 3500.7

64.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

65.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

66.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

67.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

10

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

68. Defendant(s) failed to provide all disclosures 3 days after application. 24 CFR 3500.7

69 Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

70. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

71. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

72. Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

73 Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff $35.00 broker fax fee and other unearned fees at closing without prior disclosure.

74. Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclsing all fees and charges prior to settlement. RESPA 24 CFR 3500.14, 24CFR 3500.7 ,12 U.S.C. 2607

75. Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

11

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

76.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

77.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

78.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

79.    Defendant(s) charged plaintiff broker fees and "Yield Spread Premiums" in  excess of normal market fees and engaged in predatory lending by charging Plaintiff higher than current market rates for the loan. Premium of $3,825 by lender for higher interest rate to borrower willfully and knowingly charging a higher interest rate than should have been charged. 12 U.S.C. 2607, 24 CFR 3500.14

80.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

81.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

82.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

12

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## TENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

83.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

84.    Defendant(s) failed to provide a statement that " Disclosure forms are available for the creditor's other variable- rate loan programs. 12 C.F.R., 226.19(b).

85.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

86.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

87.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## ELEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

88.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

89.    Defendant failed to make all disclosures available before consumation. 12 C.F.R., 226.18

13

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

90.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

91.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

92.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWELTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

93.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

94.    Defendant(s) failed to disclose the payment schedule per "Regulation Z " 12 C.R.F. 226.18(g) Creditors must disclose the number, amounts, and timing of payments scheduled to repay the obligation.

95.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

96.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

14

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

97.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

98.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

99.    Defendant(s) failed to disclose the total payments, using that term, and a descriptive explaination such as " The amount you will have paid when you have made all scheduled payments". 12 C.F.R. 226.18(h). The total payments is the sum of the paymments disclosed 12 C. F. R. 226.18(g).

100.    Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

101.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

102.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

15

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# FIFTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

103.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

104.   Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to delever to the consumer special HOEPA disclosure notice at least three days prior to closing of the loan. 15 U.S.C. 1639(b); 12 C.F.R. 226.31 (c)

105.   Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

106.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

107.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# SIXTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

108.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

16

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

109.   Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to provide notice that " The consumer need not enter into the loan, and if he does enter the loan, he could loose his home and any money as put in it." 15 U.S.C. 1639(a); 12 C.F.R. 226.32(c)

110.   Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

111.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

112.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

113.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

114.   Defendant(s) failed to provide to Plaintiff HOEPA notices that include: an accurate statement of APR, monthly payments, and a maximum payment amount on variable rate loans. 15 U.S.C. 1639 (a)(2); 12 C.F.R. 226.32(c)(2)-(4)

Defendants failed to provide HOEPA disclosure to Plaintiff that must state the total amount borrowed. 12 C.F.R. 226.32(c)(3)-2.

17

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

115.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

116.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

117.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## EIGHTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

118.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

119.   Defendant failed to disclose the loan term(s) throughout the loan when the rate or payment amount is changed. 12 C.F.R. 226.20

120.   Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

121.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

18

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

122.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## NINETEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

123.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

124.   Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to delever to the consumer special HOEPA disclosure notice at least three days prior to closing of the loan. 15 U.S.C. 1639(b); 12 C.F.R. 226.31 (c)

125.   Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

126.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

127.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

19

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# TWENTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

128.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

129.   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equiy Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go.  Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage.

130.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff''s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

131.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

132.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWENTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

133.   Plaintiff repeats and repleads paragraphs 1 through 19 and incorporates the allegations by referance as though fully set-forth herein.

20

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

134.   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equity Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go. Defendant engaged in Equity Stripping from Plaintiff without disregard for best interest to Home Owner or borrower. Defendant engaged in willfull misrepresentation and disregard as to Borrower's Financial status or protection of Equity in Home. Defendants violated the "Home Owners Equity protection Act".

135.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

136.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

137.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

138.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

21

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

139.    Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equiy Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go. Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage. Defendant engaged in "Flipping" by persuading Plaintiff to refinance when it did not make any sense.

140.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

142.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

143.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

144.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

145. Defendant failed to provide disclosures on adjustable rate mortgages at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

22

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

146.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

147.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

148.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

149.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

150. Defendant failed to provide and disclose all terms of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

151.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

152.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

23

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

153.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

154.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

155. Defendant failed to provide and disclose all fees and cost of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

156.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

157.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

158.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

24

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# TWENTY SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

159.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

160.   Defendant failed to provide and disclosures all fees and cost of the loan at least 3 days prior to closing of the loan.        "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

161.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

162.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

163.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWENTY SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

164.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

25

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

165.  Defendant failed to provide closing documents and Hud 1 statement at least 24 hours prior to closing of the loan. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

166.  Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

167.  Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

168.  Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

## TWENTY EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

169.  Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

170.  Defendant(s) charged plaintiff broker fees and "Yeild Spread Premiums" in  excess of normal market fees and engaged in predatory lending by charging Plaintiff higher than current market rates for the loan. Premium of $3,825 by lender for higher interest rate to borrower willfully and knowingly charging a higher interest rate than should have been charged. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

171.  Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

26

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

172.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

173.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

174.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

175.   Defendant(s) failed to provide a statement that " Disclosure forms are available for the creditor's other variable- rate loan programs. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

176.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

177.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

178.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

27

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## THIRTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

179.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

180.   Defendant(s) failed to disclose the payment schedule per "Creditors must disclose the number,amounts, and timing of payments scheduled to repay the obligation. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

181.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

182.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

183.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

184.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

185    Defendant(s) failed to disclose the total payments, using that term, and a descriptive explaination such as " The amount you will have paid when you have made all scheduled payments. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

186.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

187.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

188.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

189.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

190.    Defendant(s) failed to disclose the payment schedule per "Creditors must disclose the number,amounts, and timing of payments scheduled to repay the obligation. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

191.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

29

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

192.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

193.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

194.    Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

195.    Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to delever to the consumer special HOEPA disclosure notice at least three days prior to closing of the loan. . "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

196.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

197.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

198.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

30

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# THIRTY FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

199.  Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

200.   Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to provide notice that " The consumer need not enter into the loan, and if he does enter the loan, he could loose his home and any money as put in it." "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

201.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

202.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

203.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# THIRTY FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

204.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

31

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

.205.   Defendant failed to disclose the loan term(s) throughout the loan when the rate or payment amount is changed "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

206.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

207.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

208.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

## THIRTY SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

209.   Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

210   Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equiy Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go. Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage.
 "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

211.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

32

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

212.  Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

213.  Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

214.  Plaintiff repeats and repleads paragraphs 1 through 24 and incorporates the allegations by referance as though fully set-forth herein.

215.  Defendant breached to fiduciary duty of the Plaintiff to obtain the best loan Possible for the at that time of the refinance. Plaintiff inquired about a Equity Loan or Equiy Line, but Defendant steered Plaintiff to a complete refinance and indicated that this is the best way to go.  Plaintiff paid off a lower interest rate 1st and 2nd to refinance the whole mortgage at a higher rate than original mortgage.
 "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

216.  Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

217.  Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

218.  Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

33

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# THIRTY EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Credit Reporting and Defamation, allege as follows

219.  Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by referance as though fully set-forth herein.

220  Plantiff disputed the payment history,payments credited as well as payment amount several times and defendant failed to follow the procedure under " The Fair Credit Reporting Act". Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

221.  3/29/08, 5/29/08,6/21/08,6/26/08 & 2/24/09 Defendant(s) failed to report the account as "In Dispute" with the credit Bureaus.

222.  5/15/08 & 5/30/08 failed to credit payments as required.

223.  6/26/08 reported inaccurate and derogatory information while in dispute in violation of "The Fair Credit Reporting Act". 15 U.S.C. 1681

224.  Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

225.  Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

226.  Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

34

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# THIRTY NINE CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Mortgage servicing and Defamation, allege as follows

227.   Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by referance as though fully set-forth herein.

228   Plantiff disputed the payment history,payments credited as well as payment amount several times and defendant failed to follow the procedure under " Real Estate Settlement and Procedures Act". Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

229.   3/29/08, 5/29/08,6/21/08,6/26/08 & 2/24/09 Defendant(s) failed to provide the name, person, and phone number who can resolve the dispute.

5/15/08 & 5/30/08 failed to credit payments as required.

230.   6/26/08 reported inaccurate and derogatory information while in dispute in violation of Section six of "The Real Estate Settlement and Procedures Act". 12 U.S.C. 2605. Defendant(s) failed  to protect the credit rating of the Plaintiff during the 60 day protection period while in dispute.

231.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

232.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

233.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

35

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

# FORTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Fair Debt Collection violations and Defamation, allege as follows

234.   Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by referance as though fully set-forth herein.

235   Plantiff disputed the payment history,payments credited as well as payment amount several times and defendant failed to follow the procedure under " Fair Debt Collections Practices  Act".
 Defendant(s) failed to report to the Credit Bureaus that the loan was in dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

236.   3/29/08, 5/29/08,6/21/08,6/26/08 & 2/24/09 Defendant(s) failed to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601, 15 U.S.C. 1692 ,1692-1622p

237.   Defendant on 5/15/08 & 5/30/08 failed to credit Plaintiff's payments as required.

238.   6/26/08 reported inaccurate and derogatory information while in dispute in violation of  "The Fair Debt Collection Practices Act"Sec 809(b)
 Defendant(s) failed  to protect the credit rating of the Plaintiff without validating debt and while in dispute. 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p

239    . Defendant(s) continued collection activity and reported misinformation to credit bureaus even when debt was not validated. "Fair Debt Collection Practices Act"809(b).

240.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a dispicable, deliberate, cold, callous and intentional mannor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

241.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

36

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

70.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:

### On the First Claim for Relief for failing Provide Required Diclosures

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

### On the Second Claim for Relief for Charging Undisclosed Fees

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

37

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Third Claim for Relief for Failing to Provide Good Faith Estimate

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Fourth Claim for Relief for Failing to Provide Mortage Documents 24 hours prior to settlement

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

38

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Fifth Claim for Relief for Charging Undisclosed Fees

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Sixth Claim for Relief for Charging Undisclosed Fees

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

39

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the  Seventh Claim for Relief for Failing to Provide Disclosures 3 Days After Application

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Eighth Claim for Relief for Charging Undisclosed Fees

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

40

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Ninth Claim for Relief for Predatory Lending and Charging Yeild Spread Premiums

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Tenth Claim for Relief for Failing to Provide Disclosures for Variable Rate Information

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

41

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Eleventh Claim for Relief for Failing to Make All Disclosures Available before Consumation

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Twelth Claim for Relief for Failing to Provide Disclosures for Payment Schedule,number and amounts of Payments

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

42

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Thirteenth Claim for Relief for Failing to Make All Disclosures Total & sum of Payments

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Fourteenth Claim for Relief for Failing to Provide Disclosures for Payment Scheduled Payments

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

**On the Fifteenth Claim for Relief for Failing to Make All Disclosures Under HOEPA - At least 3 days Prior to settlement**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Sixteenth Claim for Relief for Failing to Provide HOEPA Notice**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

44

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Seventeenth Claim for Relief for Failing to Notices Under HOEPA -

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Eighteenth Claim for Relief for Failing to Provide Notices Throughout the Loan

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

45

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

**On the Nineteenth Claim for Relief for Failing to Disclosures Under HOEPA - Consumer Special disclosures at least 3 days in Prior to Closing**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twentieth Claim for Relief for Failing the Fiduciary duty due to Plaintiff by"Steering"**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

46

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

**On the  Twenty First Claim for Relief for Failing the Fiduciary duty  due to Plaintiff by"Equity Stripping"**

**1. Compensatory Damages in an amount to be proven at trial;**

**2. General Damages in the amount in excess of $500,000 or to be proven at trial;**

**3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;**

**4. Statutory Damages in the amount to be proven at trial;**

**5. Special Damages in the amount to be proven at trial;**

**6. Treble Damages in the amount to be proven at trial;**

**7. Rescission of Loan**

**On the Twenty Second Claim for Relief for Failing the Fiduciary duty  due to Plaintiff by"Flipping"**

**1. Compensatory Damages in an amount to be proven at trial;**

**2. General Damages in the amount in excess of $500,000 or to be proven at trial;**

**3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;**

**4. Statutory Damages in the amount to be proven at trial;**

**5. Special Damages in the amount to be proven at trial;**

**6. Treble Damages in the amount to be proven at trial;**

**7. Rescission of Loan;**

47

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

**On the Twenty Third Claim for Relief for Failing to Provide**
**Disclosures under the Pennsylvania Unfair Trade Practices**
**and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twenty Fourth Claim for Relief for Failing to Provide**
**Disclosures and Terms under the Pennsylvania Unfair**
**Trade Practices and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

48

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Twenty Fifth Claim for Relief for Failing to Provide Disclosures and Fees under the Pennsylvania Unfair Trade Practices and Consumer Protaction Law

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Twenty Sixth Claim for Relief for Failing to Provide Disclosures All fees and Costs at least 3 days prior to closing under the Pennsylvania Unfair Trade Practices and Consumer Protaction Law

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

49

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

**On the  Twenty Seven Claim for Relief for Failing to Provide
Hud 1 at least 24 Hours prior to Closing under the Pennsylvania
Unfair Trade Practices  and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Twenty Eight Claim for Relief for charging "Yield Spread
Premiums" and Cost/Interest Rates higher than should have
been Charged under the Pennsylvania Unfair Trade Practices
and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

50

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank
National

**On the  Twenty Ninth Claim for Relief for Failing to Provide
Disclosure forms Required under the Pennsylvania
Unfair Trade Practices  and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirtieth Claim for Relief for Failing to Disclose
All Terms Of the Loan under the Pennsylvania Unfair Trade
Practices and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

51

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank
National

**On the Thirty First Claim for Relief for Failing to Provide
Disclosure Descriptive Explaination under the Pennsylvania
Unfair Trade Practices and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Second for Relief for Failing to Disclose
Payment Schedule and All Terms Of the Loan under The
Pennsylvania Unfair Trade Practices and Consumer
Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

52

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank
National

**On the  Thirty Third Claim for Relief for Failing to Provide
special Disclosures under the Pennsylvania Unfair Trade
 Practices  and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
    proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
    proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Fourth for Relief for Failing to Disclose
"Consumer Need Not enter Into the Loan" The
Pennsylvania Unfair Trade Practices and Consumer
Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
    proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
    proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

53

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank
National

**On the  Thirty Fifth Claim for Relief for Failing to Provide
Loan terms Throughout the Loan under the Pennsylvania
Unfair Trade  Practices  and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

**On the Thirty Sixth for Relief for "Breach Of Fiduciary
Duty to Plaintiff " ThePennsylvania Unfair Trade Practices
and Consumer Protaction Law**

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

54

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank
National

## On the  Thirty Seven Claim for Relief for "Breach Of Fiduciary Duty" for Loan under the Pennsylvania Unfair Trade  Practices  and Consumer Protection Law

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Thirty Eight for Relief for Violations under "The Fair Credit Reporting Act"

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

55

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## On the Thirty Ninth Claim for Relief for violations under "The Real Estate Settlement and Procedures Act" for Servicing Violations

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Fortieth for Relief for Violations under "The Fair Debt collections Practices Act"

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

56

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

**On all Claims for Relief:**

**1. Cost of suit;**

**2. Attorneys fees; and,**

**3. Such other relief as the court deems just and proper.**

Dated July 1st, 2009

**Kenneth J Taggart**

**Plaintiff**

**Pro Se**

57

Taggart vs Wells Fargo Home Mortgage Inc., America's Servicing Company & Deutsch Bank National

## Certificate of Service

The undersigned certifies that on July 1,2009, he cuased a copy of

amended complaint  # 09-CV -1281 to be hand delivered and served

the court via personal service. Additionally, the undersigned certifies

that he caused a true and correct copy of the amended complaint to

be delivered via personal service on the following:

Blank Rome
John Lucian
One Logan Square
130 n 18th St
Philadelphia, Pa.19103

Council for Defendants

Kenneth J Taggart

Pro Se



# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

Kenneth J Taggart
45 Heron Rd
Holland, Pa 18966

Civil Case# 09-cv-1281

Plaintiff:

v.

