NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4311

_____

KENNETH J. TAGGART,

Appellant

v.

NORWEST MORTGAGE INC., D/B/A America's Servicing Company;
WELLS FARGO HOME MORTGAGE, INC.;
DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee for Morgan Stanley
ABS Capital  I Inc., Trust 2007-HE2

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-01281)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2013

Before:  MCKEE, Chief Judge, SMITH, and SLOVITER, Circuit Judges

(Filed: September 13, 2013)

_____

O P I N I O N

_____

SLOVITER, <u>Circuit Judge</u>.

Kenneth J. Taggart appeals the District Court's grant of judgment in favor of the current owners and servicers of his mortgage loan (collectively, "the defendants"). For the reasons that follow, we will affirm.

## I.

In August of 2006, Taggart applied for a mortgage loan on a property he owned in Holland, Pennsylvania. He closed on an adjustable-rate mortgage on September 15, 2006. The mortgage was subsequently securitized.

In 2009, Taggart brought suit against the defendants, alleging a litany of violations of federal and Pennsylvania law in the origination and servicing of the loan. Of relevance here, Taggart alleged that his original lender and broker violated § 2607 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and various provisions of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), by charging unearned fees and by failing to disclose fees, costs, and features of the loan prior to settlement. Several other claims alleged violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201.1 *et seq.* ("UTPCPL"). The remainder of Taggart's allegations are not at issue on appeal.

After careful analysis of Taggart's many claims, the District Court eventually granted the defendants' motion to dismiss as to all but one. Taggart later withdrew the

surviving claim, and the District Court entered final judgment for the defendants.

Taggart now appeals.[1]

## II.

Taggart first contests the District Court's dismissal of his RESPA claims and

TILA damages claims, which the District Court held to be time-barred.  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Our review of an

order granting a motion to dismiss is plenary.  *See Anspach ex rel. Anspach v. City of*

*Phila., Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007).

As the District Court held, both Taggart's RESPA claims and his TILA damages

claims were subject to a one-year limitations period from the occurrence of the violation.

*See* 12 U.S.C. § 2614; 15 U.S.C. § 1640(e).[2]  Because the alleged unearned fees were

charged at the September 2006 closing, and any failure to make required pre-settlement

disclosures had also occurred by that date, the limitations period had expired when

Taggart brought his suit in 2009.  Taggart argues that the limitations period should be

equitably tolled, but has not alleged facts demonstrating that the defendants prevented

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Since Taggart filed this suit, the Dodd-Frank Wall Street Reform and Consumer Protection Act, passed in 2010, has extended the limitations period to three years for a subset of TILA damages claims.  *See* Pub. L. No. 111-203, § 1416(b), 124 Stat. 1376, 2153 (codified at 15 U.S.C. § 1640(e)).  That subset does not include the claims that Taggart appeals.

him from filing suit earlier, or "that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The District Court properly found Taggart's RESPA claims and TILA damages claims to be time-barred.

III.

Second, Taggart contests the District Court's dismissal of his TILA rescission claims. Generally, a borrower may rescind a mortgage within three days of the consummation of the loan, delivery of notice of the borrower's right to rescind, or delivery of certain "material disclosures," whichever happens last. Regulation Z, 12 C.F.R. § 226.23(a)(3) (implementing 15 U.S.C. § 1635). If the notice or material disclosures are never delivered, the right to rescind endures for three years after the loan closing. *See id*. Taggart argues that the three-year limitations period applies in his case.

Regulation Z defines "material disclosures" as "the annual percentage rate [including the existence of a variable-rate feature], the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." *Id*. n.48; *see also id*. supp. I, subpt. C, cmt. 2. It is undisputed that the defendants provided notice of Taggart's right to rescind and a TILA disclosure statement – containing the annual percentage rate, finance charge, amount financed, total of payments, and payment schedule – in September of 2006.[3] Of the remaining "material disclosures," the District Court determined that §

---

[3] The defendants appended these documents, signed by Taggart, to their motion to dismiss. Taggart does not dispute their authenticity. "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v.*

4

226.32 does not apply to Taggart's loan.[4]  Taggart has not appealed that ruling.  Nor does Taggart allege any violation of § 226.35(b)(2).  Because Taggart has not identified any applicable material disclosure that was never delivered, he has not stated a plausible claim for an extended right to rescind.

### IV.

Last, in his counseled reply brief Taggart argues that the District Court should have declined jurisdiction over his UTPCPL claims once it dismissed his federal claims. Even if this argument were not waived, *see In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003) (holding that issues not raised in appellant's opening brief are waived), it would lack merit.  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367.  In this case the state claims were largely duplicative of the federal claims.  The District Court did not abuse its discretion in adjudicating them.

### V.

The District Court considered all of Taggart's claims with exhaustive care, and we perceive no error.  We will affirm the grant of judgment in favor of the defendants.

---

*White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Taggart claims to have received the disclosures several days late, but late delivery does not trigger the three-year extension period.  *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).

[4] This court's dicta in *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 150 n.6 (3d Cir. 2009), suggesting that certain § 226.32(c) disclosures are "material disclosures" for any variable-rate loan, appears to have overlooked the coverage criteria in § 226.32(a).