Wells Fargo Home Mortgage, Inc.
Mac X2401-049
1 Home Campus
Des Moines, IA. 50328



Norwest Mortgage, Inc.
America's Servicing Company
Mac 2406-011
1 Home Campus
Des Moines, IA. 50328

Deutsche Bank National Trust Company,
Trustee for Morgan Stanley ABS Capital I Inc.,
Trust 2007-HE2
Wells Fargo Home Mortgage and America's Servicing Company
to provide address and service of complaint to this defendant

and Does

Defendant(s),

---

## 2nd Amended Complaint

---

This is a **2ND amended complaint** being filed in compliance with the

Memorandum and order dated January 11,2010 and extension granted to extend

time to filed an amended complaint until April 11,2010.

**59b**

## Short and Plain Statement of Claim

The Plaintiff, Kenneth J Taggart, is bringing claim against defendant(s) Wells Fargo Home Mortgage Inc. (Wells Fargo), America's Servicing Company (ASC), and Deutsche Bank National Trust Company (Deutsche Bank) for several violations of law during the origination and Servicing of Plaintiff's mortgage loan on his property located at; 45 Heron Rd, Holland, pa 18966.

The Defendant(s) Wells Fargo, & Deutsche Bank as subsequent lenders are in violation of mortgage origination laws (Federal statutes), The Truth-In-Lending Act (TILA), The Real Estate Settlement & Procedures Act (RESPA), and Pennsylvania State Statutes of The Unfair Trade Practices Act & Consumer Protection laws (UTPCPL), as well as Pennsylvania State statutes that regulate mortgages, 41. P.S. 301 (a-f). Defendants, Wells Fargo, & Deutsche Bank purchased a loan that did not follow all disclosure laws regarding fees, costs and terms of the loan during the origination and loan closing; They also did not provide representative at closing to explain confusing and mis leading terms as well as concealed terms. The Plaintiff is entitled to relief under the law; The law permits relief of compensatory damages, punitive damages, statutory damages, special damages, treble damages and rescission of loan. Plaintiff has suffered among other things, financial loss as well as financial and emotional stress caused by Defendants, Wells Fargo, & Deutsche Bank actions.

America's Servicing Company (ASC), violated mortgage loan servicing Laws, RESPA, UTPCPL, The Fair Credit Reporting Act (FACRA), The Fair Debt Collection Practices Act (FDCPA) and PA statutes 73 P.S. 2270.4. ASC failed

2

to respond to servicing issues that occurred while they were servicing the loan

with Plaintiff. ASC , among other things, failed to protect credit rating of Plaintiff,

reported inaccurate and derogatory information about Plaintiff to credit bureaus.

ASC's actions caused damage and defamation to Plaintiff. The Plaintiff is

entitled to relief under the law; The law permits relief of compensatory damages,

punitive damages, statutory damages, special damages, treble damages and

rescission of loan. Plaintiff has suffered, among other things, financial loss as

well as financial and emotional stress caused by Defendant, ASC.

COMES NOW PLAINTIFF, KENNETH J TAGGART, an individual, who

all alleges damages and seeks relief against Defendants, and each of them as

follows.

## JURISDICTION & VENUE

1.      Jurisdiction and Venue is conferred as the property is located and all
transactions took place in Bucks County, State of Pennsylvania.

2.      Plaintiff relies on Federal Statues and Pennsylvania State law
on which to base his claims ; The Real Estate Settlement & Procedures Act,
& The Consumer Protection Credit Act. 15 U.S.C. 1601, The Federal Truth In
Lending Act & Regulation "Z", The Fair Credit Reporting Act, The Fair Debt
Collection Practices Act, - Pennsylvania State Law, The Pennsylvania Unfair
Trade, Practices and Consumer Protection. Fair Credit Extension Uniformity Act

Act 15 U.S.C. 1601, 12 U.S.C.A. 2601, 12 U.S.C.A. 2603,12 U.S.C.A. 2604,
12 U.S.C.A. 2607,12 U.S.C.A. 2610.,12 U.S.C.A. 2603, 24 CFR 3500.14,
24 CFR 3500.6, 24 CFR 3500.7, CFR 3500.10, 12 CFR 226.20,
12 CFR 226.19(b), 12 CFR226.18, 12 CFR  226.18(g), 12 CFR 226.18(h),
12 CFR 226.31(c), 12 CFR 226.32(c), 15 U.S.C.1639(a),15 U.S.C.1639(b),
15 USC 1681, 12 USC 2605, 15 USC 1601,1692,1692-1622p.

PA  UTPCPL 73 PS. 201-1 73 P.S.   201-9.2

PA Title 41 P.S. 301 ,  PA 73 P.S. 2270.4

3

## PRELIMINARY ALLEGATIONS

3.     At all times relevant herein, Plaintiff, Kenneth J Taggart, is the owner of a single family residential property whose address is ; 45 Heron Rd, Holland, Pa. 18966

4.     At times relevant herein, Plaintiff is informed and believe that the Defendants, Wells Fargo Home Mortgage, Inc., America's Servicing Company, and Deutsche Bank National Trust Company is or are Corporations, Limited Liability Partnerships or Limited Liability Companies doing business in Bucks County, State of Pennsylvania.

5.     At all times relevant herein, Plaintiff is informed and believes and thereon alleges that the true names, and identities and capacities, whether individual corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6.     At all times relevant herein, Defendants are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

4

**62b**

# STATEMENT OF FACTS

7.     On or about August 24, 2006, Plaintiff applied for a mortgage for the single family residential property he owned at: 45 Heron Rd, Holland, Pa 18966 (Exhibit A17)

8.     The loan application for mortgage was made through Community Lending at a branch in Willow Grove, Pennsylvania. (is believed to be out of business)

9.     Community Lending then brokered the loan to Decision One Mortgage Inc, (Decision One is believed to be out of business)

10.     The loan was then sold later to America's Servicing Company (ASC), a Company owned by Wells Fargo, Inc. ( or sold to Wells Fargo and America's Servicing Company serviced the loan and is owned by Wells Fargo)

11.     An interest in the mortgage was sold at some point to Deutsche Bank National Trust Company; This must be determined and disclosed by servicer.

12.     Subsequent lenders, purchasers of mortgages, assignees or transferees are also responsible for violations by original broker and mortgage company per TILA, RESPA, & Pennsylvania Statutes.

13.     Original lender and broker ( Decision One and Community Lending) failed to follow "Truth In Lending" & The Real Estate Settlement and Procedures Act" during the origination process of the loan.

14     During the origination process Plaintiff was not provided with a "Good Faith Estimate" from Decision One Mortgage until after settlement.

5

**63b**

The disclosure provided in regards to adjustable rate loan was for a "5 year Interest only loan" instead of a 2 year adjustable rate (See Exhibit A1 & A8)

15.   Defendant(s) who charged fees in excess of normal loan charges and settlement fees and failed to disclose them to Plaintiff. A violation of the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and Procedures Act" (RESPA) . Also in violation of Pennsylvania State Statutes (UTPCPL). The broker charged an unearned "Yield Spread Premium of $3,825 at settlement; This was not disclosed prior to settlement  (Exhibit A17 & A21).

16.   Defendant(s) charged undisclosed broker fees. A violation of the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and Procedures Act" (RESPA). Also in violation of Pennsylvania State Statutes (UTPCPL). Fax fee of $35, overnight fee of $20, Processing fee of $550, Yield spread Premium of $3,825 and undisclosed interest of $927.99. (Exhibit A17 & A21).

17.   Decision One charged a higher interest rate than disclosed by the broker without disclosing it prior to settlement. A violation of the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and Procedures Act" (RESPA). Plaintiff relied on broker, but Decision One changed terms at the last minute and rushed Plaintiff through settlement without a representative from Decision One at closing to explain terms and costs. When Plaintiff realized a few days after settlement that  the loan charges were not as quoted, he called Decision One. Decision One told Plaintiff he signed the papers and he

is obligated to pay. Furthermore, Plaintiff did not realize that "The Margin" on
The loan changed from what was quoted by broker until after the fixed rate
portion of the loan ended after 2 years. Furthermore, Decision One added
A minimum interest rate not disclosed by the broker or Decision One prior
to settlement. Plaintiff later filed suit against Wells Fargo and Deutsche Bank
who purchased the loan from Decision One. (Exhibit A17)

18. The APR, Annual Percentage Rate, was higher than the broker had
disclosed prior to settlement and not disclosed by Decision One. A violation of
the "Truth-In-Lending Act" (TILA) and "The Real Estate Settlement and
Procedures Act" (RESPA). ( See Exhibit A1 & A17)

19. Plaintiff was deceived and misled by Decision One several times:

A) . **Decision One also sent out the wrong disclosures. They sent
out disclosures for 5 yr ARM - interest only disclosure instead, not the
correct disclosures for the loan** ( See Exhibit A1)

B). Decision One failed to provide closing documents and HUD 1 sheet
at least 24 hours prior to settlement. (Lenders are required to show proof of
Compliance when asserted in court per TILA & RESPA, Payne v. Equicredit
No.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

C) Disclosures that were supposed to be provided within 3 days of
mortgage application (Aug 28,2006) ; They were received after closing. (See

7

**65b**

Exhibit   A8  & A17). They were mailed Sept 5,2006 and received Sept 20,2006
After closing.

D) Decision One did not provide representative at closing (Sept 15,2006)
to explain closing documents to Plaintiff; This was the first time Plaintiff was
seeing terms and disclosures.

E) Decision One provided confusing and misleading terms with no
representative to explain documents and terms at closing. (See Adjustable
Rate Rider - Exhibit A18 , A19 & A20)

F) Decision One concealed terms " When the rate and Payment amount
is changed ( Wrong disclosure - see Exhibit A1).

G) Decision One Failed to disclose the total Payments using the term and
descriptive explanation such as " The amount you will have paid when you have
made all scheduled payments" ( see Exhibit A2)

H) Decision One failed to disclose the total payments and sum of
payments, and when each payment is due ( see Exhibit A2).

I) Decision One failed to disclose the payment schedule per Regulation Z;
Creditors must disclose the number of payments, amounts, and timing of
payments scheduled to repay the obligation ( see Exhibit A2).

J) Decision One failed to make all disclosures available before

$8$

consummation. Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, <u>Payne v. EquicreditNo.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))</u>

K) Decision One Failed to Provide statement that " Disclosure forms are available for the creditors other variable rate loan programs. Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, <u>Payne v. Equicredit No.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))</u>

L) Decision One Failed to disclose the " Margin" on the loan prior to closing. Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, <u>Payne v. EquicreditNo.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))</u>

M) When Plaintiff called Decision One after closing to question fees On settlement sheet, they told Plaintiff that he had signed paperwork and was stuck with the loan

20. Plaintiff was misled by ASC as to the rescission of the loan and as to the receipt of the letter requesting rescission of the loan

A) Plaintiff notified all defendants on September 11,2009 by registered U.S. Mail that he would like to " Rescind the Loan"; This is within 3 years of the consummation of the loan. *Note: Rescission starts the day it was mailed. (Exhibit A3 & A4)*

*B).* America's Servicing Company responded on September 21,2009

9

**67b**

Alleging that the letter was received on September 16,2009; A print out from
The U.S. Postal Service indicates that it was in fact delivered on September
15,2009 at 5:44 A.M ( Exhibit A12 - A16).

C)      America's Servicing Company acknowledges that the right to
rescind the Loan extended until September 15, 2009, but has attempted again to
mislead Plaintiff as to the material facts.( Exhibit A12 - A16).

D)      This is an attempt by Defendants to willfully mislead Plaintiff as to
the material facts of the case and as to the "Right of Rescission" ( Exhibit A12 -
A16).

21      Plaintiff was denied the "Due Diligence" period that should have been
afforded 18 days by TILA & RESPA if all disclosures were timely provided.
Plaintiff had to rely on what the broker had told plaintiff.  The disclosures and
mortgage documents were confusing and misleading and there was no one
present at closing from Decision One to explain closing documents. The closing
documentsand disclosures were confusing and misleading. Defendant(s)
acknowledge that all disclosures were not provided prior to settlement.
(See Exhibit A18 - A20).

22.     It is clear that there was no benefit to the Plaintiff for taking  this
adjustable rate loan; If the Plaintiff, or any rational person would have
known the actual terms that were concealed, the loan papers would
Never have been signed. ***The rate could only go up and not down?***

/ o

**68b**

It is apparent that the Plaintiff relied on deceptive conduct and statements. If disclosures were timely, plaintiff could have had enough time to complete "Due Diligence" as provided by TILA & RESPA. Plaintiff could have obtained A fixed rate at the same or similar rate that would stay the same; There was no benefit to Plaintiff. Plaintiff relied on Brokers terms.

23.    Decision One engaged in Predatory Lending, Bad Faith and practiced Dishonest Business Policies. Decision One charged excess broker fees and settlement charges inflating the rate and charges paid by Plaintiff.

24.    Plaintiff was also promised that this loan could be refinanced at any time provided credit was good. Plaintiff tried to get a refinance even with good credit but with no avail.

25.    Plaintiff has tried to mediate these issues with Defendant(s) but with no avail.

26.    Defendant, Wells Fargo and Deutsche Bank violated Pennsylvania state laws by knowingly Purchasing a loan that violated "The Pennsylvania Unfair Trade and Practices Act & Consumer Protection Laws (UTPCPL) and Pennsylvania Title 41. P.S.301 that regulates mortgages in the state of Pennsylvania. Subsequent lenders are also responsible for violations.

27.    During the servicing of the loan, America's Servicing Company Defendant, failed to follow the procedures by law to resolve disputes provided

//
**69b**

Under RESPA- Section Six, FACRA, FDCPA, & UTPCPL).

28.    Defendant, America's Servicing Company, on several occasions willfully refused to follow "The Real Estate Settlement and Procedures Act"(RESPA) , "The Fair Credit Reporting Act" (FCRA) and "The Fair Debt Collection Practices Act" FDCPA) . 3/29/08, 5/29/08,6/21/08,6/26/08 & 2/37/09 Defendant(s) failed to report the account as "In Dispute" with the credit Bureaus. 5/15/08 & 5/30/08 failed to credit payments as required. 6/26/08 reported inaccurate and derogatory information while in dispute in violation of "The Fair Credit Reporting Act". 15 U.S.C. 1681. Also a violation of (UTPCPL). Plaintiff was in the process of refinancing another loan on another property and it delayed closing in June 2008 causing Plaintiff to pay a higher interest rate for the 30 year term of the Loan (See Exhibits A5 - A7 & A9 - A11).

29     During the process of resolving disputes, America's Servicing Company willfully and without disregard to Plaintiff caused Plaintiff harm by reporting inaccurate information, mis information, and failing to report account in dispute when obligated to by law. RESPA Sec Six , FCRA & FDCPA (See Exhibits A5 - A7 & A9 - A11).

30.    Plaintiff suffered "Defamation of Character" when violations occurred in reporting credit history causing Plaintiff to loose thousands of dollars , causing him to pay higher interest rates, and adversely affecting credit score (See Exhibits A5 - A7 & A9 - A11).

31.    Defendant, America's Servicing Company, violated The Pennsylvania
Unfair Trade and Practices Act & Consumer Protection Laws (UTPCPL).
RESPA, FCRA and FDCPA during the servicing of this loan.

## FIRST CLAIM FOR RELIEF

COMES NOW PLANTIEF and for the separate and distinct CLAIM FOR
RELIIEF for Intentional Misrepresentation against Defendants, allege as
follows:

32.    Plaintiff repeats and re pleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein

33    Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s)
charged Plaintiff a undisclosed broker processing fee of $550 and other
unearned fees at closing without prior disclosure ( see Exhibit A17 & A21).

34.    Defendant(s) violated " The Real Estate Settlement and Procedures
Act" by not disclosing all fees and charges prior to settlement.
RESPA 31 CFR 3500.14, 12 U.S.C. 2607

35.    Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor

13

**71b**

thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

36.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

37.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SECOND CLAIM FOR RELIEF

COMES NOW PLANTIEF and for the separate and distinct CLAIM FOR RELIIEF for Intentional Misrepresentation against Defendants, allege as follows:

38.   Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein

39   Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff a undisclosed overnight fee of $20 and other unearned fees at  closing without prior disclosure (see Exhibit A17 & A21).

40.   Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement.

$14$ **72b**

RESPA 31 CFR 3500.14, 12 U.S.C. 2607

41.     Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

42.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

43.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

$15$  **73b**

44.    Plaintiff repeats and repleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein

45     Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s)
charged Plaintiff undisclosed $927.99 interest and other unearned fees
at closing without prior disclosure ( see Exhibit A17 & A21).

46.    Defendant(s) violated " The Real Estate Settlement and Procedures
Act" by not disclosing all fees and charges prior to settlement.
RESPA 31 CFR 3500.14, 12 U.S.C. 2607, CFR 3500.7

47.    Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

48.    Plaintiff is informed and believes that as a further result of Defendant(s)
conduct, Plaintiff has suffred economic damages in the amount to be proven
at trial.

49.    Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional

distress in an amount to be proven at trial.

/6

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows:

50. Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

51 Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff undisclosed $35.00 broker fax fee and other unearned fees at closing without prior disclosure ( see Exhibit A17 & A21).

52. Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement.
RESPA 31 CFR 3500.14, 31CFR 3500.7 ,12 U.S.C. 2607

53. Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

54.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

55.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

56.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

57.    Defendant(s) charged plaintiff undisclosed broker fees , "Yield Spread Premiums" in  excess of normal market fees and engaged in predatory lending by charging Plaintiff higher than current market rates for the loan.

The Premium of $3,825 by lender for higher interest rate to borrower willfully and knowingly charging a higher interest rate than should have been charged. 12 U.S.C. 2607, 31 CFR 3500.14 ( see Exhibit A17 & A21).

18
**76b**

58.     Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

59.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

60.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

61.     Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

19

62.    Defendant(s) failed to provide a statement that " Disclosure forms
are available for the creditor's other variable- rate loan programs.

12 C.F.R., 226.19(b) (Lenders are required to show proof of

Compliance when asserted in court per TILA & RESPA, Payne v. Equicredit
No.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

63.    Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

64.    Plaintiff is informed and believes that as a further result of Defendant(s)
conduct, Plaintiff has suffred economic damages in the amount to be proven
at trial.

65.    Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

20

## SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

66.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

67.    Defendant failed to make all disclosures, including disclosure of "The Margin" available before consummation 12 C.F.R., 226.18 (Lenders are required to show proof of Compliance when asserted in court per TILA & RESPA, Payne v. Equicredit No.oo-6442 slip at 10-11 (E.D. Pa April 12,2002).

68.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor hereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

69.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

70.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

21 **79b**

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Defendants, allege as
follows

71.     Plaintiff repeats and repleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein.

72.     Defendant(s) failed to disclose the payment schedule per
"Regulation Z " 12 C.R.F. 226.18(g) Creditors must disclose the number,
amounts, and timing of payments scheduled to repay the obligation.
(Exhibit A2)

73.     Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

22

74.     Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffred economic damages in the amount to be proven

at trial.

75.     Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

## NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

Follows;

76.     Plaintiff repeats and repleads paragraphs 1 through 31 and

incorporates the allegations by reference as though fully set-forth herein.

77.     Defendant(s) failed to disclose the total payments, using that term, and

a descriptive explanation such as " The amount you will have paid when you

have made all scheduled payments". 12 C.F.R. 226.18(h). The total payments

is the sum of the payments disclosed 12 C. F. R. 226.18(g) (Exhibit A2).

78.     Defendant(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

23

**81b**

was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

79.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

80.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

81.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

82.    Defendant failed to disclose and concealed the loan term(s) throughout the loan when the rate or payment amount is changed. 12 C.F.R. 226.20 (Lenders are required to show proof of Compliance when asserted in court per

24

TILA & RESPA, Payne v. EquicreditNo.oo-6442 slip at 10-11 (E.D. Pa April 12,2002))

83.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

84.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

85.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## ELEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

25

**83b**

86.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

87. Defendant failed to provide disclosures on adjustable rate mortgages at the time of mortgage application in violation of RESPA which constitutes A violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

88.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

89.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

90.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWELTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

91.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

92. Defendant failed to provide and disclose all terms of the loan at the time of mortgage application  or provide them within 3 days of mortgage application in violation of RESPA which constitutes A violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

93.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

94.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

27

95.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

96.     Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

97. Defendant failed to provide and disclose all fees and cost of the loan at the time of mortgage application in violation of RESPA which constitutes A violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

98.     Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in

28
**86b**

an amount according to proof.

99.     Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

100.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# FOURTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

101.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

102.    Defendant failed to provide and disclosures all fees and cost of the loan at least 3 days prior to closing of the loan in violation of RESPA which constitutes A violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

103.    Defendant(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

104.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

105.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# FIFTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

106.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

107.    Defendants, Wells Fargo and Deutsche Bank as subsequent lenders to Decision One Mortgage,  charged plaintiff broker fees and "Yield Spread

30

**88b**

Premiums" in excess of normal market fees and engaged in predatory lending
by charging Plaintiff higher than current market rates for the loan.

Premium of $3,825 by lender for higher interest rate to borrower willfully
and knowingly charging a higher interest rate than should have been charged.
This is a violation of RESPA which constitutes a violation of "The Pennsylvania
Unfair Trade Practices and Consumer protection Law" ("UTPCPL)73 P.S. 201-
1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

108. Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

109. Plaintiff is informed and believes that as a further result of Defendant(s)
conduct, Plaintiff has suffred economic damages in the amount to be proven
at trial.

110. Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

31

## SIXTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

111.    Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

112.    Defendant(s) failed to provide a statement that " Disclosure forms are available for the creditor's other variable- rate loan programs.

This is a violation of RESPA which constitutes a violation of

"The Pennsylvania Unfair Trade Practices and Consumer protection Law"
(
"UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

113.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

114.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

115.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# SEVENTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

116.   Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

117.   Defendant(s) failed to disclose the payment schedule per "Creditors must disclose the number, amounts, and timing of payments scheduled to repay the obligation. This is a violation of RESPA which constitutes a violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

118.   Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

119. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

120. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# EIGHTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

121. Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

122 Defendant(s) failed to disclose the total payments, using that term, and a descriptive explanation such as " The amount you will have paid when you have made all scheduled payments. This is a violation of RESPA which

34 **92b**

constitutes a violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL) 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

123. Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

124. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

125. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## NINETEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

35

**93b**

126. Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

127. Defendant failed to disclose and then concealed the loan term(s)

throughout the loan when the rate or payment amount is changed .

This is a violation of RESPA which constitutes a violation of

"The Pennsylvania Unfair Trade Practices and Consumer protection Law"

("UTPCPL"), 73 P.S. 201-1& 2 ,73 P.S. 201-9.2, & 41 P.S. 301

128. Defendant(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

129. Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffred economic damages in the amount to be proven

at trial.

130. Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

36

**94b**

# TWENTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Credit Reporting and Defamation, allege as
follows

131.    Plaintiff repeats and repleads paragraphs 1 through 31 and
incorporates the allegations by reference as though fully set-forth herein.

132    Plaintiff disputed the payment history, payments credited as well
as payment amount several times and defendant failed to follow the
procedure under " The Fair Credit Reporting Act" and UTPCPL. Defendant(s)
failed to report to the Credit Bureaus that the loan was in dispute, failed to
make a consumer report disclosure, reported inaccurate information to the
credit bureaus, and damaged the character of the Plaintiff.

133.    3/29/08, 5/29/08,6/21/08,6/26/08 & 2/31/09 Defendant(s) failed
to report the account as "In Dispute" with the credit Bureaus.

134.    5/15/08 & 5/30/08 failed to credit payments as required.

135.    6/26/08 reported inaccurate and derogatory information while in
dispute in violation of "The Fair Credit Reporting Act". 15 U.S.C. 1681

136.    Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and

37

was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

137.   Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

138.   Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWENTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Mortgage servicing and Defamation, allege as follows

139.   Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

140.   Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the

38
**96b**

procedure under " Real Estate Settlement and Procedures Act".
Defendant(s) failed to report to the Credit Bureaus that the loan was in
dispute, failed to make a consumer report disclosure, reported inaccurate
information to the credit bureaus, and damaged the character of the
Plaintiff.

141.   3/29/08, 5/29/08,6/21/08,6/26/08 & 2/31/09 Defendant(s) failed
to provide the name, person, and phone number who can resolve the
dispute. *A response was provided by America's Servicing Company,
however it was not possible to contact the person listed on the response
via phone as required by law. Plaintiff was just sent to customer service
department.*

On 5/15/08 & 5/30/08 failed to credit payments as required.

142.   6/26/08 reported inaccurate and derogatory information while in
dispute in violation of Section six of "The Real Estate Settlement and
Procedures Act". 12 U.S.C. 2605.  Defendant(s) failed  to protect the credit
rating of the Plaintiff during the 60 day protection period while in dispute.
This also violates the UTPCPL.

143.   Defendant(s), and each of them, committed the acts herein alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

144. Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

145. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Fair Debt Collection violations and Defamation, allege as follows

146. Plaintiff repeats and repleads paragraphs 1 through 31 and incorporates the allegations by reference as though fully set-forth herein.

147 Plaintiff disputed the payment history, payments credited as well as payment amount several times and defendant failed to follow the procedure under " Fair Debt Collections Practices Act".

Defendant(s) failed to report to the Credit Bureaus that the loan was in

40 **98b**

dispute, failed to make a consumer report disclosure, reported inaccurate information to the credit bureaus, and damaged the character of the Plaintiff.

The Defendant, America's Servicing Company, becomes a "Debt Collector" under the definition provided under FDCPA.

148.    3/29/08, 5/29/08,6/21/08,6/26/08 & 2/31/09 Defendant(s) failed to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601, 15 U.S.C. 1692 ,1692-1622p

149.    Defendant on 5/15/08 & 5/30/08 failed to credit Plaintiff's payments as required.

150.    6/26/08 reported inaccurate and derogatory information while in dispute in violation of "The Fair Debt Collection Practices Act's 809(b) Defendant(s) failed  to protect the credit rating of the Plaintiff without validating debt and while in dispute. 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p. Also violating PA (UTPCPL) + Fair Credit Extension Uniformity Act,  2270.4

151.    . Defendant(s) continued collection activity and reported misinformation to credit bureaus even when debt was not validated. "Fair Debt Collection Practices Act"809(b).

152.    Defendant(s), and each of them, committed the acts herein alleged

4 | **99b**

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

153.    Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffred economic damages in the amount to be proven at trial.

154.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:

## On the First Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

42

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Second Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Third Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Fourth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Fifth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Sixth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Seventh Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

45

## On the Eighth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Ninth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

46

## On the Eleventh Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Twelfth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Thirteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Fourteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Fifteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Sixteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

49

## On the Seventeenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Eighteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

On the Nineteenth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

On the Twentieth Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

## On the Twenty First Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

## On the Twenty Second Claim for Relief

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $500,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $500,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan

On all Claims for Relief:

1. Cost of suit;

2. Attorneys fees; and,

3. Such other relief as the court deems just and proper.

Dated _April 11_, 2010

Kenneth J Taggart

Plaintiff

Pro Se

53

**111b**

## Certificate of Service

The undersigned certifies that on April 12, 2010, he caused a copy of
2nd Amended Complaint on case # 09-CV-1281 to be delivered and served to
the Court via personal service. Additionally, the undersigned certifies that he
caused a true and correct copy of the foregoing 2nd Amended Complaint be
delivered and served on the following via personal service:

Blank Rome
John Lucian
130 n 18th St
1 Logan Square
Philadelphia, Pa 19103

Council for Defendants

FILED

APR 1 2 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Kenneth J Taggart
Pro se

**112b**

**Decision One Mortgage**
*Member HSBC* ⊗ *Group*

Date: **SEPTEMBER 1, 2006**

Loan Number: ~~Redacted~~

Borrower Name: **KENNETH J. TAGGART**

Property Address: **45 HERON ROAD, HOLLAND, PENNSYLVANIA 18966-2109**

## 5 YEAR INTEREST ONLY ADJUSTABLE RATE MORTGAGE LOAN PROGRAM DISCLOSURE
## 2 YEAR LIBOR ARM

This disclosure describes the features of an Adjustable Rate Mortgage (ARM) program you are considering, which is called the 5 YEAR INTEREST ONLY/2 YEAR LIBOR ARM. The interest rate and payment amount may each change during the term of this loan. Information on other ARM programs available from the lender will be provided upon request.

### HOW YOUR INTEREST RATE AND PAYMENT ARE DETERMINED:

* Beginning on the first Interest Rate Change Date, your interest rate will be based on an index rate plus a margin. Please ask us for our current interest rate and margin.
* Your initial interest rate will not be equal to an index rate plus a margin. If the initial interest rate is below the then current index plus margin ("the fully indexed rate"), then the initial interest rate will be a "discounted" interest rate. Please ask us about the amount of the current discount.
* The index rate is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. If this index is no longer available at any Interest Rate Change Date, the lender will choose a new index that is based on comparable information and will give you notice of this change.
* When your interest rate changes, your new interest rate will equal the index rate, which is the most recently available index rate as of the first business day of the month immediately preceding the Interest Rate Change Date, plus the margin rounded to the nearest one-eighth percent (.125%).
* Payments made during the first 5 (five) years will be applied towards interest only. This means that the regular monthly payments will not reduce the principal balance during the first 5 (five) years of your loan.
* Beginning in year 6 (six), payments will be applied towards principal and interest.
* During the period that you make payments of interest only, your payment will be based on the interest rate and loan balance. After that period, your payment will be based on the interest rate, loan balance and remaining loan term. Therefore, NO NEGATIVE AMORTIZATION WILL EVER OCCUR under this loan program.

### HOW YOUR INTEREST RATE CAN CHANGE

* Your interest rate can change on your 24th payment date and every 6 months thereafter (the "Interest Rate Change Date") to a rate equal to the index value plus the margin, rounded to the nearest .125%, subject to the following limits:
  * Your interest rate cannot increase by more than three percentage points (3.00%) at the first Interest Rate Change Date and cannot increase or decrease by more than one percentage point (1.00%) at each Interest Rate Change Date thereafter (the "Periodic Rate Cap").
  * Your interest rate over the life of the loan cannot increase by more than six percentage points (6.00%) above the initial interest rate (the "Lifetime Rate Cap").
* Your interest rate will never be less than a minimum, or floor, rate equal to the initial interest rate (the "Lifetime Floor Rate").

January 1, 2006



1



NOTICE TO CO-BORROWER(S) REQUIRED BY FEDERAL LAW AND FEDERAL RESERVE BOARD REGULATION Z

BORROWERS KENNETH J. TAGGA
ADDRESS 45 HERON ROAD
CITY/STATE/ZIP HOLLAND, PENNSYLVANIA 18966-2109

DATE: SEPTEMBER 15, 2006

LOAN NO.: ~~Redacted~~ Redacted

LENDER: Decision One Mortgage Company, LLC
3023 HSBC Way
Fort Mill, SC 29715

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 11.4442 % | $ 1,039,053.24 | $ 379,867.01 | $ 1,418,920.25 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|---|---|---|
| 24 | 2,790.67 | MONTHLY COMMENCING 11-01-06 AND ON THE SAME DAY OF EACH MONTH THEREAFTER | 1 | 4,011.67 | 10-01-36 |
| 6 | 3,596.17 | 11-01-08 | | | |
| 6 | 3,876.20 | 05-01-09 | | | |
| 323 | 4,034.36 | 11-01-09 | | | |

*handwritten: + Failed to Total Payments*
*handwritten: + Failed to disclose when each payment is due*

DEMAND FEATURE: ☑ This loan does not have a Demand Feature. ☐ This loan has a Demand Feature:
☐ All disclosures are based on an assumed maturity date of one year.

VARIABLE RATE FEATURE: ☑ This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: ☑ You are giving a security interest in the property located at: 45 HERON ROAD, HOLLAND, PENNSYLVANIA 18966-2109
☐ You are giving a security interest in the goods or property being purchased.
☐ Other:

ASSUMPTION: A subsequent purchaser of this property: ☑ cannot assume the remainder of the mortgage on the original terms.
☐ may under certain circumstances, be allowed to assume the remainder of the mortgage on the original terms.

FILING / RECORDING FEES: 129.50

INSURANCE: Credit life, accident, health or loss of income insurance is not required in connection with this loan. This loan transaction requires the following insurance: ☑ Hazard Insurance ☐ Flood Insurance ☐ Private Mortgage Insurance
You may obtain property insurance from anyone you want that is acceptable to Lender.

LATE CHARGES: If your payment is more than 15 days late, a late charge of 5.0% of the overdue payment amount will be due from you.

PREPAYMENT: If you payoff your loan early you: ☑ may ☐ will not be charged a penalty to prepay this loan in full or in part.
☐ may ☑ will not be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, right to accelerate before scheduled maturity date, pre-payment refunds and penalties, and further information regarding security interests and the policy regarding assumption of the obligation.
(e) appearing by a date or figure means it is an estimate.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure along with copies of documents referred to in this disclosure.

_____ _____ 9/15/06
KENNETH J. TAGGART    BORROWER / DATE

_____ _____
BORROWER / DATE

_____ _____
BORROWER / DATE

_____ _____
BORROWER / DATE

(A2)

(A2)

*(barcode)*

**114b**

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DELIVERY CONFIRMATION NUMBER: 7474 9377 2239 0000 2040 0308

Brent Rowe
c/o John Lucian
130 N. 18th St / Legan Sq
Phila PA 19103

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002 (See Reverse)

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DELIVERY CONFIRMATION NUMBER: 7777 9377 2239 0000 2040 0308

Americas Servicing Company
P.O. Box 10328
Des Moines IA 50306-0328

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

☒ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002 (See Reverse)

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DELIVERY CONFIRMATION NUMBER: 7750 9377 2239 0000 2040 0308

Wells Fargo Home Mortgage Inc
MAC X2401-049 1-Home Campus
Des Moines IA 50328

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

☒ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002 (See Reverse)

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DELIVERY CONFIRMATION NUMBER: 7767 9367 2239 0000 2040 0308

Wells Fargo c/o Deutsche Bank
MAC X2401-049 NA TRUST
1 Home Campus
Des Moine IA 50328

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002 (See Reverse)



(A3)

(A3)

115b

September 11,2009
Kenneth J Taggart
45 Heron Rd
Holland, Pa 18966

RE; Loan for 45 Heron Rd; Holland, Pa 18966
Loan # ~~███████~~

ASC - America's Servicing Company
P.O. Box 10328
Des Moines, IA. 50306-0328

Wells Fargo Home Mortgage, Inc.
Mac x2401-049
1 Home Campus
Des Moines, IA. 50328

Deutsche Bank National Trust Company
Trustee for Morgan Stanley ASB Capital, Inc.
Trust 2007-HE2
C/O Wells Fargo Home Mortgage Inc
Mac x2401-049
1 Home Campus
De Moines, IA. 50328

To Customer Service,

I Kenneth J Taggart would like to Rescind my loan due to recent discoveries
of irregularities and failure to disclose terms under The Federal Truth-In-Lending Act
And the Real Estate Settlement & Procedures Act, and outright fraud.

I Kenneth J Taggart would like to cancel my loan effective immediately.
Please take all necessary steps within 20 days after receipt of this notice to comply with
rescission. Please take necessary steps to complete rescission.

Kenneth J Taggart

September 11,2009

Cc; Blank Rome/Attorneys for defendants

A-4

A-4

**116b**

Limit:
Past Due:
Payment
Status: Paid satisfactorily

EXPERIAN

Comments: Credit line closed-consumer
request-reported by subscriber

## 24-Month Payment History

Date: Apr May Jun Jul Aug Sep Oct Nov Dec Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec Jan Feb Mar
**Experian:** 00 00 00 00 00 00 00 00 00 01 01 01 01 01 01 01 01 01 01 01 02 02 02

**AMERICAS SERVICING CO**
OK OK OK OK OK OK ND OK OK OK OK

| | EXPERIAN | EQUIFAX | TRANSUNION |
|---|---|---|---|
| Account Name: | AMERICAS SERVICING CO | | |
| Account Number: | | | |
| Acct Type: | Conventional Real Estate Loan, Including Purchase Money First | | |
| Acct Status: | Open | | |
| Monthly Payment: | $3,189.00 | | |
| Date Open: | 9/1/2006 | | |
| Balance: | $377,258.00 | | |
| Terms: | 360 Months | | |
| High Balance: | | | |
| Limit: | | | |
| Past Due: | $6,377.00 | | |
| Payment Status: | Past due 30 days | | |
| Comments: | Account in dispute-reported by subscriber | | |

## 24-Month Payment History

Date: Jul Aug Sep Oct Nov Dec Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec Jan Feb Mar Apr May Jun
**Experian:** 06 06 06 06 06 06 07 07 07 07 07 07 07 07 07 07 07 08 08 08 08 08 08 08

**BANK OF AMERICA**
OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK 30

| | EXPERIAN | EQUIFAX | TRANSUNION |
|---|---|---|---|
| Account Name: | BANK OF AMERICA | | |
| Account Number: | | | |
| Acct Type: | Check Credit Or Line Of Credit | | |
| Acct Status: | Closed | | |
| Monthly Payment: | $477.00 | | |
| Date Open: | 8/1/2007 | | |
| Balance: | $23,562.00 | | |
| Terms: | Revolving | | |
| High Balance: | $24,143.00 | | |
| Limit: | $25,000.00 | | |
| Past Due: | | | |
| Payment Status: | Current | | |
| Comments: | Credit line closed-grantor request-reported by subscriber | | |

## 24-Month Payment History

short time, opening many new accounts will lower your average account age and may have a negative impact.

| | |
|---|---|
| Length of Credit History | 18 Years, 7 Months |
| Average Account Age | 4 Years, 5 Months |
| Oldest Account | CITI~~...~~ |
| Most Recent Account | GE~~...~~ (Opened ~~...~~) |

*Equifax*

## Inquiries - Requests for your Credit History

Numerous inquires on your credit file for new credit may cause you to appear risky to lenders, so it is usually better to only seek new credit when you need it. Typically, lenders distinguish between inquiries for a single loan and many new loans in part by the length of time over which the inquiries occur. So, when rate shopping for a loan it's a good idea to do it within a focused period of time.

| | |
|---|---|
| Inquiries in the Last 2 Years | 9 |
| Most Recent Inquiry | ~~...~~ |

## Potentially Negative Information

Late payments, collections and public records can have a negative impact on your credit standing. The more severe and recent they are, the more negative the potential impact might be.

| | |
|---|---|
| Public Records | 0 |
| Negative Accounts |  1 |
| Collections | 0 |

## Mortgage Accounts

Mortgage accounts include first mortgages, home equity loans, and any other loans secured by real estate you own.

### Open Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| AMERICA'S SE RVICING | ~~...~~ | 09/2006 | $377,258 | 06/2008 | $6,377 | PAYS 31-60 DAYS | $0 |

AMERICA'S SERVICING CO

7495 New Horizon Way
Frederick, MD-217038388
(301) 636-7482

| | | | |
|---|---|---|---|
| Account Number: | ~~...~~ | Current Status: | PAYS 31-60 DAYS |
| Account Owner: | Individual Account. | High Credit: | $382,500 |
| Type of Account: | Mortgage | Credit Limit: | $0 |
| Term Duration: | 360 Months | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 2006/09 | Balance: | $377,258 |
| Date Reported: | 06/2008 | Amount Past Due: | $6,377 |
| Date of Last Payment: | 06/2008 | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $3,189 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 16 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional |

*(A6)*

## Consumer Statement

None Reported

*Trans Union*

## SUMMARY

| | | | |
|---|---|---|---|
| TOTAL ACCOUNTS: | 31 | OPEN ACCOUNTS: | 17 |
| CLOSED ACCOUNTS: | 14 | DELINQUENT: | 1 |
| DEROGATORY: | 0 | BALANCES: | 1574983 |
| PAYMENTS: | 11018 | PUBLIC RECORDS: | 0 |
| INQUIRIES (2 years): | 11 | | |

## ACCOUNT HISTORY

At-a-glance viewing of your payment history

| | X | OK | 30 | 60 | 90 | 120 | 150 | PP | RF | CO |
|---|---|---|---|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late | 150+ days late | Payment plan | Repossession Foreclosure | Collection Chargeoff |

Real Estate Accounts: Primary and secondary mortgages on your home

ASC

| | | | |
|---|---|---|---|
| Account No.: | 106112712**** | Condition: | Open |
| Balance: | $377258 | Type: | Conventional real estate mortgage |
| Pay Status: | Late 30 Days | Past Due: | $6377 |
| High Balance: | $382500 | Terms: | 360 months |
| Limit: | | Payment: | $0 |
| Opened: | 09/15/2006 | Reported: | 06/13/2008 |

https://www.truecredit.com/products/merge/viewPrintableReportSingle?printView=true&cb=TransUnion    6/26/2008

| | |
|---|---|
| Responsibility: | Individual |

Late Payments (last 7 years):
| | |
|---|---|
| 30 Days Late: | 0 |
| 60 Days Late: | 0 |
| 90 Days Late: | 0 |

Two Year Payment History:

TransUnion

OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08 Feb Mar Apr May

Remarks:

[TransUnion] Account information disputed by consumer, meets FCRA requirements

(A7)

COUNTRYWIDE

**119b**

23 HSBC Way

Forwarding Service Requested

KENNETH J. TAGGART
45 HERON ROAD
HOLLAND, PENNSYLVANIA 18966-2109

Sept 5
Post mark

Dear Applicant:

Please

Received
9/20/06

A8

A8

120b

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| AMERICA'S SE RVICING | 106112712X XXX | 09/2006 | $374,9 35 | 09/2009 | $22,35 6 | 120+ DAYS PAST DUE | $0 |

## AMERICA'S SERVICING CO

7495 New Horizon Way
Frederick, MD-217038388
(301) 696-7482

| | | | |
|---|---|---|---|
| Account Number: | [redacted] | Current Status: | 120+ DAYS PAST DUE |
| Account Owner: | Individual Account. | High Credit: | $382,500 |
| Type of Account: | Mortgage | Credit Limit: | $0 |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 2006/09 | Balance: | $374,935 |
| Date Reported: | 09/2009 | Amount Past Due: | $22,356 |
| Date of Last Payment: | 02/2009 | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $3,726 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 15 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | 03/2009 | | |
| Comments: | 180 Days past due | | |

## 81-Month Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | * | * | * | 30 | 60 | 90 | 120 | 150 | | | | |
| 2008 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2007 | * | * | * | * | * | * | * | * | * | * | * | * |
| 2006 | | | | | | | | | * | * | * | * |

| BAC HOME LOA NS SERVI | 12639XXXX | 01/2006 | $263,7 12 | 08/2009 | $14,01 0 | 120+ DAYS PAST DUE | $0 |
|---|---|---|---|---|---|---|---|

## BAC HOME LNS LP/CTRYWDE

450 American St
Simi Valley, CA-930656285
(800) 669-6607

Redacted

Redacted

| | | | |
|---|---|---|---|
| Account Number: | [redacted] | Current Status: | [redacted] |
| Account Owner: | Individual Account. | High Credit: | $270,000 |
| Type of Account: | Mortgage | Credit Limit: | $0 |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 2006/01 | Balance: | $263,712 |

A9

121b

**Experian:**

| 00 | 00 | 00 | 00 | 00 | 00 | 00 | 00 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 02 | 02 | 02 | 02 |
|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|
| OK | OK | OK | OK | OK | OK | ND | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | ND | OK | OK | OK | OK | OK |

^Top of Page^

## AMERICAN EDUCATION SVC

| | EXPERIAN | EQUIFAX | TRANSUNION |
|---|---|---|---|

Account Name: AMERICAN EDUCATION SVC
Account Number: ~~Redacted~~
Acct Type: Education Loan
Acct Status: Closed
Monthly Payment:
Date Open: 10/1/1986
Balance:
Terms: 107 Months
High Balance:
Limit:
Past Due:
Payment Status: Paid satisfactorily
Credit line closed-consumer
Comments: request-reported by subscriber

See all 3 of your credit reports in 1! Plus, get your Free Credit Score! Order Now!

### 24-Month Payment History

? Legend

Date: Apr May Jun Jul Aug Sep Oct Nov Dec Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec Jan Feb Mar

**Experian:**

| 00 | 00 | 00 | 00 | 00 | 00 | 00 | 00 | 00 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 01 | 02 | 02 | 02 |
|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|
| | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK | OK | ND | OK | OK | OK |

^Top of Page^

## AMERICAS SERVICING CO

| | EXPERIAN | EQUIFAX | TRANSUNION |
|---|---|---|---|

Account Name: AMERICAS SERVICING CO
Account Number: ~~Redacted~~
Acct Type: Conventional Real Estate Loan, Including Purchase Money First
Acct Status: Open
Monthly Payment: $3,726.00
Date Open: 9/1/2006
Balance: $374,935.00
Terms: 360 Months
High Balance:
Limit:
Past Due: $22,356.00
Payment Status: Past due 180 days
Comments:

See all 3 of your credit reports in 1! Plus, get your Free Credit Score! Order Now!

### 24-Month Payment History

? Legend

Date: Oct Nov Dec Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec Jan Feb Mar Apr May Jun Jul Aug Sep

**Experian:**

| 07 | 07 | 07 | 08 | 08 | 08 | 08 | 08 | 08 | 08 | 08 | 08 | 08 | 08 | 09 | 09 | 09 | 09 | 09 | 09 | 09 | 09 | 09 |
|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | 120 | 120 |

^Top of Page^

## BAC HOME LOANS SERVICI

| | EXPERIAN | EQUIFAX | TRANSUNION |
|---|---|---|---|

Account Name: BAC HOME LOANS SERVICI
Account Number: ~~Redacted~~
Acct Type: Credit Line Secured, Revolving
Acct Status: Closed
Monthly Payment:
Date Open: 10/1/2005
Balance:
Terms: Revolving
High Balance: $43,300.00
Limit: $43,300.00
Past Due:
Payment Status: Paid satisfactorily
Credit line closed-consumer
Comments: request-reported by subscriber

See all 3 of your credit reports in 1! Plus, get your Free Credit Score! Order Now!

A10

More about ASC

|  | TransUnion | Experian | Equifax |  |
|---|---|---|---|---|
| Past Due: | $22356 |  |  | Remarks: |
| High Balance: | $382500 |  |  | [TransUnion] |
| Terms: | 360 months |  |  | [Experian] |
| Limit: |  |  |  | [Equifax] |
| Payment: | $3726 |  |  |  |
| Opened: | 09/15/2006 |  |  |  |
| Reported: | 09/08/2009 |  |  |  |
| Responsibility: | Individual |  |  |  |

Close window

Late Payments (last 7 years):

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| 30 days late: | 1 |  |  |
| 60 days late: | 1 |  |  |
| 90 days late: | 3 |  |  |

A-1

Redacted



PO Box 10328
Des Moines, IA 50306-0328

September 21, 2009

Kenneth J Taggart
45 Heron Rd
Holland, PA 18966

Dear Kenneth J Taggart:

RE:    Loan Number

America's Servicing Company (ASC) has received your correspondence dated
September 11, 2009, received on September 16, 2009, regarding your mortgage loan. I have
reviewed the information presented and would like to provide you with the details of my research.

Our records indicate your extended right to rescind this loan expired on September 15, 2009.
Therefore, this loan no longer qualifies for rescission.

If you have additional questions, please call our Customer Relations Department at
(800) 842-7654. A representative will be able to assist you Monday through Friday between the
hours of 8 a.m. and 6 p.m., in your time zone.

Sincerely,

Melissa Scheetz
Written Correspondence

A-12

DC003/hth

**124b**



Wells Fargo / Deutsche Bank

Home | Help | Sign In

Received 9/15/09

Track & Confirm    FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: **0308 2040 0000 2239 9367**
Class: **Priority Mail®**
Service(s): **Delivery Confirmation™**
Status: **Delivered**

Track & Confirm

Enter Label/Receipt Number.

Your item was delivered at 5:44 AM on September 15, 2009 in DES
MOINES, IA 50328.

Go >

Detailed Results:

- **Delivered, September 15, 2009, 5:44 am, DES MOINES, IA 50328**
- **Arrival at Pick-Up-Point, September 15, 2009, 5:40 am, DES MOINES, IA 50306**
- **Arrival at Post Office, September 15, 2009, 5:37 am, DES MOINES, IA 50318**
- **Acceptance, September 11, 2009, 4:44 pm, SOUTHAMPTON, PA 18966**

Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.    Go >

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

A 13



UNITED STATES
POSTAL SERVICE ®

*Americas Servicing Company*

Home | Help | Sign In

Track & Confirm    FAQs

## Track & Confirm

*Received 9/15/09*

### Search Results

Label/Receipt Number: **0308 2040 0000 2239 9343**
Class: **Priority Mail®**
Service(s): **Delivery Confirmation™**
Status: **Delivered**

Track & Confirm

Enter Label/Receipt Number.

Your item was delivered at 5:45 AM on September 15, 2009 in DES
MOINES, IA 50306.

Go >

Detailed Results:

• **Delivered, September 15, 2009, 5:45 am, DES MOINES, IA 50306**
• **Arrival at Pick-Up-Point, September 15, 2009, 5:40 am, DES MOINES, IA 50306**
• **Arrival at Post Office, September 15, 2009, 5:37 am, DES MOINES, IA 50318**
• **Acceptance, September 11, 2009, 4:42 pm, SOUTHAMPTON, PA 18966**

Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.    Go >

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

*A14*

**UNITED STATES POSTAL SERVICE**®

Wells Fargo

Home | Help | Sign In

Recewd 9/15/09

Track & Confirm      FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **0308 2040 0000 2239 9350**
Class: **Priority Mail**®
Service(s): **Delivery Confirmation**™
Status: **Delivered**

Track & Confirm

Enter Label/Receipt Number.

Your item was delivered at 5:44 AM on September 15, 2009 in DES MOINES, IA 50328.

Go >

Detailed Results:

• **Delivered, September 15, 2009, 5:44 am, DES MOINES, IA 50328**
• **Arrival at Pick-Up-Point, September 15, 2009, 5:40 am, DES MOINES, IA 50306**
• **Arrival at Post Office, September 15, 2009, 5:37 am, DES MOINES, IA 50318**
• **Acceptance, September 11, 2009, 4:43 pm, SOUTHAMPTON, PA 18966**

Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.    Go >

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

A15


UNITED STATES
POSTAL SERVICE®

Blank Rome

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

Received 9/12/09

## Search Results

Label/Receipt Number: **0308 2040 0000 2239 9374**
Class: **Priority Mail®**
Service(s): **Delivery Confirmation™**
Status: **Delivered**

Track & Confirm

Enter Label/Receipt Number.

Your item was delivered at 10:55 AM on September 12, 2009 in PHILADELPHIA, PA 19103.

Go >

Detailed Results:

• **Delivered, September 12, 2009, 10:55 am, PHILADELPHIA, PA 19103**
• **Sorting Complete, September 12, 2009, 10:07 am, PHILADELPHIA, PA 19103**
• **Arrival at Post Office, September 12, 2009, 9:13 am, PHILADELPHIA, PA 19104**
• **Processed through Sort Facility, September 12, 2009, 12:45 am, PHILADELPHIA, PA 19176**
• **Acceptance, September 11, 2009, 4:42 pm, SOUTHAMPTON, PA 18966**

Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  Go >

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

A16

# GOOD FAITH ESTIMATE

Prepared By: Community Lending  Ph. 215-887-1900
726 Fitzwatertown Road  Suite 6, Willow Grove, PA 19090

Date Prepared: 08/24/2006
Loan Program:

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

Total Loan Amount $ **391,500**   Interest Rate: **7.990 %**   Term: **360 / 360** mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|
| 801 | Loan Origination Fee | 0.000% | | | | | |
| 802 | Loan Discount | 0.000% | $ | | | | |
| 803 | Appraisal Fee | | | | | | |
| 804 | Credit Report | | | (275.00) | | | ✓ |
| 805 | Lender's Inspection Fee | | | 60.00 | | | |
| 808 | Mortgage Broker Fee | | | | | | |
| 809 | Tax Related Service Fee | | | | | | |
| 810 | Processing Fee | | | | | | |
| 811 | Underwriting Fee | | | 500.00 | | | |
| 812 | Wire Transfer Fee | | | | | | |
| | INVESTOR FEE INC. UNDERWRITING & APPLICATION | | | 995.00 | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 1100 | TITLE CHARGES: | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|
| 1101 | Closing or Escrow Fee: | | $ | | | | |
| 1105 | Document Preparation Fee | | | 125.00 | | | |
| 1106 | Notary Fees | | | 50.00 | | | |
| 1107 | Attorney Fees | | | | | | |
| 1108 | Title Insurance: | | | 2,100.00 | | | |
| | ENDORSEMENTS | | | 150.00 | | | |
| | | | | | | | |

| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES: | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|
| 1201 | Recording Fees: | | $ | 135.00 | | | |
| 1202 | City/County Tax/Stamps: | | | | | | |
| 1203 | State Tax/Stamps: | | | | | | |
| | | | | | | | |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|
| 1302 | Pest Inspection | | $ | | | | |
| | | | | | | | |
| | | | | | | | |

| | | | Estimated Closing Costs | | 4,105.00 | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | | | PFC | S | F | POC |
| 901 | Interest for | 20 | days @ $ | 86.8912 | per day | $ | 1,737.82 | | |
| 902 | Mortgage Insurance Premium | | | | | | | | |
| 903 | Hazard Insurance Premium | | | | | | | | |
| 904 | | | | | | | | | |
| 905 | VA Funding Fee | | | | | | | | |

| 1000 | RESERVES DEPOSITED WITH LENDER: | | | | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|---|---|---|
| 1001 | Hazard Insurance Premium | | 3 months @ $ | 95.00 | per month | $ | 285.00 | | | |
| 1002 | Mortgage Ins. Premium Reserves | | months @ $ | | per month | | | | | |
| 1003 | School Tax | | months @ $ | | per month | | | | | |
| 1004 | Taxes and Assessment Reserves | | 8 months @ $ | 350.00 | per month | | 2,800.00 | | | |
| 1005 | Flood Insurance Reserves | | months @ $ | | per month | | | | | |
| | | | months @ $ | | per month | | | | | |
| | | | months @ $ | | per month | | | | | |

| | | | Estimated Prepaid Items/Reserves | 4,922.82 |
|---|---|---|---|---|
| **TOTAL ESTIMATED SETTLEMENT CHARGES** | | | | 8,927.82 |
| COMPENSATION TO BROKER (Not Paid Out of Loan Proceeds): | | | | |
| | | | $ | |

**TOTAL ESTIMATED FUNDS NEEDED TO CLOSE:**

| Purchase Price/Payoff (+) | 326,467.00 | New First Mortgage(-) | | TOTAL ESTIMATED MONTHLY PAYMENT: | |
|---|---|---|---|---|---|
| Loan Amount (-) | 391,500.00 | Sub Financing(-) | | Principal & Interest | 2,869.96 |
| Est. Closing Costs (+) | 4,105.00 | New 2nd Mtg Closing Costs(+) | | Other Financing (P & I) | |
| Est. Prepaid Items/Reserves (+) | 4,922.82 | | | Hazard Insurance | 95.00 |
| Amount Paid by Seller (-) | | | | Real Estate Taxes | 350.00 |
| | | | | Mortgage Insurance | |
| | | | | Homeowner Assn. Dues | |
| | | | | Other | |

Total Est. Funds To you    **56,105.18**

Total Monthly Payment    **3,314.96**

☑ This Good Faith Estimate is being provided by **Community Lending**, a mortgage broker, and no lender has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the Consumer Handbook on ARM Mortgages.

Applicant  Kenneth J Taggart    Date    Applicant    Date

Calyx Form gfe.frm 11/01

A17

# ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

True & Certified Copy

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

| SEPTEMBER 15 , 2006 | PHILA | , PENNSYLVANIA |
|---|---|---|
| [Date] | [City] | [State] |

45 HERON ROAD, HOLLAND, PENNSYLVANIA 18966-2109

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $382,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Decision One Mortgage Company, LLC. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.94%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1ST day of each month beginning on NOVEMBER 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on OCTOBER 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 3023 HSBC Way, Fort Mill, South Carolina 29715 or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $2,790.67. This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the 1ST day of OCTOBER, 2008 and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 94/100THS percentage points (6.94%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 10.94% or less than 7.94%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 13.94% or less than 7.94%.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

MULTISTATE ADJUSTABLE RATE NOTE (LIBOR Index)—Single Family—Freddie Mac MODIFIED INSTRUMENT  Form 3590 1/01          (page 1 of 3 pages)



130b

True & Certified Copy

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver by Note Holder**

Even if, at a time I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

MULTISTATE ADJUSTABLE RATE NOTE (LIBOR Index)—Single Family—Freddie Mac MODIFIED INSTRUMENT   Form 3590 1/01

*(page 2 of 3 pages)*

**131b**

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
KENNETH J. TAGGART                -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE

DECISION ONE MORTGAGE COMPANY, LLC

BY: _____    Deidro Theyken
                               Asst. Secretary

MULTISTATE ADJUSTABLE RATE NOTE (LIBOR Index)--Single Family--Freddie Mac MODIFIED INSTRUMENT  Form 3590 1/01    (page 3 of 5 pages)

True & Certified Copy

A20 **132b**

**700. TOTAL COMMISSION Based on Price** $ @ %

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| Division of Commission | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission Paid at Settlement | | | |
| 704. | to | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee % to | | | |
| 802. Loan Discount % to | | | |
| 803. Appraisal Fee to | | | |
| 804. Credit Report to | | | |
| 805. Broker Processing Fee to Community Lending | | | |
| 806. Broker Fax Fee to Community Lending | | 550.00 | |
| 807. Underwriting Fee to Decision One Mortgage Company, LLC | | 35.00 | |
| 808. Broker Ovnt Fee to Community Lending | | 999.00 | |
| 809. Yield Spread Premium Community Lending | | 20.00 | |
| 810. | $3825.00 POCL | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From 09/20/06 to 10/01/06 @ $ 84.362500/day ( 11 days %) | | 927.99 | |
| 902. Mortgage Insurance Premium months | | | |
| 903. Hazard Insurance Premium 1.0 years | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance 3.000 months @ $ 88.85 per month | | | |
| 1002. Mortgage Insurance months @ $ per month | | 266.55 | |
| 1003. City/Town Taxes 8.000 months @ $ 13.68 per month | | | |
| 1004. County Taxes 8.000 months @ $ 47.54 per month | | 109.44 | |
| 1005. School Taxes 4.000 months @ $ 211.47 per month | | 380.32 | |
| 1006. months @ $ per month | | 845.88 | |
| 1007. Aggregate Acounting Adjustmen months @ $ per month | | | |
| 1008. months @ $ per month | | -517.57 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Tax Certifications to Suburban Abstract | | | |
| 1102. Domestic Relations Search to | | 35.00 | |
| 1103. Title Examination to | | | |
| 1104. Title Insurance Binder to | | | |
| 1105. Document Preparation to | | | |
| 1106. Notary Fees/clerical to Valerie Schlechter | | | |
| 1107. Attorney's Fees to | | 35.00 | |
| (includes above item numbers: | | | |
| 1108. Title Insurance to Suburban Abstract Affiliates, L.P. | | 2,046.38 | |
| (includes above item numbers: | | | |
| 1109. Lender's Coverage $ 382,500.00 | | | |
| 1110. Owner's Coverage $ 2,046.38 | | | |
| 1111. PA Endorsments 100, 300, 8.1 to Suburban Abstract Affiliates, L.P. | | | |
| 1112. In Coming Wire Fee to Suburban Abstract Affiliates, L.P. | | 200.00 | |
| 1113. Electronic Doc Fee to Suburban Abstract Affiliates, L.P. | | 15.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | 50.00 | |
| 1201. Recording Fees: Deed $ ; Mortgage $ 129.50; Releases $ | | | |
| 1202. City/County Tax/Stamps:Bucks County ; Mortgage | | 129.50 | |
| 1203. State Tax/Stamps: Bucks County ; Mortgage | | | |
| 1204. Overnight Fee to Suburban Abstract Associates | | | |
| 1205. Closing Protection Letter to Lawyers Title Insurance Corporation | | 36.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | 35.00 | |
| 1301. Survey to | | | |
| 1302. Pest Inspection to | | | |
| 1303. Credit Account to Bank of America | | | |
| 1304. Credit Account to Cap 1 Bank 442711500063 | | 5,567.00 | |
| 1305. See addit'l disb. exhibit to 412174161711 | | 758.00 | |
| | | 4,079.00 | |
| **1400. TOTAL SETTLEMENT CHARGES** (Enter on Lines 103, Section J and 502, Section K) | | 16,602.49 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Valerie Schlechter
Settlement Agent

A21

ASC
Return Mail Operations
Des Moines, IA 50306-0388

June 12, 2008

003819 1 AB 0.351   3819/003819/005494 022 01 AC021C RS250 106

Kenneth J Taggart
45 Heron Rd
Holland PA  18966-2109

Dear Kenneth J Taggart :

RE: Loan Number

                                                            Client 106

Thank you for taking the time to contact our office regarding your
mortgage loan. While we aim at completing our research requests
within 15 business days, on occasion we are unable to meet our goal.
Your request should be completed within 60 calendar days from the date
we received your request.

We sincerely appreciate your patience and understanding while your
request is being processed and researched. If you have any questions
in the interim, please contact our Customer Relations department at
(800)842-7654 from Mon - Fri 8am-6pm In Your Time Zone.

Sincerely,

America's Servicing Company

A22

**134b**

EH 242457707 US

MAIL
UNITED STATES POSTAL SERVICE®
Post Office To Addressee
Label 11-B, March 2004

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo. Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo. Day | | | |
| **Delivery Date** | Time | ☐ AM ☐ PM | Employee Signature |
| Mo. Day | | | |

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | Postage |
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month ___ Day ___ | $ |
| Mo. Day Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted ☐ AM ☐ PM | ☐ Noon ☐ 3 PM | $ | $ |
| | Military | Total Postage & Fees |
| Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $ |
| lbs. ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY
☐ Weekend ☐ Holiday   Mailer Signature

FROM: (PLEASE PRINT)   PHONE (

TO: (PLEASE PRINT)   PHONE (

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

EMS

A23

**135b**

May 29,2008
Kenneth Taggart
45 Heron Rd
Holland, Pa. 18966

Acct # ██████

Re: 45 Heron Rd
Holland, Pa 18966

America's Serviving Comapny
Billing Inquiries/Customer Service
P.O. Box 10388
Des Moines, IA. 50306-0388

Dear Sir or Madam:

This is a follow up letter from March 26,2008. I am writing you to dispute the amount of my mortgage balance, my escrow balance, as well as my monthly payment which would be a reflection of my mortgage balance and escrow balance; I believe these balances are not correct. I also believe the adjustment on my interest rate is incorrect. Please verify all information and provide me with escrow payments as well as data to support the interest rate adjustments and all other fees and charges regarding my mortgage balance, interest rate, escrow balance, and total montly payment with Principal,Interest,Taxes, & Insurance. Please adjust any finance charges relating to late fees,escrow adjustments,principal adjustments or monthly paymensts and send me a new statement. Please investigate the matter and correct any billing error as soon as possible.

There is also a payment that was not credited to my account sent May 16,2008 in the amount of: $3,328.08. enclosed is a copy of the check sent.

Also, as a reminder,Creditors must follow the "Fair Credit Billing Act", as well as the "Fair Credit Billing Act" when resolving a dispute. As per the laws indicated a creditor must not report the disputed payment as late and must submit this to the credit bureau as a disputed account.

I hope this can get resolved as soon as possible. Pleas call me with any questions regarding this matter at: 267-987-3466

Your cooperation is greatly appreciated.

Sincerely,

Kenneth J Taggart

A24

**136b**

USPS - Track & Confirm

**UNITED STATES POSTAL SERVICE®**

Track & Confirm | FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **EH24 2457 707U S**
Status: **Delivered**

Your item was delivered at 10:31 AM on May 30, 2008 in DES MOINES, IA 50328 to ONE HOME CAMPU 50328. The item was signed for by S WAGNER.

**Track & Confirm**

Enter Label/Receipt Number.

Go >

Additional Details > | Return to USPS.com Home >

### Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email. Go >

Proof of Delivery

Verify who signed for your item by email, fax, or mail. Go >

Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy | Terms of Use | National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved. No FEAR Act EEO Data FOIA

A25

**137b**

708

**KENNETH TAGGART**    01-04
45 HERON RD
HOLLAND PA 18966

3-180/360
361

Date $5/16/05$

Pay to the
Order of_____ American Service Company    $ 3,328.08

Three Thousand Three Hundred + Twenty Eight    08/100  Dollars

For_____

A-26

**138b**



**ASC** Return Mail Operations
PO Box 10388
Des Moines, IA 50306-0388

## Monthly Mortgage Statement

Statement Date  05/20/08
Loan Number

### Customer Service

**Online**
www.mortgageaccountonline.com

**Telephone**  **Hours of Operation**
800-842-7654  Mon - Fri, 8 AM - 6 PM,
in your time zone

**Fax**
866-453-6315

**Payments**  **Correspondence**
PO Box 1820  PO Box 10328
Newark NJ 07101  Des Moines IA 50306

KENNETH J TAGGART
45 HERON RD
HOLLAND PA 18966-2109

### Important Messages

Your mortgage statement has a new look. It provides the information you need in a new easy-to-read format.

## Summary

| | |
|---|---|
| Payment (Principal and/or Interest, Escrow) | $3,188.55 |
| Optional Product(s) | $0.00 |
| **Current Monthly Payment 06/01/08** | **$3,188.55** |
| Overdue Payments 05/01/08 | $3,188.55 |
| Unpaid Late Charge(s) | $139.53 |
| Other Charges | $0.00 |
| **TOTAL PAYMENT DUE 06/01/08** | **$6,516.63** |

**Property Address**
45 HERON RD
HOLLAND PA 18966

| | |
|---|---|
| Unpaid Principal Balance | $377,551.18 |

*(Contact Customer Service for your payoff balance)*

| | |
|---|---|
| Interest Rate | 7.940% |
| Interest Paid Year-to-Date | $10,011.62 |
| Taxes Paid Year-to-Date | $1,123.20 |
| Escrow Balance | $1,789.44 |

## Activity Since Your Last Statement

| Date | Description | Total | Principal | Interest | Escrow | Late Charge | Other |
|---|---|---|---|---|---|---|---|
| 05/16 | LATE FEE | | | | | $139.53- | |

Late charges are assessed after the close of business on the assessment date and only after all payments received have been applied.



092258/008515 ACMY12 4258 ETM1C012  1

*Please detach and return with your payment*

**ASC**

| Loan Number | |
|---|---|
| Total Payment Due 06/01/08 | $6,516.63 |
| After 06/16/08 Add Late Fee | $139.53 |
| Total Amount Due After 06/16/08 | $6,656.16 |

Check here and see reverse for address correction.

KENNETH J TAGGART

4258/092258/008515 352 01 ACMY12 106 012



AMERICA'S SERVICING CO.
PO BOX 1820
NEWARK NJ 07101-1820

A27 **139b**



A-28

June 21,2008
Kenneth Taggart
45 Heron Rd
Holland, Pa 18966

America's Servicing Company
P.O. Box #10328
Des Moines, Ia. 50306

Re: Acct #▮▮▮▮▮▮▮

To whom it may concern,

I am writing you to follow up on a letter dated: May 29,2008; This letter indicated some items in dispute. Since writing that letter, there has been a derogatory entry entered on my credit report indicating a late payment. This is in violation of the : "Fair Credit Reporting Act", and The "Fair Credit Billing Act".

Pleasse remove the derogatory rating and resolve the issues indicated in the letter. If this is not resolved in a timely manor, I will have no other choice but to take legal action to resolve this matter.

You may contact me with any question regarding this matter at: 267-987-3466.  Your cooperation is greatly appreciated.

Yours Truely,

Kenneth Taggart

A29

**141b**

May 29,2008
Kenneth Taggart
45 Heron Rd
Holland, Pa. 18966

Acct # ████████

Re: 45 Heron Rd
      Holland, Pa 18966

America's Serviving Comapny
Billing Inquiries/Customer Service
P.O. Box 10388
Des Moines, IA. 50306-0388

Dear Sir or Madam:

This is a follow up letter from March 26,2008. I am writing you to dispute the amount of my mortgage balance, my escrow balance, as well as my monthly payment which would be a reflection of my mortgage balance and escrow balance; I believe these balances are not correct. I also believe the adjustment on my interest rate is incorrect. Please verify all information and provide me with escrow payments as well as data to support the interest rate adjustments and all other fees and charges regarding my mortgage balance, interest rate, escrow balance, and total montly payment with Principal,Interest,Taxes, & Insurance. Please adjust any finance charges relating to late fees,escrow  adjustments,principal adjustments or monthly paymensts and send me a new statement. Please investigate the matter and correct any billing error as soon as possible.

There is also a payment that was not credited to my account sent May 16,2008 in the amount of: $3,328.08. enclosed is a copy of the check sent.

Also, as a reminder,Creditors must follow the "Fair Credit Billing Act", as well as the "Fair Credit Billing Act" when resolving a dispute. As per the laws indicated a creditor must not report the disputed payment as late and must submit this to the credit bureau as a disputed account.

I hope this can get resolved as soon as possible. Pleas call me with any questions regarding this matter at: 267-987-3466

Your cooperation is greatly appreciated.

Sincerely,

Kenneth J Taggart

A30

**142b**

EH 242457707 US

MAIL

UNITED STATES POSTAL SERVICE® Post Office To Addressee

Label 11-B, March 2004

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code | Day of Delivery | Postage

☐ Next ☐ 2nd ☐ 2nd Del. Day $

Date Accepted | Scheduled Date of Delivery | Return Receipt Fee

Mo. Day Year | Month Day | $

Time Accepted | Scheduled Time of Delivery | COD Fee | Insurance Fee

☐ AM | ☐ Noon ☐ 3 PM | $ | $

☐ PM | Military | Total Postage & Fees

Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $

lbs. ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt | Time | ☐ AM | Employee Signature
Mo. Day | | ☐ PM

Delivery Attempt | Time | ☐ AM | Employee Signature
Mo. Day | | ☐ PM

Delivery Date | Time | ☐ AM | Employee Signature
Mo. Day | | ☐ PM

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY
☐ Weekend ☐ Holiday | Mailer Signature

FROM: (PLEASE PRINT) PHONE (   )

TO: (PLEASE PRINT) PHONE (   )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

A31

UNITED STATES POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **0307 1790 0003 4259 9654**
Status: **Delivered**

Your item was delivered at 7:07 AM on June 24, 2008 in DES MOINES, IA 50306.

( Additional Details > )  ( Return to USPS.com Home > )

### Track & Confirm

Enter Label/Receipt Number.

( Go > )

### Notification Options

#### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

 

A32



June 21, 2008
Kenneth Taggart
45 Heron Rd
Holland, Pa 18966

America's Servicing Co
P.O. Box #10328
Des Moines, Ia. 50306

Re: Acct #

To whom it may concern,

I am writing you to follow up on a letter dated: May 29, 2008;
This letter indicated some items in dispute. Since writing that letter,
there has been a derogatory entry entered on my credit report
indicating a late payment. This is in violation of the :
"Fair Credit Reporting Act", and The "Fair Credit Billing Act".

Pleasse remove the derogatory rating and resolve the issues
indicated in the letter. If this is not resolved in a timely manor, I will
have no other choice but to take legal action to resolve this matter.

You may contact me with any question regarding this matter at:
267-987-3466.   Your cooperation is greatly appreciated.

Yours Truely,

Kenneth Taggart

A33

**145b**

May 29, 2008
Kenneth Taggart
45 Heron Rd
Holland, Pa. 18966

Acct # [redacted]

Re: 45 Heron Rd
    Holland, Pa 18966

America's Serviving Comapny
Billing Inquiries/Customer Service
P.O. Box 10388
Des Moines, IA. 50306-0388

Dear Sir or Madam:

This is a follow up letter from March 26, 2008. I am writing you to dispute the amount of my mortgage balance, my escrow balance, as well as my monthly payment which would be a reflection of my mortgage balance and escrow balance; I believe these balances are not correct. I also believe the adjustment on my interest rate is incorrect. Please verify all information and provide me with escrow payments as well as data to support the interest rate adjustments and all other fees and charges regarding my mortgage balance, interest rate, escrow balance, and total montly payment with Principal, Interest, Taxes, & Insurance. Please adjust any finance charges relating to late fees, escrow adjustments, principal adjustments or monthly paymensts and send me a new statement. Please investigate the matter and correct any billing error as soon as possible.

There is also a payment that was not credited to my account sent May 16, 2008 in the amount of: $3,328.08. enclosed is a copy of the check sent.

Also, as a reminder, Creditors must follow the "Fair Credit Billing Act", as well as the "Fair Credit Billing Act" when resolving a dispute. As per the laws indicated a creditor must not report the disputed payment as late and must submit this to the credit bureau as a disputed account.

I hope this can get resolved as soon as possible. Pleas call me with any questions regarding this matter at: 267-987-3466

Your cooperation is greatly appreciated.

Sincerely,

Kenneth J Taggart

A34

**146b**

UNITED STATES
POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm | FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **EH24 2457 707U S**
Status: **Delivered**

Your item was delivered at 10:31 AM on May 30, 2008 in DES MOINES, IA 50328 to ONE HOME CAMPU 50328. The item was signed for by S WAGNER.

Additional Details > | Return to USPS.com Home >

**Track & Confirm**

Enter Label/Receipt Number.

Go >

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. Go >

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail. Go >

Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy | Terms of Use | National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

A35

**147b**

EH 242457707 US

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

Customer Copy
Label 11-B, March 2004

Post Office To Addressee

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code

Day of Delivery

Postage

☐ Next ☐ 2nd ☐ 2nd Del. Day $

Date Accepted

Scheduled Date of Delivery | Return Receipt Fee

Month    Day    $

Mo.   Day   Year

Scheduled Time of Delivery | COD Fee | Insurance Fee

Time Accepted

☐ AM
☐ PM

☐ Noon  ☐ 3 PM   $     $
Military

Flat Rate ☐ or Weight

Total Postage & Fees

☐ 2nd Day   ☐ 3rd Day   $
Int'l Alpha Country Code | Acceptance Emp. Initials

lbs.   ozs.

FROM: (PLEASE PRINT)   PHONE (

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature
Mo.    Day

Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature
Mo.    Day

Delivery Date | Time | ☐ AM ☐ PM | Employee Signature
Mo.    Day

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

☐ NO DELIVERY
☐ Weekend  ☐ Holiday   Mailer Signature

TO: (PLEASE PRINT)   PHONE (

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit www.usps.com
Call 1-800-222-1811

A36

**148b**

EH 043619547 US

**EXPRESS MAIL**

UNITED STATES POSTAL SERVICE®

Label 11-B, March 2004

**Post Office To Addressee**

## ORIGIN (POSTAL SERVICE USE ONLY)

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month Day | $ |
| Mo. Day Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted ☐ AM | ☐ Noon ☐ 3 PM | $ | $ |
| ☐ PM | Military | Total Postage & Fees |
| Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $ |
| | Int'l Alpha Country Code | Acceptance Emp. Initials |
| lbs. ozs. | | |

**FROM:** (PLEASE PRINT)   PHONE (           )

## DELIVERY (POSTAL USE ONLY)

| Delivery Attempt | Time ☐ AM | Employee Signature |
|---|---|---|
| Mo. Day | | |
| Delivery Attempt | Time ☐ AM | Employee Signature |
| Mo. Day | ☐ PM | |
| Delivery Date | Time ☐ AM | Employee Signature |
| Mo. Day | ☐ PM | |

## CUSTOMER USE ONLY

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

**WAIVER OF SIGNATURE** (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature.
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

☐ **NO DELIVERY**
Weekend ☐   Holiday ☐

**TO:** (PLEASE PRINT)   PHONE (           )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

*≡EMS≡*

A37

**149b**

June 26, 2008
Kenneth Taggart
45 Heron Rd
Holland, Pa 18966



Experian
P.O. Box #9556
Allen, Tx. 75013

Dear Experian Customer Service,

This letter is a formal request to update the following account.
Pleas update the following as I As Soon As Possible as I am in the
process of refinancing my mortgage and the information is harming
my credit rating.

**ASC (Americas Servicing Company)
#⬛⬛⬛⬛****

This Account is not correct; 30 Days Late in not accurate

Never late!

Please update this information as it is injurious to my credit file. Thank
you for your cooperation.

Kenneth J Taggart

A38

FAX NO. 3018468928    P. 02



PO Box 10328
Des Moines, IA 50306-0328

June 26, 2008

Kenneth J Taggart
45 Heron Rd
Holland, PA 18966

Dear Kenneth J Taggart:

RE:    Loan Number █████████████

This letter is in response to your phone call to America's Servicing Company (ASC) regarding credit reporting submitted for the above mortgage loan. I have reviewed your loan information and would like to provide you with the details of my research.

This letter is in response to a request for a credit adjustment. As of June 26, 2008 no delinquencies have been reported by ASC for the above mortgage loan. As a precaution we have resubmitted all credit reporting to ensure the payment history is accurately reflected.

We have submitted the completed Universal Data Form to each of the four major credit bureaus listed below so they may update their records. Please be aware; however, it may take 30 days for the update to reflect on your individual credit report.

CBI (Credit Bureau, Inc.)
Equifax Information Technology
(800) 685-1111

Trans Union Credit
Information Company
(800) 888-4213

Innovis UDF Processing Center
(800) 457-0207

Experian
(888) 397-3742

If you have additional questions, please call our Customer Relations Department at 800-842-7654. A representative will be able to assist you Monday through Friday between the hours of 8 a.m. and 6 p.m., in your time zone.

Sincerely,

Danielle Getz
Written Correspondence

A 39

FAXED 6/26/08

June 26, 2008
Kenneth Taggart
45 Heron Rd
Holland, Pa 18966

America's Servicing Company
General Correspondence/Credit dipute
P.O. Box #10328
Des Moines, Ia. 50306
Re: Acct #

To whom it may concern,

I am writing you to follow up on a letter dated: May 29, 2008 &
June 21, 2008. I just spoke to Jeff in your Maryland Office in referance
to Mays payment being reported late on my credit bureaus. He
indicated to me that all payments were considered on time and that
ASC has never reported me late according to his system!

I went over the issue with Jeff as described in my earlier letters.
I sent an additional check dated May 30, 2008 via Express mail and
records indicate that this replacement check was received by ASC
on May 31, 2008 but not posted until June 3, 2008.

THE FIRST CHECK WAS LOST AND THE OTHER CHECK DID NOT
GET CREDITED ON TIME ALTHOUGH RECEIVED BY THE END OF
THE MONTH.

Enclosed are copies of the date received via the Express Mail
Confirmation slip & number and the check cashed. Also a copy of
credit reports ran today indicating late payments

Please remove the derogatory rating and resolve the issues
indicated in the letter as soon as possible as I am in the process of
refinancing a mortgage and this has already held up settlement.

You may contact me with any question regarding this matter at:
267-987-3466. Your cooperation is greatly appreciated.

Yours Truely,

Kenneth Taggart

PS *COULD YOU FAX ME A LETTER TO EXPIDTE THIS INDICATING
THAT "ALL PAYMENTS WERE MADE ON TIME AND NOT LATE"

FAX 215-396-4944 (A40)

152b

ASC

PO Box 10328
Des Moines, IA 50306-0328

3,188.55

Taggart
June 16, 2008
Page 2

On June 03, 2008 we received check number 1458 in the amount of $3,328.08. Of these funds $3,188.55 was applied to the May 2008 payment. The remaining $139.53 applied to a late fee on June 4, 2008.

Your correspondence references a payment sent on May 16, 2008, in the amount of $3,328.08. However, we have no record of these funds being applied to your loan. We need your help to finalize our research for your funds. Please contact your bank to obtain copies of the front and back of this cashed item. The front of the check verifies the payee, amount, bank account number and date. The back of the check provides the numbers needed to research the posting and cashing transactions. Viewing the cashed check enables us to finalize our research. To receive proper credit for your payment, please fax a copy of the front and back of the cashed check to our attention at (866) 453-6315 or mail the information to:

America's Servicing Company
P.O. Box 10328
Des Moines, IA 50306-0328

To ensure that your request is completed promptly and accurately please include your loan number on any information sent.

Your loan is currently due for the June 2008 payment. As of the date of this letter your principal balance is $377,258.64 and your escrow balance is $2,187.32.

If you have additional questions, please call our Customer Relations Department at 800-842-7654. A representative will be able to assist you Monday through Friday between the hours of 8 a.m. and 6 p.m., in your time zone.

Sincerely,

Melissa Scheetz
Written Correspondence

Enclosure(s)

153b

UNITED STATES
POSTAL SERVICE

Label/Receipt Number: **EH04 3618 422U S**
Status: **Delivered**

Enter Label/Receipt Number.

Your item was delivered at 11:40 AM on May 31. 2008 in NEWARK. NJ
07101 to REGULUS GROUP . The item was signed for by K DARKO.

Get current event information or updates for your item sent to you or others by email.

Verify who signed for your item by email, fax, or mail.

A42

**154b**

EXPRESS
MAIL
UNITED STATES POSTAL SERVICE®

Label 11-B, March 2004

**Post Office To Addressee**

EH 043618422 US

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code

Day of Delivery

Postage

☐ Next ☐ 2nd ☐ 3rd Del. Day $

Date Accepted

Scheduled Date of Delivery | Return Receipt Fee

Month | Day | $

Mo. Day Year

Scheduled Time of Delivery | COD Fee | Insurance Fee

Time Accepted

☐ AM

☐ Noon ☐ 3 PM | $ | $

☐ PM

Military | Total Postage & Fees

Flat Rate ☐ or Weight

☐ 2nd Day ☐ 3rd Day | $

Int'l Alpha Country Code | Acceptance Emp. Initials

lbs. ozs.

FROM: (PLEASE PRINT) PHONE (

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt | Time | ☐ AM | Employee Signature

Mo. Day | ☐ PM

Delivery Attempt | Time | ☐ AM | Employee Signature

Mo. Day | ☐ PM

Delivery Date | Time | ☐ AM | Employee Signature

Mo. Day | ☐ PM

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT:
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature.
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

☐ NO DELIVERY
☐ Weekend ☐ Holiday | Mailer Signature

TO: (PLEASE PRINT) PHONE (

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EMS

A43
**155b**



PO Box 10328
Des Moines, IA 50306-0328

Taggart
June 16, 2008
Page 2

*Payment Received May 31, 2008 Per tracking number.*
*Posted June 3, 2008*

On June 03, 2008 we received check number 1458 in the amount of $3,328.08. Of these funds $3,188.55 was applied to the May 2008 payment. The remaining $139.53 applied to a late fee on June 4, 2008.

Your correspondence references a payment sent on May 16, 2008, in the amount of $3,328.08. However, we have no record of these funds being applied to your loan. We need your help to finalize our research for your funds. Please contact your bank to obtain copies of the front and back of this cashed item. The front of the check verifies the payee, amount, bank account number and date. The back of the check provides the numbers needed to research the posting and cashing transactions. Viewing the cashed check enables us to finalize our research. To receive proper credit for your payment, please fax a copy of the front and back of the cashed check to our attention at (866) 453-6315 or mail the information to:

America's Servicing Company
P.O. Box 10328
Des Moines, IA 50306-0328

To ensure that your request is completed promptly and accurately please include your loan number on any information sent.

Your loan is currently due for the June 2008 payment. As of the date of this letter your principal balance is $377,258.64 and your escrow balance is $2,187.32.

If you have additional questions, please call our Customer Relations Department at 800-842-7654. A representative will be able to assist you Monday through Friday between the hours of 8 a.m. and 6 p.m., in your time zone.

Sincerely,

Melissa Scheetz
Written Correspondence

Enclosure(s)

DC003/hth

A44

**156b**

This is the front of your check



APPRAISAL ONE SOURCE, INC.
KENNETH TAGGART
45 HERON RD.
HOLLAND, PA 18966

1458

3-180/360
361

DATE  5/30/08

PAY TO THE ORDER OF  America Servicing Company     $ 3,328.00

THREE THUSMID - THREE HUNDRED + TWENTY EIGHT   DOLLARS

GUARANTEED AMOUNT

3328.08

AUTHORIZED SIGNATURE

FOR  45 Heron Rd

This is the back of your check

Mays Payment
Resent
+ CASHED

Received on 5/31/08 (AS Replacement)
Cashed on 6/2/08

A45

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicant should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or □ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____

Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | VA | ☒ Conventional | □ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|
| | FHA | USDA/Rural Housing Service | | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | Fixed Rate | Other (explain): |
|---|---|---|---|---|---|
| $ 382,500.00 | 7.9600 % | 360 | | GPM | ☒ ARM (type): 2-YEAR |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state & ZIP)                    No. of Units

45 HERON ROAD, HOLLAND, PA 18966-2109                                    1

Legal Description of Subject Property (attach description if necessary) SEE EXHIBIT A     Year Built

| Purpose of Loan | Purchase | Construction | □ Other (explain): | Property will be: ☒ Primary Residence | □ Secondary Residence | □ Investment |
|---|---|---|---|---|---|---|
| | ☒ Refinance | Construction-Permanent | | | | |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | ☐ made | ☐ to be made |
|---|---|---|---|---|---|---|
| | $ | $ | No cash-out R/T-$100 max | | | |
| | | | | Cost: $ | | |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| KENNETH J TAGGART, A SINGLE MAN | SOLE OWNERSHIP | ☒ Fee Simple □ Leasehold (show expiration date) |

Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain)
REFI/EQUITY

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name (include Jr. or Sr. if applicable) | KENNETH J. TAGGART | |

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|
| 267987346 | | | | | | | |

| Married | ☒ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower) no. 0 ages | Married | Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower) no. ages |
|---|---|---|---|---|---|
| Separated | | | Separated | | |

| Present Address (street, city, state, ZIP) ☒ Own □ Rent 0.8 No. Yrs. | Present Address (street, city, state, ZIP) □ Own □ Rent No. Yrs. |
|---|---|
| 45 HERON ROAD HOLLAND, PA 18966-2109 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☒ Own □ Rent 15.0 No. Yrs. | Former Address (street, city, state, ZIP) □ Own □ Rent No. Yrs. |
|---|---|
| 7606 BUSTLETON AVE PHILADELPHIA, PA 19152 | |

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer | ☒ Self Employed | Yrs. on this job 18.0 | Name & Address of Employer □ Self Employed | Yrs. on this job |
| APPRAISAL ONE SOURCE 45HERON ROAD SOUTHAMPTON, PA 18966 | | Yrs. employed in this line of work/profession 18.0 | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| OWNER | 2153964900 | | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer □ Self Employed | Dates (from - to) | Name & Address of Employer □ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer □ Self Employed | Dates (from - to) | Name & Address of Employer □ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
VMP®-211U (0507).02
Page 1 of 4
VMP Mortgage Solutions, Inc. (800)521-7291
Initials: ___

158b

**REDACTED**

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 11,480.00 | $ | $ 11,480.00 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | 2,233.00 | $ 2,790.67 |
| Bonuses | | | · | Other Financing (P&I) | 440.00 | |
| Commissions | | | | Hazard Insurance | | 88.85 |
| Dividends/Interest | | | | Real Estate Taxes | | 61.22 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | · | Homeowner Assn. Dues | | |
| | | | | Other: | | 211.47 |
| Total | $ 11,480.00 | $ | $ 11,480.00 | Total | $ 2,673.00 | $ 3,152.21 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income  Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse of other person, this Statement and supporting schedules must be completed about that spouse or other person also.                Completed ☐ Jointly ☒ Not Jointly

| ASSETS | Cash or Market Value | LIABILITIES ... | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | Name and address of Company | $ Payment/Months | $ |
| List checking and savings accounts below | | • BANK OF AMERICA | 241.00 | 5,567.00 |
| Name and address of Bank, S&L, or Credit Union | | Acct. no. | | |
| | $ | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | • CAPITAL 1 BK | 82.00 | 2,740.00 |
| Name and address of Bank, S&L, or Credit Union | | Acct. no. | | |
| | $ | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | • CAPITAL 1 BK | 68.00 | 1,339.00 |
| Name and address of Bank, S&L, or Credit Union | | Acct. no. | | |
| | $ | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | • CAP 1 BANK | 33.00 | 758.00 |
| Name and address of Bank, S&L, or Credit Union | | Acct. no. | | |
| | $ | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | • COUNTRYWIDE | 2,233.00 | 268,458.27 |
| Stocks & Bonds (Company name/number & description) | $ | Acct. no. | | |
| Life insurance net cash value | $ | Name and address of Company | $ Payment/Months | $ |
| Face amount: $ | | • GREENPOINT | 440.00 | 50,057.02 |
| Subtotal Liquid Assets | $ | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 425,000.00 | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | From Overflow Sheet | 9,034.00 | 953,690.60 |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 12,110.00 | |
| Total Assets a. | $ 425,000.00 | Net Worth (a minus b) ▸ $ (857,609.89) | Total Liabilities b. | $ 1,282,609.89 |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
VMP-21U (0507).02
Page 2 of 4
Initials:
159b

## Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 43 HERON ROAD | | $ | $ | $ | $ | $ | $ |
| HOLLAND, PA 18966-2109 | HOUS | 425,000 | 318,515 | | 2,673 | | |
| 521 Cowpath | | | | | | | |
| TELFORD, PA 18969 | R MULT | | 501,338 | 3,185 | 3,706 | | (840) |
| From Overflow Sheet | | | | | | | |
| | | | 449,815 | 3,890 | 5,318 | | (2,092) |
| Totals | $ | 425,000.00 | $ 1,269,668.2 | $ 7,075.00 | $11,697.00 | $ | $ (2,931.50 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |
| | | |

## VII. DETAILS OF TRANSACTION

| | | |
|---|---|---|
| a. Purchase price | $ | |
| b. Alterations, improvements, repairs | | |
| c. Land (if acquired separately) | | |
| d. Refinance (incl. debts to be paid off) | | |
| e. Estimated prepaid items | | |
| f. Estimated closing costs | | |
| g. PMI, MIP, Funding Fee | | |
| h. Discount (if Borrower will pay) | | |
| i. Total costs (add items a through h) | | |
| j. Subordinate financing | | |
| k. Borrower's closing costs paid by Seller | | |
| l. Other Credits (explain) | | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | | 382,500.00 |
| n. PMI, MIP, Funding Fee financed | | |
| o. Loan amount (add m & n) | | 382,500.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | | (382,500.00) |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | x | | |
| b. Have you been declared bankrupt within the past 7 years? | | x | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | x | | |
| d. Are you a party to a lawsuit? | | x | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name, and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | x | | x |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | x | | x |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | x | | x |
| h. Is any part of the down payment borrowed? | | x | | x |
| i. Are you a co-maker or endorser on a note? | | x | | x |
| j. Are you a U.S. citizen? | x | | | |
| k. Are you a permanent resident alien? | | x | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | x | | | |
| m. Have you had an ownership interest in a property in the last three years? | x | | | |
| (1) What type of property did you own – principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home – solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors, and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable Federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Acknowledgement. Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 9/1/06 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | [x] I do not wish to furnish this information. | CO-BORROWER | [ ] I do not wish to furnish this information. |
|---|---|---|---|
| Ethnicity: | [ ] Hispanic or Latino  [x] Not Hispanic or Latino | Ethnicity: | [ ] Hispanic or Latino  [ ] Not Hispanic or Latino |
| Race: | [ ] American Indian or Alaska Native  [ ] Asian  [ ] Black or African American  [ ] Native Hawaiian or Other Pacific Islander  [x] White | Race: | [ ] American Indian or Alaska Native  [ ] Asian  [ ] Black or African American  [ ] Native Hawaiian or Other Pacific Islander  [ ] White |
| Sex: | [ ] Female  [x] Male | Sex: | [ ] Female  [ ] Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| This application was taken by: | ROBERT M BROWN | 09/01/2006 | COMMUNITY LENDING |
| [ ] Face-to-face interview | Interviewer's Signature | Date | 725 FITZWATERTOWN RD STE 6 |
| [ ] Mail | | | WILLOW GROVE, PA 19090 |
| [x] Telephone | Interviewer's Phone Number (incl. area code) | | |
| [ ] Internet | 2158871900 | | |

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05

VMP-21 U (0507).02    Page 3 of 4

CONTINUATION SHEET/RESIDENTIAL LOAN APPLICATION

| | | Agency Case Number: |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: KENNETH J. TAGGART | |
| | Co-Borrower: | Lender Case Number: |

| Borr | Creditor | PAC Account Number | Monthly Pmt | Mos | Balance |
|---|---|---|---|---|---|
| B | GREENPOINT | | $2,997.00 | 0 | $433,646.00 |
| B | COUNTRYWIDE | | $709.00 | 0 | $77,694.00 |
| B | COUNTRYWIDE | | $2,216.00 | 0 | $269,203.00 ✓ |
| B | HSBC | | $1,824.00 | 0 | $18,580.00 |
| B | GREENPOINT | | $369.00 | 0 | $42,259.00 |
| B | CHASE | | $909.00 | 0 | $118,773.00 |
| B | 2006 SCHOOL TAXES | | | | $2,537.60 |
| | Totals | | $9,024.00 | | $953,690.60 |

--ADDITIONAL REAL ESTATE------------------------------------------------------

| Address | Present Value | Mortgages & Liens | Gross Rent Inc | Mortgage Payments | Ins,Mnt Tax&Mis | Net Rent Inc |
|---|---|---|---|---|---|---|
| 7606 BUSTLETON AVE PHILADELPHIA, PA 19149  Intent: R  Type: HOUSE | | 269,203.00 | 1,295.00 | 2,216.00 ✓ | | (1,650.50) |
| 709 SCHWAB ST HATFIELD, PA 19440  Intent: R  Type: | | 61,839.00 | 1,800.00 | 2,193.00 | | (573.00) |
| 7242 Saul Ave PHILADELPHIA, PA 19149  Intent: R  Type: | | 118,773.00 | 795.00 | 909.00 | | (468.50) |
| Totals | 0.00 | 449,815.00 | 3,890.00 | 5,318.00 | | 0.0(2,092.00) |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: X | Date 9/15/06 | Co-Borrower's Signature: X . | Date |
|---|---|---|---|

Freddie Mac Form 65 7/05
Fannie Mae Form 1003 7/05
VMP-21U (0507).02

Page 4 of 4

App#: 203006091027(

**161b**

REDACTED

OMB NO. 2502-0265

**A.**

U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT
**SETTLEMENT STATEMENT**

| B. TYPE OF LOAN | | | | |
|---|---|---|---|---|
| 1.☐FHA | 2.☐FmHA | 3.☐CONV. UNINS. | 4.☐VA | 5.☐CONV. INS. |

6. FILE NUMBER
STA-57011-V

7. LOAN NUMBER

8. MORTGAGE INS CASE NUMBER

**C.**  NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes only and are not included in the totals.

1.0   3/86   (STA-57011-V.PFD/STA-57011-V/35)

| D. NAME AND ADDRESS OF BORROWER | E. NAME AND ADDRESS OF SELLER | F. NAME AND ADDRESS OF LENDER |
|---|---|---|
| Kenneth Taggart | TRUE AND CERTIFIED COPY OF THE ORIGINAL DOCUMENT  *JUS* | Decision One Mortgage Company. LLC 3023 HSBC Way Fort Mill, SC 29715 |

| G. PROPERTY LOCATION | H. SETTLEMENT AGENT | I. SETTLEMENT DATE |
|---|---|---|
| 45 Heron Road Holland, PA 18966 ·Bucks County, Pennsylvania | Suburban Abstract Affiliates, L.P. PLACE OF SETTLEMENT 7606 Castor Avenue Philadelphia, PA. 19152 | September 15, 2006 Disburse:09/20/06 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 16,602.49 | 403. | |
| 104. Payoff 1st Mortgage to Countrywide Home Loan | 268,821.81 | 404. | |
| 105. Payoff 2nd Mortgage to Greenpoint Mortgage/0 | 50,072.01 | 405. | |
| Adjustments For Items Paid By Seller in advance | | Adjustments For Items Paid By Seller in advance | |
| 106. City/Town Taxes          to | | 406. City/Town Taxes          to | |
| 107. County Taxes          to | | 407. County Taxes          to | |
| 108. School Taxes    07/01/06 to 07/01/07 | 2,537.60 | 408. School Taxes          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 338,033.91 | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 382,500.00 | 502. Settlement Charges to Seller (Line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments For Items Unpaid by Seller | | Adjustments For Items Unpaid by Seller | |
| 210. City/Town Taxes          to | | 510. City/Town Taxes          to | |
| 211. County Taxes          to | | 511. County Taxes          to | |
| 212. School Taxes          to | | 512. School Taxes          to | |
| 213. | | 513. | |
| 214. Seller Assist | | 514. Seller Assist | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 382,500.00 | **520. TOTAL REDUCT. AMT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 338,033.91 | 601. Gross Amount Due To Seller (Line 420) | |
| 302. Less Amount Paid By/For Borrower (Line 220) | 382,500.00 | 602. Less Reductions Due Seller (Line 520) | ( ) |
| 303. CASH ( FROM )( X TO ) BORROWER | 44,466.09 | 603. CASH ( TO )( FROM ) SELLER | 0.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Borrower _____ 9/15/06          Seller _____
Kenneth Taggart

HUD-1 (3-86) RESPA, HB4305.2

162b

| | | | | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|---|
| **700. TOTAL COMMISSION Based on Price** | $ | | @ | % | | | |
| *Division of Commission (line 700) as Fol* | | | | | | | |
| 701. $ | to | | | | | | |
| 702. $ | to | | | | | | |
| 703. Commission Paid at Settlement | | | | | | | |
| 704. | | to | | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | | | |
| 801. Loan Origination Fee | % | to | | | | | |
| 802. Loan Discount | % | to | | | | | |
| 803. Appraisal Fee | | to | | | | | |
| 804. Credit Report | | to | | | | | |
| 805. Broker Processing Fee | | to Community Lending | | | | 550.00 | |
| 806. Broker Fax Fee | | to Community Lending | | | | 35.00 | |
| 807. Underwriting Fee | | to Decision One Mortgage Company, LLC | | | | 999.00 | |
| 808. Broker Ovnt Fee | | to Community Lending | | | | 20.00 | |
| 809. Yield Spread Premium | | Community Lending | | | $3825.00 POCL | | |
| 810. | | | | | | | |
| 811. | | | | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | | | |
| 901. Interest From 09/20/06 to 10/01/06 @ $ 84.362500/day | ( 11 days | %) | | | | 927.99 | |
| 902. Mortgage Insurance Premium | months | | | | | | |
| 903. Hazard Insurance Premium 1.0 years | | | | | | | |
| 904. | | | | | | | |
| 905. | | | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | | | | |
| 1001. Hazard Insurance | | 3.000 months @ $ | 88.85 per month | | | 266.55 | |
| 1002. Mortgage Insurance | | months @ $ | per month | | | | |
| 1003. City/Town Taxes | | 8.000 months @ $ | 13.68 per month | | | 109.44 | |
| 1004. County Taxes | | 8.000 months @ $ | 47.54 per month | | | 380.32 | |
| 1005. School Taxes | | 4.000 months @ $ | 211.47 per month | | | 845.88 | |
| 1006. | | months @ $ | per month | | | | |
| 1007. Aggregate Acounting Adjustmen | | months @ $ | per month | | | -517.57 | |
| 1008. | | months @ $ | per month | | | | |
| **1100. TITLE CHARGES** | | | | | | | |
| 1101. Tax Certifications | | to Suburban Abstract | | | | 35.00 | |
| 1102. Domestic Relations Search | | to | | | | | |
| 1103. Title Examination | | to | | | | | |
| 1104. Title Insurance Binder | | to | | | | | |
| 1105. Document Preparation | | to | | | | | |
| 1106. Notary Fees/clerical | | to Valerie Schlechter | | | | 35.00 | |
| 1107. Attorney's Fees | | to | | | | | |
| *(includes above item numbers:* | | | | | ) | | |
| 1108. Title Insurance | | to Suburban Abstract Affiliates, L.P. | | | | 2,046.38 | |
| *(includes above item numbers:* | | | | | ) | | |
| 1109. Lender's Coverage | $ | 382,500.00 | | 2,046.38 | | | |
| 1110. Owner's Coverage | $ | | | | | | |
| 1111. PA Endorsments 100, 300, 8.1 | | to Suburban Abstract Affiliates, L.P. | | | | 200.00 | |
| 1112. In Coming Wire Fee | | to Suburban Abstract Affiliates, L.P. | | | | 15.00 | |
| 1113. Electronic Doc Fee | | to Suburban Abstract Affiliates, L.P. | | | | 50.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | | | |
| 1201. Recording Fees: Deed $ | ; Mortgage $ | 129.50; | Releases $ | | | 129.50 | |
| 1202. City/County Tax/Stamps: Bucks County | | ; Mortgage | | | | | |
| 1203. State Tax/Stamps: Bucks County | | ; Mortgage | | | | | |
| 1204. Overnight Fee | | to Suburban Abstract Associates | | | | 36.00 | |
| 1205. Closing Protection Letter | | to Lawyers Title Insurance Corporation | | | | 35.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | | | |
| 1301. Survey | | to | | | | | |
| 1302. Pest Inspection | | to | | | | | |
| 1303. Credit Account | | to Bank of America | | | | 5,567.00 | |
| 1304. Credit Account | | to Cap 1 Bank | | | | 758.00 | |
| 1305. See addit'l disb. exhibit | | to | | | | 4,079.00 | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | | | | | 16,602.49 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Valerie Schlechter
Settlement Agent

( STA-57011-V / STA-57011-V / 35 )

163b

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory F. Vizza, hereby certify that on this 10th day of April, 2013, I caused a copy of Appellee Wells Fargo Bank, N.A.'s Supplemental Appendix to be served via first-class U.S. mail upon *pro se* Appellant noted below:

Kenneth J. Taggart
45 Heron Road
Holland, PA 18966

*/s/ Gregory F. Vizza*
GREGORY F. VIZZA